# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

**Civil Action No.**

JAMUS ORAN BRYANT, as individual,
Plaintiff,

v.                                                      **Jury Trial Requested** - Yes

BONNIE HEATHER McLEAN,
     In her official and individual capacity**;**

CHRISTINA APOSTOLI,
     In her official and individual capacity;

FRANK ANTHONY MOSHCETTI,
     In his official and individual capacity;

JONES LAW FIRM, P.C.,

APRIL JONES,
     In her individual capacity;

GRANT BURSEK,
     In his official and individual capacities;

ANGELINA CORDOVA,
     In her individual capacity;

THE STATE OF COLORADO;

UNITED STATES OF AMERICA,

STACY MICHELLE ANGEL,
     In her official and individual capacities;

DANIEL T. TOWNSEND,
     In his official and individual capacities;

Defendants.

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

**APR 20 2023**

**JEFFREY P. COLWELL**
CLERK

---

## COMPLAINT

---

**A.    PLAINTIFF INFORMATION**

JAMUS ORAN BRYANT, PRO SE
1029 S. QUEEN ST.
YORK, PA
(215)821-7642
jamus.bryant@gmail.com

**B.    DEFENDANT(S) INFORMATION**

Defendant 1:    BONNIE HEATHER McLEAN
7325 S. POTOMAC ST. #100
CENTENNIAL, CO 80112

Defendant 2:    CHRISTINA APOSTOLI
7325 S. POTOMAC ST. #100
CENTENNIAL, CO 80112

Defendant 3:    FRANK ANTHONY MOSCHETTI
7325 S. POTOMAC ST. #100
CENTENNIAL, CO 80112

Defendant 4:    GRANT BURSEK
9085 E. MINERAL CIRCLE, SUITE 190
CENTENNIAL, CO 80112

Defendant 5:    JONES LAW FIRM, P.C.
9085 E. MINERAL CIRCLE, SUITE 190
CENTENNIAL, CO 80112

Defendant 6:    APRIL JONES
9085 E. MINERAL CIRCLE, SUITE 190
GLENWOOD VILLAGE, CO 80111

Defendant 7:    ANGELINA CORDOVA
6595 S. DAYTON STREET, SUITE 1200
GLENWOOD VILLAGE, CO 80111

Defendant 8:  UNITED STATES OF AMERICA
                        EXECUTIVE OFFICE FOR UNITED STATES ATTORNEYS
                        UNITED STATES DEPARTMENT OF JUSTICE
                        950 PENNSYLVANIA AVENUE, NW, Room 2242
                        WASHINGTON, DC 20530-0001

Defendant 9:  STACY MICHELLE ANGEL
                        1123 WINDSONG TRAIL
                        FAIRBORN, OHIO 45342

Defendant 10: DANIEL TOWNSEND
                         460th SW/JA
                         510 S. ASPEN ST..
                         STOP 93/STE. 230
                         BUCKLEY SFB, COLO. 80011

Defendant 11: THE STATE OF COLORADO
                         OFFICE OF ATTORNEY GENERAL
                         1300 BROADWAY, 10th FLOOR
                         Denver, CO 80203

Plaintiff, Jamus Oran Bryant (hereinafter Plaintiff), pro se, who being first duly sworn, for his complaint against defendants, hereby states the following:

## PRELIMINARY STATEMENT

1. This is an action for money damages, declaratory, and injunctive relief brought

    against BONNIE HEATHER McLEAN, CHRISTINA APOSTOLI, FRANK

    ANTHONY MOSCHETTI, JONES LAW FIRM, P.C, APRIL JONES, GRANT

    BURSEK, ANGELINA CORDOVA, THE STATE OF COLORADO, STACY

    MICHELLE ANGEL, DANIEL TOWNSEND, and the UNITES STATES OF

    AMERICA.

2. Plaintiff brings this civil rights action pursuant to 42 U.S.C. §§§§ 1983, 1985, 1986,

    1988; 18 U.S.C. §§§§ 3, 4, 101, and 1623; and the First, Fourth, Fifth, and Fourteenth

3

Amendments to the United States Constitution, and pursuant to Colorado Constitution

Article II, §§§§ 3, 6, 24, and 25; and COLO. REV. STAT. § 24-34-306, Federal Tort

Claims Act (28 U.S.C. § 2671, et seq.)

3.  The consequences of Defendants' actions towards the Plaintiff are long term and on

going, as Defendants have caused Plaintiff emotional and physical harm, and have

burdened Plaintiff with medical expenses, legal expenses. By their actions, Defendants

have further corrupted and perverted the administration of justice in a court of law, and

obstructed Plaintiff of his due process rights, and ultimately the enjoyment of his real

property and liberty as further explained herein.

## JURISDICTION AND VENUE

4.  This Court has original jurisdiction pursuant to 28 U.S.C. §§§§ 1346 (b)(1), 1331,

1402(b); and 1343 in that the instant case arises under questions of Federal Constitutional

law, and further jurisdiction pursuant to 42 U.S. Code § 1988 and 28 U.S.C § 2679(b)(1).

5.  This Court has supplemental jurisdiction over Plaintiffs state law claims pursuant to 28

U.S.C. § 1367(a).

6.  Punitive and Compensatory damages may be awarded under 42 U.S.C.§1981, and the

common law of the state of Colorado.

7.  Claims herein for declaratory relief are authorized pursuant to the declaratory Judgment

Act, 28 U.S.C. §§ 2201 and 2202.

4

8. Claims herein for injunctive relief are authorized pursuant to 28 U.S.C. § 1343 and Rule 65 of the Federal Rule of Civil Procedure.

9. This Court has authority to award costs and attorney fees pursuant to 42 U.S.C. § 1988.

10. Venue is proper in this Court under 28 U.S.C. § 1391(b)(1) and (2) because Defendants' reside within and/ or carried out their relevant acts within Arapahoe County, Colorado, which is within the 10TH Circuit, Colorado District of this Court.

## COLOR OF STATE LAW

11. At relevant times, the Defendants acted under color of state law. Particularly, at all relevant times, the Defendants acted under color of the laws, statutes, ordinances, regulations, policies, customs and usages of the State of Colorado.

## COLOR OF FEDERAL LAW

12. At relevant times, the Defendants acted under color of federal law. Particularly, at all relevant times, the Defendants acted under the color of the laws and titles of the United States Code.

## JURY DEMAND

12. Plaintiff demands a jury trial on his claims for damages.

## PARTIES

13. Plaintiff Jamus Oran Bryant is a natural person previously located at 4430 DILLON ST.

DENVER, CO 80239, currently located at 1029 S. QUEEN ST. YORK, PA 17403. The Plaintiff

is a black citizen who is seeking to hold Defendants collectively and /or individually accountable

for depriving Plaintiff of his civil rights, and for Defendants' failure, neglect, and refusal to

protect Plaintiff from said deprivations although it was in their power to do so, and for injuring

Plaintiff, all under the color of law.

14. Defendant 18th JUDICIAL COURT, IN AND FOR ARAPAHOE COUNTY,

COLORADO is a local government entity of original jurisdiction, located at 7325 S. Potomac

Street Centennial, CO 80112.

15. Defendant BONNIE HEATHER McLEAN, is both a "state actor" for and "acting under

the color of state law" for the 18th JUDICIAL COURT, IN AND FOR ARAPAHOE COUNTY,

COLORADO.

16. Defendant CHRISTINA APOSTOLI, is both a "state actor" for and "acting under

the color of state law" for the 18th JUDICIAL COURT, IN AND FOR ARAPAHOE COUNTY,

COLORADO.

17.  Defendant FRANK ANTHONY MOSCHETTI, is both a "state actor" for and "acting

under the color of state law" for the 18th JUDICIAL COURT, IN AND FOR ARAPAHOE

COUNTY, COLORADO.

18. Defendant APRIL JONES (hereinafter "JONES") is a licensed attorney that resides

within the State of COLORADO (Colorado Bar ID # #31424). Defendant Jones operates JONES

6

LAW firm located at 9085 E. MINERAL CIRCLE, SUITE 190, CENTENNIAL, CO 80112, is

an "Officer of the Court" for the 18th JUDICIAL COURT, IN AND FOR ARAPAHOE

COUNTY, COLORADO, and is a natural person.

19. Defendant JONES LAW FIRM, P.C. (hereinafter "JONES LAW") is a "private

entity." JONES LAW is a law firm located at 9085 E. MINERAL CIRCLE, SUITE 190,

CENTENNIAL, CO 80112.

20. Defendant GRANT BURSEK (hereinafter "BURSEK") is a licensed attorney that resides

within the State of COLORADO (Colorado Bar ID #40493). BURSEK was a previous employee

of Defendant WHITE LAW, however, BURSEK is now an employee of Defendant JONES

LAW. BURSEK and an "Officer of the Court" for the 18th JUDICIAL COURT, IN AND FOR

ARAPAHOE COUNTY, COLORADO, and is a natural person.

21. Defendant ANGELINA CORDOVA (hereinafter "CORDOVA") is a licensed child

family investigator, and owner of Defendant O.D.A.T. COUNSELING. CORDOVA, is an

"Officer of the Court" for the 18th JUDICIAL COURT, IN AND FOR ARAPAHOE COUNTY,

COLORADO, and is a natural person.

22. Defendant, STATE OF COLORADO, operates and maintains the 18th JUDICIAL

COURT, IN AND FOR ARAPAHOE COUNTY, COLORADO (hereinafter "18th JUDICIAL

COURT"). The STATE OF COLORADO and 18th JUDICIAL COURT are responsible for the

training, conduct, employment, supervision, and retention of its officers and employees.

The STATE OF COLORADO is responsible for overseeing 18th JUDICIAL COURT, and

7

ensuring its personnel comply with the laws and constitution of the United States of America. At

all times material, the officers, personnel, and employees of the 18th JUDICIAL COURT were

acting and continue to act under color of Colorado state law as applied through the customs,

usages, and policies of said STATE OF COLORADO.

23. Defendant United States of America, operates and maintains, the United States Air Force

460th Medical group at Buckley Air Force Base, located in Aurora Colorado. Defendant

United States of America, including its directors, officers, operators, administrators, employees,

agents, and staff at the Buckley Air Force Base 460th Air Medical Group are through out

this complaint collectively referred to as "the Air Force." Defendant United States of America is

responsible for the training, conduct, employment, supervision, and retention of its officers and

employees. Defendant United States of America is responsible for overseeing the Air. and

ensuring its personnel comply with the laws and constitution of the United States of America. At

all times material, the officers, personnel, and employees of the United States of America were

acting and continue to act under color of Federal law as applied through the customs, usages,

and policies of said United States of America.

24. Defendant, Stacy Michelle Angel (hereinafter ANGEL), at times relevant in this

Complaint, was a 2nd Lieutenant of the 460th Medical group at Buckley Air Force Base, and was

employed by and acting on behalf of the Defendant United States of America.

25. Defendant, Daniel T. Townsend (hereinafter Townsend) at times relevant in this

Complaint, was a Lieutenant Colonel of the 460th Medical group at Buckley Air Force Base, and

was employed by and acting on behalf of the Defendant United States of America.

## **NATURE OF THE CASE**

26. On January 14th, 2020, defendant Angel, filed a Petition for custody of the Plaintiffs'

child J.O.B, without serving "notice" to the Plaintiff.  The Plaintiff HAD NOT entered an

appearance in the case, which effectively deprived the court of personal jurisdiction over

the Plaintiff, however, on the same day of January 14th, 2020, defendants

McLean and Apostoli, knowingly, overtly, exceeded the authority delegated to them,

when defendant McLean, set in motion fraudulent, "so ordered," January 14th, 2020

case management order, which defendant Apostoli, in agreement, effectively, authorized

the case management order and forthwith entered into the "register of actions," without

serving "notice" of the case management order on the Plaintiff. Here, **1.)** The Plaintiff

states the January 14th, 2020 "Case Management Order" deprived the Plaintiff of

protected due process right to "notice", under state law, pursuant to C.R.M. Rule 6(f) and

C.R.M. Rule 5(g), which mandates the court provide the Plaintiff with "notice" of 14

days to object to magistrate jurisdiction. The record clearly demonstrates defendants

McLean and Apostoli proceeded in excess of this jurisdictional failing **2.)** The Plaintiff,

states he had a due process right to be served noticed of defendant Angel "petition for

custody," pursuant to C.R.C.P. Rule 16. The record clearly demonstrates defendants

9

McLean and Apostoli proceeded in excess of this jurisdictional failing. **3.)** Furthermore, the Plaintiff states, he had a protected "due process" right, under state law, pursuant C.R.C.P. Rule 16(b), which mandated, the Plaintiff and defendant Angel, must first submit a "proposed case management order" to the court for approval, and once approved, the court had a duty to serve the Plaintiff with the case management order, at which point, such service, would have deem the case at issue, as a matter of law. Again the facts on the face of the court record, clearly demonstrate that, the Plaintiff and defendant Angel DID NOT file the required "proposed case management order" with the court, and the further demonstrate defendants McLean and Apostoli January 14th, 2022 "Case Management Order" was fraudulently procured without "personal jurisdiction" over the Plaintiff and without "subject matter jurisdiction." **4.)** The record further demonstrates, defendants McLean and Apostoli, did not serve the Plaintiff "notice" its "fraudulent" case management order and the case did not legally become deemed at issue. These clear jurisdictional failings and above-mentioned facts, demonstrate that, defendant McLean and defendant Apostoli, had an invidious animus religion against the Plaintiff, based upon the Plaintiff being non-military and an African American male. Defendants McLean and Apostoli set in motion the "fraud upon the court," and the "conspiracy" to deprive the Plaintiff of his protected rights to "equal protection" and "due process" of law, by acting, in concert, wholly without jurisdiction, when the defendants McLean and Aposotli, forthwith, issued the January 14th, 2020, case management order,

which consequently, deprived the Plaintiff of his U.S. Constitutional 14th amendment

rights, to "equal protection," and substantive and procedural "due process" of law.

27. Defendant Apostoli furthered the fraud and the conspiracy on August 19th, 2020, when

defendant Apostoli, entered "order requiring mediation" despite not having "personal"

jurisdiction over the Plaintiff. The record clearly reflects the Plaintiff did not submit to

the courts "personal" jurisdiction until August 28th, 2021. The "order requiring

mediation" deprived the Plaintiff of protected due process right to "notice", under state

law, pursuant to C.R.M. Rule 6(f) and C.R.M. Rule 5(g), which mandates the court

provide the Plaintiff with "notice" of 14 days to object to magistrate jurisdiction.

Defendant Apostoli, August 19th, 2020, fraudulent procurement of "order requiring

mediation," concealed the fact that, the court lacked "personal" jurisdiction over the

Plaintiff, concealed the fact that defendant Apostoli lacked "subject matter" jurisdiction

to proceed in the case, and concealed the fact that the Plaintiff was deprived of "notice"

to object to magistrate jurisdiction, and concealed the fact that defendants McLean and

Apostoli January 14th, 2020, "Case Management Order" was fraudulently procured, all of

which, collectively and individually, consequently, deprived the Plaintiff of his rights, to

"equal protection" and "due process" of law under the 14th amendment of the U.S.

Constitution.

28. Defendant Apostoli continued to further the fraud and conspiracy, which defendant

11

Cordova participated in, when defendant Apostoli allowed defendant Cordova to proceed

in the case, despite defendant Cordova failure to satisfy mandatory disclosure

requirements, pursuant to Colo. Rev. Stat. § 14-10-116.5 and Chief Justice Directive 04-

08. On October 19th, 2020, an altered and falsified "JDF 1338" (a prefilled, court

prepared document for pro se filings) was entered into the court record, however

significant sections of "JDF 1338" were removed from the document, including the

signature lines, and the actual name of the child family investigator, was missing from the

fraudulent "JDF 1338." The effect of the altered/falsified "JDF 1338," concealed the fact

that defendant Cordova failed to satisfy mandatory disclosure requirements, which

allowed defendant Cordova to "fraudulently" satisfy the legal requirements of Colo. Rev.

Stat. § 14-10-116.5 and Chief Justice Directive 04-08, and allowed the court to

fraudulently procure "subject matter" jurisdiction proceed with defendant Cordova,

which consequently, deprived the Plaintiff of his rights to "equal protection," "due

process" of law, and a "fair trial" under the14th amendment of the U.S. Constitution.

29. Defendant Cordova and defendant Apostoli furthered the conspiracy and continued to

proceed in the case unlawfully, when on February 16th, 2021, defendant Cordova filed a

report and recommendations with the circuit court. The report recommended in part that

defendant Angel be allowed to relocate to Japan with the Plaintiffs child based upon the

Petitioner being a member of the U.S. military. On June 3rd, 2021, defendant Cordova

informed the Plaintiff and defendant Angel that, she would not be available for the June

8th, 2021, hearing. On June 7th, 2021, defendant Apostoli denied the Plaintiffs request for a continuance of hearing based upon defendant Cordovas unavailability. On June 22nd, 2021, defendant Apostoli, adopted the recommendations of defendant Cordova. The gist of the June 22nd, 2021, order was defendant Angel would be granted permission to move to Japan with the Plaintiffs child, based upon defendant Angel being in the U.S. military and the Plaintiff would have to relocate to Japan or have his 50/50 parenting time restricted to a marginalized schedule. The effect of the June 22nd, 2021, order, concealed the fact that, defendant Cordova "fraudulently" proceeded in the case, in clear violation of mandatory disclosure requirements, which allowed defendant Apostoli to, fraudulently, rely heavily on defendant Cordovas' report and recommendations, and gave a false impression that the Plaintiff had been provided "due process" of law. However, the facts starkly reveal that as a consequence of defendants Apostoli and Cordovas actions, the Plaintiff was deprived of his rights to "equal protection," "due process," and a "fair" trial under the 14th amendment of the U.S. Constitution.

30. Furthermore, the June 22nd, 2021, order gives defendant Angel permission to "deploy" in violation of due process requirements of C.R.S. 14-13.7-101 et. Seq. which required defendant Apostoli to issue "interim" orders and required defendant Angel to deploy not less than 90 days but less than 18 months, which, consequently, deprived the Plaintiff of his rights to "equal protection" and "due process" under the 14th amendment of the U.S.

Constitution. The effect of defendant Apostoli, June 22nd, 2021 APR order, concealed the

fact that, defendant Apostoli failed to satisfy "due process" requirements pursuant of

C.R.S. 14-13.7-101 et. Seq, and concealed the fact that defendant Angel DID NOT have

actual military orders to deploy to Japan on/ or before July 31st, 2021.

31. Defendant Apostoli, defendant Angel, and defendant Bursek, furthered their "fraud upon

the court" and furthered the conspiracy when on July 26th, 2021, defendant Angel made

"materially false statements" in motioning the circuit court to issue a "warrant/writ of aid

in enforcement," directing law enforcement to remove the Plaintiffs child from his

physical custody.  On July 26th, 2021, defendant Apostoli issued "order: emergency

motion for abduction prevention measures" and "emergency pick up order," both orders,

failed to satisfy the mandatory requirements of state statute C.R.S. 14-13-5-108(1), which

includes the Plaintiff be provided a mandatory hearing. Defendant Apostoli failure to

satisfy the procedural requirements of C.R.S. 14-13-5-108(1), effectively, deprived the

Plaintiff of his rights, to procedural "due process," and right to "be heard" under the 14th

Amendment of the U.S. Constitution. Furthermore, defendant Apostoli issued a "warrant,"

without probable cause, in violation of state statute C.R.S. 14-13.5-109, which required

defendant Apostoli to "find that there is a credible risk that the child is imminently likely

to be wrongfully removed." The record demonstrates that defendant Apostoli had not been

provided a shred of evidence of an imminent abduction, and failed to make the requisite

probable cause findings, prior to issuing the "warrant," constitutes a "malicious"

procurement of a warrant, which caused the unlawful seizure of the Plaintiffs child from

his custody, and violates the Plaintiffs' protected right under the "warrant clause" of 4th

Amendment of the U.S. Constitution which is made enforceable under the 14th

Amendment of the U.S. Constitution, and further demonstrates that defendants Apostoli,

Bursek, Angel, have violated the additional protections of 18 U.S. Code § 2235.

32. On April 13th, 2022, May 9th, 2022, June 17th, 2022, and July 22nd, 2022, , pursuant to the

corresponding transcripts, defendant McLean, furthered the fraud upon the court and

continued the conspiracy, by repeatedly using defendant Apostoli "invalid" warrant as a

basis to continuously, deprive the Plaintiff of his "liberty" right to "familial interest," and

deprive the Plaintiff of his right to substantive and procedural due process under the 1st

and 14th amendments of the U.S. Constitution, which has caused an 11-month forced

separation between the Plaintiff and his child.

33. On July 23rd, 2021, the Plaintiff filed a verified Motion for Reconsideration pursuant to

C.R.C.P. Rule 59 and 60, in attempt seek redress for defendant Apostoli "due process"

violations. On August 23rd, 2021, defendant Moschetti continued the fraud upon the court

and furthered the conspiracy, when defendant Moschetti exceeded the authority delegated

to him and acted wholly without subject matter jurisdiction, by denying the Plaintiffs

C.R.C.P. Rule 59 and 60 Motion for Reconsideration, in clear violation of the Colorado

Rules of Magistrate and case precedent; see *In re Parental Responsibilities Concerning*

*M.B.-M.* , 252 P.3d 506, 510 (Colo. App. 2011) ("A magistrate cannot rule on a motion to

reconsider under C.R.C.P. 59 or for relief under C.R.C.P. 60(b).") The effect of defendant

Moschetti denial order, concealed the fact that defendant Apostoli had in fact

violated the Plaintiffs rights to "equal protection," "due process" of law and a "fair" trial,

and effectively, deprived the Plaintiff of his right to "court access," to "due process," and

to "be heard," protected under the 1st and 14th amendments of the U.S. Constitution.

34. On January 25th, 2022, the Plaintiff filed a motion to set aside defendants' Moschetti

"VOID" August 23rd, 2021, denial order for lack of subject matter jurisdiction pursuant to

C.R.C.P. 60(b)(3), however, on May 9th, 2022, defendant McLean continued the fraud

upon the court and furthered the conspiracy, by stating the Plaintiffs C.R.C.P. 60(b)(3)

was "moot," by refusing to address the "merits" of the Plaintiffs allegation that defendant

Moschetti lacked subject matter jurisdiction to issue the order in the first place

motion, by failing to provide the demanded proof, by refusing to issue a timely, final,

appealable order, and ultimately, by allowing defendant Moschetti "VOID" denial order

to remain on the court record, in full force and effect, which is in direct violation

of United States Supreme Court case law; See *Main v. Thiboutot*, 100 S. Ct. 2502 (1980)

("The law provides that once State and Federal Jurisdiction has been challenged, it must

be proven."); See also  *OLD WAYNE MUT. L. ASSOC. v. McDONOUGH*, 204 U. S. 8, 27

S. Ct. 236 (1907) ("A court cannot confer jurisdiction where none existed and cannot

make a void proceeding valid.") Defendants McLeans failure to provide proof from the

16

record that defendant Moschetti was authorized, as a matter of law, to hear and

determine, the Plaintiffs C.R.C.P. Rule 59 and 60 Motion for Reconsideration, concealed

the fact that defendant Moschetti "acted" without subject matter jurisdiction, and

effectively, deprived the Plaintiff of "equal protection," "court access," and "due process"

of law under the 1st and `14th amendments of the U.S. Constitution.

35. On November 10th, 2021, defendant Bursek, defendant Angel, and defendant Air Force,

continued the fraud upon the court, and furthered the conspiracy to deprive the Plaintiff of

his "familial interest" and "due process" of law, when defendant Bursek emailed the

Plaintiff; via Law Office of Alexandria White, therein, said email informed the Plaintiff

that defendant Angel had "deployed." (defendant Bursek statement was later found by the

court to be a misrepresentation and his client did not deploy to Japan but instead relocate

to Ohio without court permission). Subsequently, in violation of Plaintiff right to

procedural due process, defendant Bursek filed a motion invoking the "Servicemember

Civil Relief Act." The defendants, collectively, filed a two fraudulent exhibits, "request

and authorization for permanent change of station" and a fraudulent Air Force

"memorandum for whom it concerns," with the sole intent of "fraudulently" satisfying the

legal requirements of "Servicemember Civil Relief Act." (after 7 months of depriving the

Plaintiff of his "right to parent" on May 9th, 2022, the court found that defendant Angel

was using her military position to deny the Plaintiff parenting time and had in fact mot

deployed to Japan but relocated to Ohio on November 10th, 2021, however the court took

no action against defendant Angel and even attempted to conceal its findings during

"sham" June 17th, 2022 and "sham" July 22nd, 2022 hearings).

36. cts in the record demonstrate a conspiracy between defendant Bursek and members of

the U.S. Air Force to deprive the Plaintiff of his constitutional "liberty" of "familial

interest", based upon statements made by defendant Bursek to the Aurora

Police Department. On November 11th, 2021, the Plaintiff filed a "missing child" report

with the Aurora Police Department in Colorado, informing the Police that defendant

Angel had unlawfully removed Plaintiffs child to Ohio without court permission.

Investigating officer Sgt. Ron Tanguma contacted defendant Bursek as it pertained to

Plaintiffs' missing child. Here, defendant Bursek obstructed Sgt. Tangumas investigation

of Plaintiffs "missing" child by, knowingly, providing false statements to an investigating

officer. Sgt. Tangumas' official police report states a s follows:

> **Atty Bursek advised that the court is aware of where Stacy Angel is deployed and that the court has approved of her command not disclosing where she is deployed.** Atty Bursek advised that the court approved the nondisclosure of where Stacy Angel is deployed based on how Jamus Bryant has conducted himself during this case. Atty Bursek confirmed that their daughter is in the custody of and living with Stacy Angel

Here, defendant Burseks statement, " **the court is aware of where Stacy Angel is**

**deployed and that the court has approved of her command not disclosing where she**

**is deployed**" is not supported by the courts record. In fact, the record clearly

18

demonstrates the court had no idea where defendant Angel was located and certainly had

not approved of Air Force command not disclosing defendant Angela location. Fact show

roughly 6 months later, during an "abduction prevention" hearing that, the court was

unaware of defendant Angel location, and the facts further demonstrate that, defendant

Bursek refused to disclose defendant Angel location to the court. Pursuant to page 25,

lines 18-25 and page 26, lines 1-of April 13th, 2022 hearing transcript, the court

questioned defendant Bursek, regarding the whereabout of the Plaintiff child, as follows:

> The Court - I think that there is some legitimate concerns of, if Mom is out
> of the country and she has applied for a passport for the child, where is the
> child? Where is this child?
>
> The Court -- I don't have an answer to that. Mr. Bursek?
>
> Defendant Bursek - "I can't. And I apologize, Judge. I -- I am bound by
> attorney client privilege. And so I -- I have limited authority, but the child
> is with Mom. The child is safe, and that's what I would say about that.
> That -- that's what I'm authorized to say."

The court record clearly substantiates the fact that, the court was unaware of defendant

Angel location and had not approved of Air Force officials not disclosing defendant

Angels location, which evidences that, defendant Bursek, deliberately made a

materially false representations to investigating officers, that successfully, obstructed an

official police investigation, and concealed the material facts that, defendant Angel, with

the help of U.S. Air Force personnel, had abducted the Plaintiffs child out of state without

the courts permission. Defendant Bursek fraudulent statement to Aurora police, deprived

the Plaintiff of rights to, "equal protection," "substantive" and "procedural" due process,

19

and to "be heard," under the 1st and 14th amendments of the U.S. Constitution, as well as deprivation of protections under 18 U.S. Code § 1001 18 U.S. Code § 1509, which caused a 17 month forced separation between the Plaintiff and his child.

37. On November 16th, 2021, defendant Moschetti continued the fraud upon the court and conspiracy to deprive Plaintiff of his constitutional rights, when defendant Moschetti, without "subject matter" jurisdiction, granted defendant Angels' "Service member Civil Relief Act" motion. On January 13th, 2022, the court "rejected" defendant Moschetti order that granted defendant Angels "Servicemember Civil Relief Act" motion, for lack of "subject matter" jurisdiction. Here defendant Moschettis', November 16th, 2021, order granting the "Service member Civil Relief Act" motion , concealed the fact that defendant Moschetti lack "subject matter" jurisdiction to issue the order in the first place, and further concealed the fact that defendant Angel had abducted Plaintiffs child to Ohio, which effectively, caused a forced two-month separation between the Plaintiff and his child, and constitutes a "substantive" due process violation of the Plaintiffs "liberty" to "familial interest and a deprivation of the Plaintiffs' procedural due process rights under the 14th amendment of the U.S. Constitution.

38. On January 24th, 2022, immediately after the court rejected defendant Angels SCRA motion, defendant Bursek and Angel, continued their "fraud upon the court", and again conspired with defendant Moschetti to deprive Plaintiff of "equal protection" and "due

process of law," when defendants Bursek and Angel re-filed the fraudulent

"Servicemember Civil Relief Act" motion with an attached, purported "Department of Air

Force Memorandum" from defendant Townsend. Here in conspiratorial fashion, the date

was removed from the "Air Force memorandum", despite strict Air Force "date"

requirements on memorandums. The effect of defendant Townsend memorandum allowed

defendant Angel to "fraudulently" satisfy the legal requirements of the "Service member

Civil Relief Act." Subsequently, on March 9th, 2022, defendant Moschetti without "subject

matter" jurisdiction, granted defendant Angels "Service member Civil Relief Act" motion,

for the second time.  The fact that defendant Angel had relocated to Ohio and was still

misleading the court into believing that she was in Japan, demonstrates defendants Angel,

Busek, knowingly concealed defendant Angels child abduction. (defendant Angel, later

testified under oath, on July 22nd 2022, that the Air Force determined in November 2021,

that defendant Angel, would not be relocating to Japan, however the court again took no

action against defendant Bursek and Angel for their fraudulent acts that informed the court

that defendant Angel deployed to Japan). Subsequently, on May 9th, 2022, the circuit

court, again found defendant Moschetti had exceeded his authority by granting defendant

Angel 2nd "Service member Civil Relief Act" motion, the circuit court forthwith rejected

defendant Moschetti March 9th, 2022, order that granted defendant Angel "Service

member Civil Relief Act" motion. The effect of defendant Moschetti, March 9th, 2022,

order granting 2nd "Service member Civil Relief Act" motion, concealed the fact that

defendant Moschetti lack "subject matter" jurisdiction to issue the March 9th, 20922, order

in the first place, and further concealed the fact that defendant Angel had abducted the

Plaintiffs child to Ohio, and effectively, caused a forced five-month separation between

the Plaintiff and his child, which constitutes substantive and procedural due process

violation which deprived Plaintiff of his protected "liberty", and deprivation of the

Plaintiffs' rights to "equal protection," and to "due process" of law, all, under the 14th

amendment of the U.S. Constitution.

39. Defendant Moschetti has shown an invidious animus religion to injure and oppress the

Plaintiff. On November 8th, 2021, the Plaintiff file a "Motion for Change of Judge."

While defendant Moschetti authority was suspended due to the pending "Motion for

Change of Judge," defendant Moschetti issued the following orders: ORDER 11/16/2021

10:22 AM, ORDER 11/16/2021 11:08 AM, ORDER 11/22/2021 10:27 AM,

ORDER01/06/2022 2:15 PM, ORDER 01/07/2022 8:43 AM. On January 13th, 2022, the

court issued an order, admonishing defendant Moschetti for issuing orders

while his authority was suspended pursuant to C.R.C.P Rule 97. On January 14th, 2022, at

4:30 A.M. the Plaintiff filed a 2nd "Motion for Change of Judge" against defendant

Moschetti. Again, while defendant Moschetti authority was suspended pursuant to

C.R.C.P. Rule 97, defendant Moschetti, in defiance of the circuit courts' January 13th,

2022 "admonishment" and without "subject matter" jurisdiction, issued the following

orders: ORDER 01/14/2022 9:40 AM, ORDER 01/20/2022 8:01 AM. On January 24th,

2022, the circuit court issued another order, therein, rejecting defendant Moschetti a 2nd

time, for issuing orders without authority. The circuit court states in its January 24th,

2022, order, that its previous January 13th, 2022 order, was "instructive" for defendant

Moschetti, however, defendant Moschetti, again, refused to adhere to the

circuit courts' supervisory authority." In fact defendant Moschetti, willfully, continued to

issue orders, without "subject matter" in clear defiance of the circuit courts' "supervisory

instruction;" by continuing to issue more orders as follows: ORDER 02/07/2022 10:38

AM , ORDER 03/09/2022 7:34 AM, ORDER 03/09/2022 7:37 AM, ORDER 03/16/2022

10:49 AM, ORDER 03/22/2022 3:32 PM, ORDER 03/23/2022 7:49 AM, ORDER

04/04/2022 9:10 AM, ORDER 04/04/2022 9:12 AM, ORDER 04/05/2022 7:59 AM. On

April 5th, 2022, the circuit court issued an order "rejecting" and "admonishing" defendant

Moschetti for the 3rd time. The fact that defendant Moschetti, without "subject matter"

jurisdiction, issued a total of 17 unlawful orders against the Plaintiff, demonstrates the

fact that defendant Moschetti adopted the practice "set in motion" by defendants McLean

and Apostoli to deprive the Plaintiff of his constitutional rights to "equal protection,"

"court access," and "due process" of law. Defendant Moschetti, maliciously, deprived the

Plaintiff of his, right to "court access," right to "substantive" due process," and right to

procedural "due process" of law under the 1st and 14th amendments of the U.S.

Constitution, which has consequently, caused a 9-month forced separation between the

"Plaintiff" and his "child."

40. Here, defendant McLean, knowingly, acted culpably, and intentionally, conspired with

defendant Moschetti to deprive the plaintiff of his federally protected 1st and 14th

amendment rights, by allowing defendant Moschetti, to remain on the case, despite clear

grounds for defendants Moschetti "disqualification." Defendant Moschetti establish a

practice of "legal abuse" and "oppression" against the Plaintiff, and his "acts" of issuing

a total of 17 orders, without "subject matter" jurisdiction, which defendant McLean,

repeatedly, failed to protect the Plaintiff against by removing defendant Moschetti from

the case, demonstrates defendant McLeans deliberate indifference to the constitutional

rights of the Plaintiff. Defendant McLean, knowingly, allowed defendant Moschetti to

continue his unlawful "practices" against the Plaintiff, this fact is substantiated by the fact

that, 1 year later, the Plaintiffs' January 14th, 2022, "Motion for Change of Judge" against

defendant Moschetti is still pending, which has effectively, deprived the Plaintiff of

redress, and has allowed defendant McLean to conceal the legal abuse that was

perpetuated against the Plaintiff by defendant Moschetti. In fact, defendant McLean,

indifference to the Plaintiffs constitutional rights and predisposition to the conceal facts

related to defendant Moschetti legal abuse, is exemplified, when defendant McLean

informs defendant Bursek that, "its up to his discretion" to file a response to the Plaintiffs

pending "Petitions for Magistrate Review." Pursuant to the April 13th, 2022, transcript,

the "fraud upon the court" and "conspiracy between defendant McLeans, and defendant

Bursek states as follows:

> DEFENDANT BURSEK- Two quick things, Your Honor. There are two
> pending -- there's more than two pending petitions for magistrate review. I
> think the Court's going to rule on them. My responses, I think for two of
> them are due today. Does the Court want me to file a response, or does the
> Court have effect -- will the Court have sufficient information absent a
> response to be able to issue its ruling when we come back?

> DEFENDANT McLEAN: **I'm going to leave that to your discretion.
> But I'm — I'm not — I'm not looking for additional information, but if
> you choose to do so, you may**.

> DEFENDANT BURSEK: Understood, Judge.

Defendant McLean prejudiced the Plaintiff, and infringed on the Plaintiffs'

constitutional protections by informing defendant Bursek a response is "discretionary"

and "Im not looking for any additional information."  Defendant McLean has, repeatedly,

knowingly, failed to perform judicial duties, which has consequently, under color of law,

deprived the Plaintiff of right to "equal protection", right to "court access" and right to

due process" protected under the 1st and 14th Amendments of the U.S. Constitution.

41. On April 13th, 2022, defendant McLean, defendant Bursek, defendant Air Force, and

defendant Angel, continued their "fraud upon the court" and furthered their conspiracy to

deprive the Plaintiff of, his "liberty" of "familial interest," his right to "equal protection"

and "due process" of law. During the purported hearing for "abduction prevention

measures," defendant Angel failed to make an appearance, which effectively deprived

defendant McLean of a competent fact witness, however, defendant McLean still allowed

statements made by defendant Bursek to rise to the level of fact. Defendant McLean used

defendant Bursek statements as a basis to not enforce the **standing 50/50 custody order,**

pursuant to April 13th, 2022, transcript, defendant Bursek testified as follows:

> Defendant Bursek - "**my client is going to be on active duty for some time. Part of the reason she's going to be on active duty for some time is the military wants her on active duty to protect her. They understand that by keeping her in active duty, she has protections and they can protect her location and where she is at, because they have significant concerns for both her safety and the child's safety.**"

> Defendant Bursek furthered - "I -- I have not spoken with my client regarding the specifics of FaceTime for a little bit. I think again, **with what's going on in Europe, and being in the Air Force, my client is rather busy at the moment.** And so we are communicating when we can, but it is a little challenging at the moment."

> Defendant McLean – "Hold on. Mr. Bursek, if you can tell me, which we have to realize that we -- we – **we're dealing with -- with the military, and the, you know, some -- some higher – higher authorities here under the Servicemembers Civil Relief Act,** A, Can you tell me where your client is and -- and why, or why not? And, B, Is there anything that we can do to allow some contact between Mr. Bryant and the child?"

> Defendant Bursek – "And -- and, Your Honor, I -- and I filed this, I think in my motion regarding, to stay the case. **I am not at liberty to disclose her address due to national security concerns. And that's why the military has blocked off her address as well, too.**"

The Plaintiff strongly objected to defendant Bursek statements, and demanded defendant

Mclean provide the Plaintiff with "due process" hearing, before unilaterally restricting his

parenting time to "some contact," pursuant to April 13th, 2022, transcript as follows:

> Plaintiff - Judge, that's simply not true. And it's a smear to try to - he keeps saying that this case is stayed -- how -- when a stay was entered, while a motion for change of judge was pending, that stay has no force or effect. It can't -- that -- that's not a lawful stay. And the -- his

client is attempting to remove our daughter out of the country. She's --
according to the US Department of State, Ms. Angel is attempting to
relocate our daughter to Italy. To Italy. **Like, she can't just modify -- she
can't just modify this Court's custody order without a hearing. Like,
there has to be due process in this case. She can't -- Mr. Bursek can lay
all these allegations, but he hasn't -- he hasn't presented one shred of
proof to this Court. He says, it's a matter of national security that I
can't see my kid. That's not a valid reason for me not to be able to see
my daughter. It's not a -- that -- that -- that -- that just doesn't stand. I
have -- I have constitutional rights that need to be enforced.**

The Plaintiff goes on further to state as follows:

> Plaintiff – **"It's just not - my parenting time just can't be restricted
> and modified without a hearing. It needs - there has to be a hearing."**

Needless to say, defendant McLean, exceeded the authority delegated to her by

unilaterally modified the standing custody order, , and forthwith restricted the Plaintiffs
parenting time to allow "some contact" in clear violation of the Plaintiffs protected

"liberty," and unconscionably, forced the Plaintiff to work through defendant Bursek for

"some" parenting time, here defendant Mclean, effectively, delegated parenting time

enforcement duties to defendant Bursek as follows:

> Defendant McLean – **"I have heard what you are saying, and I agree that
> you need to have some contact with your daughter. And I've asked that
> you work with Mr. Bursek to set that up."**

> Plaintiff – **"How am I going to communicate with Mr. Bursek? I can
> show you five emails, Judge, where Mr. Bursek refuses to respond.
> I've been asking for the last six months to see my daughter, and he's
> ignored every request. And now you're telling me I have to
> communicate with Mr. Bursek. Like, he refuses to respond. There's
> no accountability. Mr. Bursek is doing exactly what he wants to do,
> which is deprive me of my custody rights, of my parenting time. Like,
> I haven't seen my daughter in six months and this Court -- and this
> Court still has not addressed that issue."**

> Defendant McLean – **"Mr. Bursek has given me assurances as an**

> **officer of this Court that he will work with you to set up "some"
> parenting time. You need to remain in control of your own emotions.
> I'm not discussing any further issues."**

The Plaintiff states defendant McLeans statement, "**Mr. Bursek has given me

assurances as an officer of this Court that he will work with you to set up some

parenting time.. I'm not discussing any further issues**" clearly demonstrates an

agreement between defendant McLean and defendant Bursek, to conspire to deprive the

Plaintiff of his rights, to "equal protection" and "due process of Law." The Plaintiff

further states, defendant Bursek statements, **I am not at liberty to disclose her address

due to national security concerns. And that's why the military has blocked off her

address as well,**" clearly implies an understanding between defendants Mclean, Bursek,

and Air Force officials, and indicates the Air Force has continued its "fraud upon the

court" and furthered the conspiracy to deprive the Plaintiff of his 1st and 14th amendment

rights to "due process" and "equal Protection," and ultimately, demonstrates the "Air

Force" is the driving force behind defendant Angel depriving the Plaintiff of his

constitutional "liberty" of "familial interest." The fact that defendant Mclean

refused to enforce the "standing custody order" based upon defendant Bursek, defendant

Angel, and defendant Air Force, "fraudulent" National Security Assertion, evidences a

conspiracy, based on the Plaintiffs non-military status, and provides a strong inference of

a constitutional deprivation that is based upon "class," this class-based deprivation,

effectively, deprived the Plaintiff of his liberty of familial interest, his right to "equal

28

protection" and his right to "due process" of law under the 14th Amendment of the U.S. Constitution. Additionally, the record demonstrates that defendants McLean and Bursek demonstrated a deliberate disregard for the U.S Supreme Court which prohibits courts from allowing "unsworn" statements made by counsel" to rise to the level of fact, which effectively, deprived the Plaintiff of "equal protection" and "due process" of law under the 14th amendment of the U.S. Constitution. See *UNITED STATES v. LOVASCO* ("we have said of other unsworn statements which were not part of the record and therefore could not have been considered by the trial court: "Manifestly, [such statements] cannot be properly considered by us in the disposition of [a] case."), 431 U.S. 783, 97 S.Ct. 2044, 52 L.Ed. 2d 752.

42. Furthermore, defendant McLeans' continued "fraud upon the court," violated, both, 18 U.S. Code § 3 and 18 U.S. Code § 4, when defendant McLean, assisted defendants Bursek, Air Force, and Angel in the commission of a "crime", by allowing defendant Bursek to directly "omit" critical evidence relevant to defendant Angels child "abduction, when defendant Bursek stated, ""**I can't. And I apologize, Judge. I — I am bound by attorney client privilege**," which had the effect of concealing defendant Angel child "abduction," which is a crime under state and federal law.

43. On April 13th, 2022, defendant McLean, defendant Bursek, and defendant Angel, continued their "fraud upon the court" and furthered their conspiracy when, defendant

29

McLean granted "Order Re: Passport Application for Jada Orani Bryant" in violation of the Plainitffs, "constitutional rights" The Plaintiff had a right to a pre-deprivation hearing before the court "amended the June 22nd, 2021 APR order, effectively, depriving the Plaintiff of his protected "liberty" of "familial interest."

44. Furthermore, on May 5th, 2022, the Plaintiff filed a "motion to dismiss" pursuant to, state law, C.R.C.P. Rule 12, which went ignored by defendant McLean. The Plaintiff states defendant McLean had a "duty" to address the Plaintiffs "motion to dismiss" pursuant to C.R.C.P. Rule 12(d). Defendant McLeans' failure to address the Plaintiffs "motion to dismiss," effectively, deprived the Plaintiff of his right to "due process" under the 14th amendment and caused a 15 month forced separation between the Plaintiff and his childs.

45. The Plaintiff states further, the granting of the "Order Re: Passport Application for Jada Orani Bryant" concealed the fact that defendant McLean "lacked subject matter jurisdiction" to issue the order in the first place. Defendant McLean "fraudulently," extended the "No later than departure date" of June 31, 2021, that was previously issued by the court, without providing the Plaintiff "equal protection" and "due process" of a hearing, and ultimately, assisted defendant Angel in committing "fraud upon the U.S. Dept. of State pursuant to 18 U.S. Code § 1623, by fraudulently issuing the May 9th, 2022, Order Re: Passport Application for Jada Orani Bryant that indicated the Plaintiffs lacked any custodial rights, which effectively allowed defendant Angel to bypass U.S.

30

Dept of State "child abduction" protections, wherein the court entered its that the Plaintiff

lacked "custodial" rights, which consequently, deprived the Plaintiff of his right to "be

heard," right to "equal protection," and right to "due process", under the 1st and 14th

amendments of the U.S. Constitution.

46. On May 9th, 2022, defendant Mclean, defendant Bursek and defendant Angel continued

their "fraud upon the court" and furthered the "conspiracy,' when defendant McLean,

knowingly, ruled on the "merits" of defendant Moschetti "void" orders , effectively,

concealing the fact that defendant Moschetti lacked subject matter jurisdiction to issue

those (17) above mentioned orders in the first place, which consequently, deprived the

Plaintiff of substantive and procedural due process, of court access, and of equal

protection under the 14th amendment of the U.S. Constitution.

**47.** Defendant McLean, also, deliberately, frustrated the Plaintiffs claims against defendant

Moschetti. (which are now backwards and forward-looking claims) by refusing to issue

timely, final, appealable orders on the Plaintiffs "Petitions for Magistrate Review,"

pursuant to state law C.R.M. 7(a)(1), which continued the conspiracy to deprive the

Plaintiff of his constitutional rights, to procedural due process, to court access, to be

heard and to equal protection under the 14th amendment of the U.S. Constitution.

48. On April 16th, 2022, the Plaintiff filed a "Petition for Magistrate Review," therein,

alleging defendant Moschetti committed "fraud upon the court" by "unlawfully"

31

modifying the record. On May 9th, 2022, pursuant to the transcript, defendant McLean

made findings that, the record was "modified as alleged by the Father," however

defendant McLean took no action against defendant Moschetti. In fact, defendant

McLean, supported and concealed, defendant Moschetti unlawful "acts," in clear

violation of 18 U.S. Code § 4 and 18 U.S. Code § 3, by stating, defendant Moschetti was

"still on the case" and defendant McLean was simply "filing in" due to the Plaintiff

burying defendant Moschetti with filings. Defendant McLean statements, demonstrate an

'affirmative' link between defendant McLean and the unconstitutional acts by defendant

Moschetti, and further demonstrates, defendant McLeans' approval of defendant

Moschetti judicial misconduct., and ultimately evidences the fact that, defendant McLean

and defendant Moschetti have, jointly, conspired to deprive the Plaintiff of his 1st and 14th

amendment rights. Here defendant McLean set in motion the fraudulent "case

management order" and allowed its continuous operation, by and through defendant

Moschetti, which caused serious harm to the Plaintiff, by depriving Plaintiff of rights, to

"court access," to "equal protection" and "due process" of law under the 1st and 14th

amendments. Furthermore, the facts show defendant McLean "acted with the state of

mind required to establish the alleged constitutional deprivation," by failing to enter final,

appealable orders on the Plaintiffs "Petitions for Magistrate Review." and 2.) by refusing

to take disciplinary action against defendant Moschetti and 3.) by allowing defendant

Moschetti to remain on the case and 4.) by knowingly allowing defendant Moschetti to

repeatedly deprive the Plaintiff of his constitutional rights. As such, defendant McLean is supervisor liable for depriving the Plaintiff of his rights "equal protection," "court access," and "due process" under 1st and 14th amendment U.S. Constitution and deprivations of additional protections afforded under 18 U.S. Code § 4.

49. On May 9th, 2022, defendant Mclean, defendant Bursek and defendant Angel continued their "fraud upon the court" and furthered the "conspiratorial" attack on Plaintiffs constitutional rights, during the May 9th, 2022, hearing. Here, defendant Angel, again, failed to appear as a competent fact witness, however, defendant McLean, demonstrated an "indifference" to the Plaintiffs protected "liberty" of "familial interest" by, again, allowing statements made by defendant Bursek to rise to the level of fact and giving defendant Bursek permission to file defendant Angel "address under seal," without any legal basis, over the Plaintiffs objection, which effectively, deprived the plaintiff of his protected "liberty" without adequate "notice" and an opportunity to "be heard" under the 14th amendment of the U.S. Constitution which has caused a 10 month forced separation between the Plaintiff and child.

50. Accordingly, defendant Burseks' attempted to file defendant Angels' address under "seal" was, ultimately rejected by the clerk of courts. Subsequently, on May 23rd, 2022, defendant Angel filed "Notice of Submission of Petitioner's Address Under Seal," and in response, on May 25th, 2022, the Plaintiff file an "affidavit to dismiss", which went

unanswered by the court. The Plaintiff had a right to "be heard" pursuant to state law

C.R.C.P. Rule 12(d) and furthermore, the Plaintiff had a, constitutionally, protected right,

to the care, custody, and control of his child. However, On May 27th, 2022, defendant

McLean showed an indifference to the Plaintiffs constitutional "liberty" to "familial

interest" when defendant McLean granted defendant Angels "Notice of Submission of

Petitioner's Address Under Seal," effectively, denying Plaintiff "court access" on his

affidavit to dismiss and violating Plaintiffs substantive and procedural due process rights,

to adequate "notice" and an opportunity to "be heard" before infringing upon the

Plaintiffs protected "liberty" under the 14th amendment of the U.S. Constitution.

51. Defendant McLeans' granting of "Notice of Submission of Petitioner's Address Under

Seal," concealed the fact that defendant Angel had abducted the Plaintiffs child to Ohio,

and further concealed the fact that defendant Bursek, had "knowingly" concealed the

facts regarding defendant Angel location, and furthered concealed facts that, defendant

Bursek, knowingly, made false statement to the Aurora Police department, regarding the

disappearance of the Plaintiffs child, which successfully "obstructed" an official Aurora

police investigation, and further concealed statements made by defendant Bursek,

evidencing, the U.S. Air Force is the moving force behind defendant Angel infringement

on Plaintiffs' right to parent. Defendant Burseks' states his inability to disclose the childs

whereabouts is a matter of  the " U.S. Air Force" and "National security," successfully,

deprived the Plaintiff of his constitutional rights, to "be heard, to "due process of law," to

"court access" and to "equal protection," under the 1st and 14th amendment, and deprived

the Plaintiff of rights protected under 18 U.S.C. § 1001 and 18 U.S.C. § 1505, which has

resulted in a substantive 10 month forced separation between the Plaintiff and child.

52. During the May 9th, 2022, hearing defendant McLean, maliciously, furthered the

conspiracy to deprive the Plaintiff of his constitutional rights, by continuing to oppress

and suppress all attempts and any evidence of the Plaintiff seeking to enforce his

constitutional rights. Pursuant to TR(May 9th, 2022), pg. 31:13-16, the lower court

unjustly reprimands and attempts to deter this Plaintiff from exercising his right to be

heard. The lower court states as follows:

> Defendant McLean – "I'm also concerned about the-12 page response,
> which is absolutely overly litigious and over the top. There is no need for
> a 12-page response for an update regarding parenting time."

Defendant McLeans' above mention statement attempts to intimidate and frustrate the

Plaintiffs' attempt to exercise a valid rule of law protected under the Colorado Rules of

Evidence." Here the Plaintiffs 12 page response did not violate any "rule of law" and

defendant McLean statement infringes upon the Father constitutional right to "be heard"

which is protected by the 14th Amendment of the U.S. Constitution. Defendant McLean

continued to demonstrate an "invidious animus" towards the Plaintiff, pursuant to

TR(May 9th, 2022), pg. 33:2-10, as follows:

> Defendant McLean - You're filing things like motion for judicial -- don't

even remember what it was - - give me minute. Don't me. Mandatory
judicial notice, you filed that on the 18th and the 19th. You're -- you're just
filing legal garbledy gook; it doesn't mean anything, there's no -- there's no
legal basis for this.

Here, it cannot be disputed that a Mandatory Judicial Notice is a "rule of law" which is

outlined in the Colorado Rules of Evidence Rule 201, section (d) and (e), which the

Plaintiff had a clear constitutional right to exercise. Defendant McLeans' statement, "a

**MANDATORY JUDICIAL NOTICE is "garbled-gook"** and "**it doesn't mean**

**anything**," directly infringes on the Plaintiffs constitutional rights, to "court access,"

"equal protection," right to "substantive" and "procedural" due process, and right to "be

heard" pursuant to the 1st and 14th Amendments of the U.S. Const.

53. On May 25th, 2022, defendant Mclean, defendant Bursek, and defendant Angel,

continued their "fraud upon the court" and furthered their conspiracy to deprive Plaintiff

of constitutional rights, when defendant Angel filed an "Emergency Motion for

Temporary Orders," without recitation of any "legal authority," without a shred of

"evidence" nor any "exhibits" in support. On May 26th, 2022, defendant McLean showed

a predisposition to deprive the Plaintiff of his constitutional rights, when defendant

Mclean violated "due process" by ordering the Plaintiff to attend the June 17th, 2022,

hearing, notwithstanding the fact that defendant McLean had not yet granted defendant

Angels "emergency motion." Additionally, on May 26th, 2022, Nicole Hunter, law clerk

for defendant McLean, informed the Plaintiff by email that, defendant McLean, set the

case for hearing on June 17th, 2022. In response via email, the Plaintiff, requested

defendant Bursek and the law clerk, to provide the "legal authorities," "pretrial order,"

and "briefing schedule." The Plaintiff, further informed the defendants that, without the

legal authorities, he could not properly prepare for the June 17th,2022 hearing, however,

the defendants ignored the Plaintiffs cries for adequate "notice," "fairness," and "equal

protection." and refused to provide the Plaintiff with the requested "legal authority" nor

any "guidance" regarding the June 17th, 2022, hearing. On May 27th, 2022, defendant

McLean, granted defendant Angels "emergency "motion," effectively, violating the

Plaintiffs "substantive" and "procedural" due process rights to adequate "notice" and

"equal protection" under the 14th amendment of the U.S. Constitution which has caused a

9 month forced separation between the Plaintiff and child.

54. On June 7th, 2022, the Plaintiff filed "Affidavit of Facts - Motion For Change of Judge

*and* Affidavit of Bias and Prejudice" pursuant to C.R.C.P. Rule 97. The "affidavits" were

sufficient and required defendant McLeans' "disqualification" as a matter of law. The

affidavits merits went un-rebutted by defendant Angel. Additionally, defendant Mclean,

demonstrated an indifference to the Plaintiffs constitutional rights to "fairness" and "due

process" pursuant to C.R.C.P. Rule 97, by proceeding to hold the June 17th, 2022,

hearing, without first providing the Plaintiff with a "notice" of judicial

determination of his rights and obligations, based on "facts" and "law," regarding

defendant McLean decision on the Plaintiffs "disqualification" motion, as required by

law. Defendant McLeans', failure to "disqualify" herself, and failure to hear and provide

Plaintiff with the required "judicial determination" based upon "facts" and "law," both,

concealed the fact that defendant McLean lacked "authority" to hold the June 17th, 2022,

hearing in the first place, and as a consequence, defendant McLean has violated the

Plaintiffs "substantive" and "procedural" due process rights to, "notice," "court access,"

"equal protection," and a "fair trial" under the 1st and 14th amendments of the U.S.

Constitution with has resulted in an 8 month forced separation between the Plaintiff and

child.

55. Based upon defendant McLeans granting of defendant Angels "emergency motion" on

May 27th, 2022, on June 9th, 2022, the Plaintiff was forced to file, "Affidavit of Fact –

Motion to Dismiss," pursuant to C.R.C.P. Rule 12(b)(1) and (5), wherein the Father

alleged lack of "notice" and lack of "subject matter" jurisdiction to hold June 17th, 2022,

"Emergency" hearing. Here, defendant McLean refusal to perform her "duty" to

"hear and decide" the merits of the Plaintiffs "Affidavit of Fact – Motion to Dismiss,"

pursuant to state law C.R.C.P. Rule 12(d), concealed the fact that defendant McLean

lacked "subject matter" jurisdiction to hold June 17th, 2022 hearing, consequently,

depriving the Plaintiff of his rights, to "notice," to "court access," to "procedural due

process" and to "be heard" under the 1st and 14th amendments of the U.S. Constitution.

56. Ultimately, defendant McLean failure to "hear and decide" Plaintiffs Rule 12(b) motion,

forced the Plaintiff to attend the June 17th, 2022, "sham" hearing "without adequate

"notice" of what the Plaintiff was expected to defend, and successfully, concealed the

fact that, defendant Angel failed to invoke the courts "authority" to act upon her

"emergency motion," and further, concealed the fact that, defendant McLean lacked

"subject matter" jurisdiction to hold the June 17th, 2022, "Emergency" hearing, which

effectively, allowed defendant Bursek and defendant Angel to "ambush" the Plaintiff

during the June 17th, 2022, "Emergency" hearing, therein, resulting in a deprivation of the

Plaintiffs 14th amendment protected "liberty" of "familial interest," without affording the

Plaintiff with, "equal protection," adequate "notice" and a "fair opportunity to "be

heard," under the 14th amendment of the U.S. Constitution, and further deprive the

Plaintiff of protections under  18 U.S. Code § 1001, and effectively, restricted the

Plaintiffs "parenting time" without legal any basis, causing an 8-month forced separation

between the Plaintiff and child.

57. During June 17th, 2022, hearing defendant McLean, continued to demonstrate an

invidious animus against the Plaintiff, and continued her "fraud upon the court" and

conspiracy to deprive the Plaintiff of his constitutional protected speech, when the

defendant unlawfully, restricted the Plaintiffs' constitutional "liberty" of familial interest,

in "retaliation," as a basis, for the Plaintiff forwarding his "Motion for Change of

Judge" to higher governmental officials. Pursuant to June 17th, 2022 transcript pg. 101,

lines 7-22, the Judge McLean retaliation is made clear as follows:

> Defendant McLean – **"And finally, his filings today, this week, regarding this Court's disqualification, his forwarding this motion to Phil Weiser, to Joe Biden and others, make this Court very concerned that Mr. Bryant is fully detached from reality and is not in — operating in a -- in a mental capacity which would be necessary for the care of a small child.** So the Court finds that considering all the factors that have been enumerated today, the Court will make specific findings by clear and convincing evidence that pursuant to 14- 10-129, that at this point in time parenting time would endanger the child's physical health and/or significantly impair the child's emotional development. And the Court also finds that parenting time would endanger the child's physical health or significantly impair the child's emotional development, and have enumerated all of those specific factors."

The Plaintiff states, it cannot be disputed that he was engaged in a "constitutionally protected activity" when the Plaintiff "forwarded *his* motion to Phil Weiser, to Joe Biden and others" pursuant to 1st Amendment U.S. Const. The fact that defendant McLean used the "forwarding *his* motion to Phil Weiser, to Joe Biden and others" as basis to restrict Plaintiffs' parenting time, demonstrates "adverse governmental action against an individual in "retaliation" for the exercise of "protected speech activities" see *Smith v. Plati*, 258 F.3d 1167, 1176 (10th Cir.2001). In this case, defendant McLean deprivation of the Plaintiffs right to "free speech" concealed the fact that defendant McLean lacked "subject matter" jurisdiction to proceed in the case, and effectively, allowed defendant Mclean to obtain, indirectly, a result that she could not command directly. Defendant McLean violated the Plaintiff 1st amendment right to free speech under the U.S. Constitution, and deprived the Plaintiff of rights, to "equal protection," to a "fair trial," to "be heard," "substantive" and "procedural" due process" under the 14th

amendment of the U.S Constitution, which has severely injured the Plaintiff, by causing a

9 month forced separation between the Plaintiff and child.

58. Subsequently, after the June 17th, 2022, hearing, defendant McLean frustrated the

Plaintiffs, "disqualification" claim and "lack of "notice" and "jurisdictional" claims, by

depriving the Plaintiff of his "due process" right to access the Colorado Court of Appeals

pursuant to C.R.A.P. (a)(1), by refusing to issue a final. appealable order on Plaintiffs

"Motion for Change of Judge." Facts demonstrate, defendant Mclean furthered the

conspiracy to deprive the Plaintiff of constitutional protections and prejudiced the

Plaintiff, by stating, if the Plaintiff wanted the court to enter an "order" as it pertained to

the June 17th, 2022, hearing, the Plaintiff would have to obtain a copy of the June 17th,

2022, transcript and submit the transcript to the court to be adopted as an "order of the

court." Defendant McLeans' statement violates her "duty" pursuant to Colorado Code of

Judicial Conduct Rule 2.5 note [4] **In disposing of matters promptly and efficiently, a

judge must demonstrate due regard for the rights of parties to be heard and to have

issues resolved without unnecessary cost or delay. A judge should monitor and

supervise cases in ways that reduce or eliminate dilatory practices, avoidable delays,

and unnecessary costs.** It cannot be disputed that forcing the Plaintiff to first request and

purchase a copy of the transcript is a "dilatory" practice which causes "unnecessary cost"

and "delay," and as a consequence infringes upon the Plaintiffs rights, to procedural "due

process," to "fairness," and to "be heard" under 14th amendment of U.S. Constitution.

59. Subsequently, without issuing a final, appealable order on the June 17th, 2022,

"emergency hearing," defendant McLean continued her fraud upon the court and

furthering of the conspiracy to deprive the Plaintiff of his constitutional rights, in concert

with defendant Bursek, and defendant Angel, when on July 22nd, 2022, defendant

McLean, in continuation of the temporary restriction "ruling" made on June 17th, 2022,

proceeded to hold a permanent orders hearing; based upon defendant Angels, May 25th,

2022, VERIFIED MOTION TO MODIFY PARENTING TIME PURSUANT TO C.R.S.

§14- 10-129." The fact that defendant McLean, proceeded to hold July 22nd, 2022,

continuation hearing, without first, entering a "notice" of judicial determination, therein,

informing the Plaintiff of his rights and obligations, based on "facts" and "law,"

regarding defendant McLean June 17th, 2022, temporary restriction of Plaintiff parenting

time "ruling, consequently, infringed upon the Plaintiffs protected "liberty" of "familial

interest," by depriving the Plaintiff of his substantive" and "procedural to due process

rights to adequate "notice" of judicial determination under the 14th amendment of U.S.

Constitution, and further, deprived the Plaintiff of his 14th amendment U.S. Constitutional

rights, to "equal protection," to "court access," and to a "fair trial," which effectively,

concealed the fact that defendant McLean lacked "subject matter" jurisdiction to hold the

July 22nd, 2022, hearing in the first place, which ultimately, caused a 9 month forced

separation between the Plaintiff and the child.

60. Based upon defendant McLeans,' continued lack of "subject matter" jurisdiction to proceed in this case and based upon clear jurisdictional defects on the face of defendant Angels May 25th, 2022, "VERIFIED MOTION TO MODIFY PARENTING TIME PURSUANT TO C.R.S. §14- 10-129," which failed to cite a specific legal standard, and failed to inform the Plaintiff of what he was expected to defend. On July 14th, 2022, the Plaintiff filed, "AFFIDAVIT OF FACTS – RESPONDENT MOTION TO DISMISS SCHEDULED HEARING ON JULY, 22 2022," therein, alleging, defendant McLean lacked "subject matter" jurisdiction to hold the July 22nd, 2022, hearing, the Plaintiff cited, multiple, U.S. Supreme Court Case laws, informing defendant McLean that, the court had a "duty" to "prove" subject matter" jurisdiction. Here, the Plaintiff states, the facts show, defendant McLean, refused to address the "merits" of Plaintiffs "affidavit" before holding the July 22nd, 2022, trial nor did defendant McLean issue an order deferring the Plaintiffs "affidavit" until the trial, which consequently, violated the Plaintiffs procedural "due process" right to "be heard" pursuant to C.R.C.P. 12(d). C.R.C.P. 12(d) imposes a mandatory "duty," which required defendant McLean to "hear and decide" the Plaintiffs Rule 12(b) motion "before trial," "unless the court orders that the hearing and determination thereof be deferred until the trial." The Plaintiff states, defendant McLeans refusal to "prove" subject matter jurisdiction, further violated U.S. Supreme Court case law, and constitutes, a deprivation of the Plaintiff constitutional

rights, to "court access," to "notice" of judicial determination, and to "substantive" and

procedural" due process right to "proof" of jurisdiction protected by the 1st and 14th

amendments of the U.S. Constitution, that has resulted in a "substantive" 9 month forced-

separation between the Plaintiff and child.

61. During the July 22nd, 2022, continuation hearing, defendant Mclean continued the

conspiracy to deprive the Plaintiff of his constitutional rights, when defendant McLean

limited the Plaintiffs' time to present evidence, which effectively, denied the Father the

right to a full and fair hearing. The facts are by supported by the July 22nd, 2022,

transcript as follows:

pg. 155:4-20 the Father states as follows:

>**Defendant McLean** – Do you have any other questions for ms. Angel?
>**Mr. Bryant** – I have a lot of questions
>**Defendant McLean** – Okay, you need to keep, you've got 30 minutes left so be mindful of time
>**Mr. Bryant** – I need
>**Defendant McLean** – Go ahead
>**Mr. Bryant** – I need more time
>**Defendant McLean** – NOPE
>**Mr. Bryant** – I need more time. I have a constitutional right. There is extensive case law. You are supposed to accommodate me with time. You are violating my constitutional rights. You continue to violate my due process rights and its not fair.
>**Defendant McLean** – Thank you for sharing

Again on pg. 180:13-219 the Father states:

>**Defendant McLean** – Im going to give you about three more minutes. Youre really over your time but im going to give you three more minutes to ask

44

> **Mr. Bryant** – I need more time Judge
>
> **Defendant McLean** - Any further NOPE

Again on pg. 184:20-24 the Father states:

> **Defendant McLean** – Youre done Mr. Bryant
>
> **Mr. Bryant** – Judge, I – I need more time Judge
>
> **Defendant McLean** – Nope. Stop

Defendant McLean refusal to allow the Plaintiffs sufficient time to make an orderly presentation of his case, violated the Plaintiff "due process," right to a "fair" trial, and right to "be heard" at a "meaningful time", in a "meaningful manner," under the 14th amendment of the U.S. Constitution.

62. After defendant McLean held, both, the June 17th, 2022, emergency hearing and the July 22nd, 2022, continuation hearing. On August 19th, 2022, defendant McLean issued "ORDER RE: MOTION TO ADOPT JUNE 17, 2022 TRANSCRIPT OF RULING AS A WRITTEN ORDER OF THE COURT." The Plaintiff, immediately, on August, 28th, 2022, filed "EMERGENCY MOTION TO SET ASIDE VOID JUDGEMENT(S) PURSUANT TO C.R.C.P. RULE 60(b)(3)." On September 26th, 2022, defendant McLean issued "Order: Emergency Motion to Set Aside Void Judgment," effectively, denying the Plaintiffs Rule 60(b)(3) motion as untimely. Defendant McLeans failure to provide "proof" of jurisdiction from the record violated the Plaintiffs "due process" right to "proof" under the 14th amendment.

63. Additionally, on August 31st,, 2022, the Plaintiff filed a "notice of appeal" which also

appealed, defendant McLeans,' August 19th, 2022, "adopted transcript order". However,

on October 27th, 2022, the Colorado Appeals Court rejected defendant Mcleans "adopted

transcript order," simultaneously, dismissing the Plaintiffs' "notice of appeal." The

Appeals Court states, as a basis for its dismissal, "it appears the order from which the

appellant appeals is not a final, appealable judgement or order" "moreover, it does not

appear that the district court has certified the order for purposes of appeal pursuant to

C.R.C.P. Rule 54(b)." Defendant McLeans refusal to issue a final, appealable order

had the effect of concealing the fact that defendant McLean lack "subject matter"

jurisdiction to hold the June 17th, 2022, hearing in the first place and successfully

frustrated the Plaintiff right to appeal, and as a consequence, deprives the Plaintiff of his

due process right to "notice" of "judicial determination of Plaintiffs' rights and

obligations," and further violates the Plaintiffs "substantive" and "procedural" due

process rights to "access the Colorado court of Appeals," both, under the 14th amendment

of the U.S. Constitution, which are now "backwards" and "forward" looking claims.

protection," all of which have further caused a "substantive" 9 month forced

separation between the Plaintiff and child.

64. On February 1st, 2023, defendant McLean continued her "fraud upon the court," and

conspiracy to deprive the Plaintiff of his constitutional protections, when defendant

McLean, issued "ORDER REGARDING RESPONDENT'S NOTICE OF PENDING

STATUS REPORT #2 REGARDING RESPONDENT'S COURT ORDERED

ELECTRONIC COMMUNICATION WITH THE MINOR CHILD," therein, effectively,

infringing upon the Plaintiffs' protected "liberty" by frustrating the Father in "preparing

and filing complaints with the court." Here, defendant McLeans', ordered the Plaintiff to

first satisfy, arbitrary filing requirements, which are inconsistent with C.R.C.P. Rule 8

"claims for relief", and are an unconstitutional abridgement of Father "due process" right

to "access the court." See *Silver v. Cormier*, 529 F.2d 161, 163 (10th Cir. 1976) "Access

to the courts of the United States is a constitutional right guaranteed by the due process

clauses of the fifth and fourteenth amendments . . . . This right of access to the courts

cannot be infringed upon or burdened,." The Plaintiff states he has a fundamental,

constitutionally protected right to "court access" that cannot be infringed upon, without

the court first providing, the Father with adequate "notice' and an opportunity to defend

against any deprivation of such right. See *Morrissey v. Brewer*, 408 U.S. at 481, 92 S. Ct.

("It is true that in most circumstances a state may not deprive persons of protected liberty

interests without first affording such persons meaningful opportunities to prevent such

governmental action.") The Honorable Stephanie K. Seymour, now Senior Judge for the

Tenth Circuit, has noted that the right of court access is "basic to our system of

government and that it is well established as a fundamental right that the Constitution

protects." See A.M. v. N.M. Dep't of Health, 148 F. Supp. 3d 1232, 1280 (D.N.M. 2015).

Accordingly, defendant McLean has infringed upon the Plaintiffs protected "liberty," by

ordering the Plaintiff to comply with arbitrary filing requirements, which consequently,

violate the Plaintiffs' "due process" rights to "notice" and a meaningful opportunity to

"be heard, under the 14th amendment of the U.S. Constitution.

65. The Plaintiff has and continues to appeal to the Colorado Court of Appeals all the above

mentioned issues, however, facts in the record demonstrate that defendant Roman has

joined the conspiracy to deprived the Plaintiff of his constitutional rights. On August 31st,

2022, the Plaintiff filed "notice of appeal" therein appealing (6) unlawful orders issued by

defendant McLean without "subject matter jurisdiction." On November 7th, 2022, the

Plaintiff filed appeal "opening brief " which presented (5) claims of lack of "subject

matter jurisdiction," however, on December 5th, 2022, defendant Roman refused to

address the Plaintiffs lack of subject matter jurisdiction challenges demonstrated in

Plaintiffs "opening brief" and forthwith dismissed (5) of the Plaintiffs' appeals without

"notice" to the Plaintiff, and without providing proof from the record that demonstrated

defendant McLean had "subject matter" jurisdiction to issue the orders in the first place.

66. Defendant Roman has and continues to repeat the practice of ignoring the "merits" of

Plaintiffs lack of "subject matter jurisdiction" challenges in clear violation of U.S.

Supreme Court law See *Main v. Thiboutot*, 100 S. Ct. 2502 (1980) "The law provides that

once State and Federal Jurisdiction has been challenged, it must be proven." The record

further demonstrates that defendant Roman has demonstrated an invidious animus religion

by repeatedly suppressing and concealing the facts in the record that support Plaintiffs'

lack of subject matter jurisdiction claims," effectively, abusing his powers and placing

himself above the law.

67. On January 11th, 2023, in an affidavit to "set aside void judgements" Plaintiff allege (3)

critical jurisdictional failings on the face of the record. 1.) the Plaintiff and defendant

Angel failed to submitted a "proposed case management order" to the lower court for

approval. 2.) the lower court failed to serve Plaintiff "notice" of its case management

order. 3.) the lower allowed defendant Cordova to proceed in this case despite defendant

Cordovas "fraud upon the court", therein defendant Cordova falsified and altered court

prepared documents, and failed to comply with mandatory disclosure requirements.

However on January 26th, 2023, the appeals court denied the Plaintiffs affidavit without

providing "proof" of jurisdiction from the record, nor addressing the "merits" of Plaintiffs

allegation of "fraud upon the court."

68. On March 7th, 2023, #22CA1990, the appeals court issued an order denying the Plaintiffs

lack of subject matter jurisdiction claims without providing "proof" of jurisdiction, and

also struck the Plaintiffs "affidavit" from the record. The March 7th, 2023, order was

missing a judges signature, which effectively concealed who or what division issued the

order and further concealed the fact that both the lower court and the appeals court were

proceeding in excess of their respective jurisdictions.

69. On March 9th, 2023, #22CA2281, Plaintiff filed affidavit alleging lack of subject matter

jurisdiction based upon 1.) defendant Angel failed to serve Plaintiff "notice" of complaint.

2.) the court failed to serve the Plaintiff "notice" of "summons" and proceeded wholly

without jurisdiction 3.) parents failed to submit proposed case management order required

by law. 4.) court failed to serve Plaintiff required "notice" of case management. 5.)

Plaintiff alleged defendant McLean, without providing Plaintiff "notice" nor an

"opportunity to be heard," violated Plaintiffs constitutional right to "court access" when

defendant McLean ordered the Plaintiff to satisfy "arbitrary" filings requirements prior to

Plaintiff seeking redress. On March 20th, 2023, defendant Roman denied the Plaintiffs lack

of subject matter jurisdiction claims in appeal #22CA2281, without "proof" of Plaintiffs

jurisdictional challenges. Here defendant Roman simply states, "The Court has considered

appellant's motion for C.R.C.P. 60(b), filed originally in 2022CA2281, relief and DENIES

the motion." Here again defendant Roman successfully concealed  the fact the defendant

McLean and Apostoli fraudulently procured personal and subject matter jurisdiction, and

concealed the fact the appeals court was proceeding in excess of its jurisdiction.

70. Defendant Roman, continues to maliciously intercept and deny the Plaintiffs' affidavits

and continues to use such statements, the court has "previously addressed" Plaintiffs

jurisdictional challenges, to achieve results which defendant Roman could not command

directly; despite the above mentioned claims 1,2,and 5 being new claims, effectively,

depriving the Plaintiff of "court access," and violating the Plaintiffs' "due process" rights

under the 14th amendment of U.S. Const.

## STATEMENT OF CLAIM(S)

## CAUSE OF ACTION # 1

Violation of the Plaintiffs 14th Amendment Right to Due Process of Law and Equal Protection
(42 U.S.C. §1983)
**Defendants' McLean (in personal capacity) "so ordered" case management order deprived
the Plaintiff of  Substantive and Procedural Due Process Rights and Equal Protection**

71. Plaintiff realleges and incorporates by reference each allegation contained in

the preceding paragraphs 1 thru 45 of this complaint herein as if fully set forth.

72. Fourteenth Amendment, Section. 1. "… nor shall any State deprive any  person of life,

liberty, or property, without due process of law; nor deny to any person within its

jurisdiction the equal protection of the laws."

73. At the time defendant McLean, under the color of law, "so ordered" January 14th, 2020,

"case management" order, the Plaintiff had not made an appearance in the case and was not

subject to the court "personal" jurisdiction.

74. The Plaintiff was not provided "notice" of defendant Angel "petition for custody,"

nor was the Plaintiff provided "notice" of the courts summons in violation of C.R.C.P.

Rule 3 and 4, See *Pub. Serv. Co. v. Miller*, 135 Colo. 575, 313 P.2d 998 (1957); See

also *Powder Mtn. Painting v. Peregrine Joint Venture*, 899 P.2d 279 (Colo. App. 1994)

"Jurisdiction of the subject matter attaches in the court upon the filing of the

complaint according to section (b) of this rule; and, when all parties involved make a

general appearance, the court then has exclusive jurisdiction over both the subject matter

and the parties." and ultimately, the Plaintiff was not served "notice" of defendant

McLeans' "so ordered" case management order in violation of C.R.C.P Rule 16(b), see

*Weber v. Williams*, 137 Colo. 269, 324 P.2d 365 (1958) "A judgment rendered without

service, or upon the unauthorized appearance of an attorney, is void, and all proceedings

had thereunder are as to all persons, irrespective of notice or bona fides, absolute

nullities."

75. The Plaintiff and Ms. Angel had not satisfied "due process" requirement of submitting a

"proposed case management order" to the court for review, which further deprived

defendant Mclean of "subject matter" jurisdiction pursuant to C.R.C.P. Rule 16(b).

76. On January 14th, 2020, under the color of law, defendant McLean, acted wholly without

jurisdiction by "so ordering" case management order.

77. The "so ordered" case management order was commenced and instituted by defendant

McLean, maliciously and without "personal" nor "subject matter" jurisdiction, with the

deliberate intent to harm the Plaintiff, and is the cause of the violation of Plaintiffs'

fundamental rights alleged herein.

78. The aforementioned "acts" and "practices" by, defendant McLean, demonstrate deliberate

indifference, amounting to a violation of the Plaintiffs' constitutional right to "due process

of law," and ultimately, an unlawful deprivation of his "liberty" of "familial interest,"

all, protected by the 14th amendment of the U.S. Constitution and made cognizable

under 42 U.S.C. § 1983.

79. As a direct and proximate cause of Defendant McLeans,' abovementioned, acts and

practices, Plaintiff has suffered emotional distress such as pain and suffering, mental

anguish, medical bills, inconvenience, humiliation, embarrassment, loss of enjoyment of

life, stress, legal expenses, and a substantive 15 month forced separation between the

Plaintiff and child.

.

## CAUSE OF ACTION # 2

Violation of the Plaintiffs 14th Amendment Rights to Due Process of Law and Equal
Protection (42 U.S.C. §1983)
**Defendant Apostoli (in personal capacity) "authorization" of case management order
deprived the Plaintiff of Substantive and Procedural Due Process and Equal Protection**

80. Plaintiff realleges and incorporates by reference each allegation contained in

the preceding paragraphs 1 thru 54 of this complaint herein as if fully set forth.

81. Fourteenth Amendment, Section. 1. "… nor shall any State deprive any person of life,

liberty, or property, without due process of law; nor deny to any person within its

jurisdiction the equal protection of the laws."

82. At the time defendant Apostoli, under the color of law, "authorized" January 14th, 2020,

"case management" order, the Plaintiff had not made an appearance in the case and was not

subject to the court "personal" jurisdiction.

83. The Plaintiff was not provided "notice" of defendant Angel "petition for custody,"

nor was the Plaintiff provided "notice" of the courts summons, and ultimately, the Plaintiff

was not provided "notice" of defendant Apostoli' "authorized" case management order.

84. The Plaintiff and defendant Angel had not satisfied "due process" requirement of submitting a "proposed case management order" to the court for review, which further deprived defendant Mclean of "subject matter" jurisdiction.

85. Furthermore, the Plaintiff was deprived of the required "notice" of magistrate jurisdiction, which effectively deprived defendant Apostoli of jurisdiction to participate in the case.

86. However, on January 14th, 2020, under the color of law, defendant Apostoli, acted wholly without jurisdiction by "authorizing" case management order.

87. The "so ordered" case management order was "authorized" by defendant Apostoli, maliciously, without "personal" nor "subject matter" jurisdiction, with the deliberate intent to harm the Plaintiff, and is the cause of the violation of Plaintiffs' fundamental rights alleged herein.

88. The aforementioned "acts" and "practices" by, defendant Apostoli, demonstrate reckless deliberate indifference, amounting to a violation of the Plaintiffs' constitutional right to "due process of law," and ultimately, constitute an unlawful deprivation of his "liberty" of "familial interest," all, protected by the 14th amendment of the U.S. Constitution, made cognizable under 42 U.S.C. § 1983.

89. As a direct and proximate cause of Defendant Apostoli,' abovementioned, acts and practices, Plaintiff has suffered emotional distress such as pain and suffering, mental anguish, medical bills, inconvenience, humiliation, embarrassment, loss of enjoyment of

54

90. life, stress, legal expenses, and a substantive 15 month forced separation between the

Plaintiff and child

## CAUSE OF ACTION # 3

Conspiracy to <u>Violate Plaintiffs 14th Amendment Right to Due Process of Law and
Equal Protection (42 U.S.C. §1985 (3))</u>
**Defendants McLean and Apostoli (in personal capacities) conspired to deprive the
Plaintiff of his rights to "equal protection," and "due process of law."**

91. Plaintiff realleges and incorporates by reference each allegation contained in

the preceding paragraphs 1 thru 65 of this complaint herein as if fully set forth.

92. To establish a conspiracy claim under § 1985 (3), plaintiffs "must show among other

things, that defendants 'reached an understanding to violate [their] rights.'"  Rowe v. City

of Fort Lauderdale , 279 F.3d 1271, 1283 (11th Cir. 2002) (quoting Strength v. Hubert ,

8542d 421,425(11th Cir. 1988).

93. Defendants McLean and Apostoli, maliciously, conspired to deprive the Plaintiff of

"equal protection' and "due process" based upon the Plaintiff being, a non-white, a pro se

litigant, and a non-military member.

94. Defendants McLean and Apostoli, are both states actors, who conspired to influence the

court proceedings in the Plaintiffs' custody case.

95. On January 14th, 2020, under the color of law, both, defendants McLean and Apostoli,

collectively, acted wholly without jurisdiction, by "procuring" fraudulent case

management order, without "personal" nor "subject matter" jurisdiction.

96. Defendants McLean and Apostoli, demonstrated reckless indifference by, jointly, and

directly, participating in the fraudulent procurement of jurisdiction, which resulted in the

VOID, January 14th, 2020, case management order, which is the cause of the violation of

Plaintiffs' fundamental rights alleged herein.

97. The aforementioned "acts" and "practices" by, defendants McLean and Apostoli,

demonstrate reckless deliberate indifference, amounting to a violation of the Plaintiffs'

constitutional right to, "equal protection" and  "due process of law," and ultimately,

constitute an unlawful deprivation of Plaintiffs' "liberty" of "familial interest," all,

protected by the 14th amendment of the U.S. Constitution, made cognizable under 42

U.S.C. § 1983.

98. As a direct and proximate cause of Defendants McLean and Apostoli,' abovementioned,

acts and practices, Plaintiff has suffered emotional distress such as pain and suffering,

mental anguish, medical bills, inconvenience, humiliation, embarrassment, loss of

enjoyment of life, stress, legal expenses. and a substantive 15 month forced separation

between the Plaintiff and child.

## CAUSE OF ACTION # 4

### Violation of the Plaintiffs 14th Amendment Right to Due Process and Equal Protection (42 U.S.C. §1983)
**Defendant Apostoli (in personal capacity) issuance of "order requiring mediation" violated the Plaintiff right to "due process" and "equal protection rights"**

99. Plaintiff realleges and incorporates by reference each allegation contained in

the preceding paragraphs 1 thru 73 of this complaint herein as if fully set forth.

Fourteenth Amendment, Section. 1. "… nor shall any State deprive any person of life,

liberty, or property, without due process of law; nor deny to any person within its

jurisdiction the equal protection of the laws."

100. On August 19th, 2020, Defendant Apostoli continued her "fraudulent procurement

of Jurisdiction, when defendant Apostoli, acted wholly without jurisdiction, forthwith

entering "Order Requiring Mediation" without "personal" nor "subject matter

jurisdiction."

101. At the time defendant Apostoli, entered the August 19th, 2020, "Order Requiring

Meditation" the Plaintiff had not made an appearance in the case and was not subject to

the court "personal" jurisdiction.

102. The Plaintiff was not provided "notice" of defendant Angel "petition for custody,"

nor was the Plaintiff provided "notice" of the courts summons, and the Plaintiff

was not provided "notice" of defendant Apostoli' "authorized" case management order.

103. The Plaintiff and defendant Angel had not satisfied "due process" requirement of submitting a "proposed case management order" to the court for review, which further deprived defendants Mclean and Apostoli of "subject matter" jurisdiction.

104. The Plaintiff was not provided "notice" of magistrate jurisdiction pursuant to C.R.M. Rules 5(g) and (6) which effectively, deprived defendant Apostoli of "subject matter" jurisdiction to participate in the case, and consequently, deprived the Plaintiff of his right to "object" to magistrate jurisdiction. However, on August 19th, 2020, under the color of law, defendant Apostoli, maliciously, acted wholly without jurisdiction, by entering "Order Requiring Mediation," with the deliberate intent to harm the Plaintiff, which is the cause of the violation of Plaintiffs' fundamental rights alleged herein.

105. The aforementioned "acts" and "practices" by, defendant Apostoli, demonstrate reckless. deliberate indifference, amounting to a violation of the Plaintiffs' constitutional right to "equal protection" and "due process of law," and ultimately, constitute an unlawful deprivation of Plantiffs "liberty" of "familial interest," all, protected by the 14th amendment of the U.S. Constitution, made cognizable under 42 U.S.C. § 1983.

106. As a direct and proximate cause of Defendant Apostoli,' abovementioned, acts and practices, Plaintiff has suffered emotional distress such as pain and suffering, mental anguish, medical bills, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress, legal expenses, and a substantive 15 month forced separation between the Plaintiff and child.

## CAUSE OF ACTION # 5

### Violation of the Plaintiffs 14th Amendment Right to Due Process and Equal Protection (42 U.S.C. §1983)
**Defendant Cordova (in personal capacity) submission of "fraudulent" mandatory disclosure violated the Plaintiff rights to "due process" and "equal protection"**

107. Plaintiff realleges and incorporates by reference each allegation contained in

the preceding paragraphs 1 thru 83 of this complaint herein as if fully set forth.

108. Fourteenth Amendment, Section. 1. "… nor shall any State deprive any person of life,

liberty, or property, without due process of law; nor deny to any person within its

jurisdiction the equal protection of the laws."

109. On October, 19th, 2020, defendant Cordova, under the color of law, committed "fraud

upon the court" when defendant Cordova, willfully, "altered" and "falsified," court

prepared, JDF 1338, with the intent to satisfy the "mandatory disclosure" legal

requirement, effectively violating Plaintiffs protected rights pursuant to section 14-10-

116.5, C.R.S.

110. The court record, clearly demonstrates, that pertinent sections of the court prepared, JDF

1338 (mandatory disclosure), had been, maliciously, "altered," "removed," and falsified,

prior to defendant Cordova filing the "fraudulent" JDF 1338 with the court.

111. Defendant Cordovas' failure to satisfy mandatory disclosure requirements, was done with

deliberate intent to harm the Plaintiff, which is the cause of the violation of Plaintiffs'

fundamental rights alleged herein.

112. The aforementioned "acts" and "practice" by, defendant Cordova, demonstrate reckless,

deliberate indifference, amounting to a violation of the Plaintiffs' constitutional right to

"equal protection" and "due process of law," and ultimately, constitute an unlawful

deprivation of Plaintiffs "liberty" of "familial interest," all, protected by the 14th

amendment of the U.S. Constitution, made cognizable under 42 U.S.C. § 1983.

113. As a direct and proximate cause of Defendant Cordovas,' abovementioned, acts and

practices, Plaintiff has suffered emotional distress such as pain and suffering, mental

anguish, medical bills, inconvenience, humiliation, embarrassment, loss of enjoyment of

life, stress, legal expenses, and a substantive 15 month forced separation between the

Plaintiff and child.


### CAUSE OF ACTION #6

Violation of the Plaintiff 14th Amendment Rights to "due process" and "equal
protection" (42 U.S.C § 1983)
**Defendant Apostoli (in personal capacity) deprived the Plaintiff of Substantive
and Procedural Due Process and Equal Protection**

114. Plaintiff realleges and incorporates by reference each allegation contained in

the preceding paragraphs 1 thru 90 of this complaint herein as if fully set forth.

115. Fourteenth Amendment, Section. 1. "… nor shall any State deprive any  person of life,

liberty, or property, without due process of law; nor deny to any person within its

jurisdiction the equal protection of the laws."

116. The Plaintiff and defendant did not file the required "proposed case management" order, the Plaintiff was not served "notice" of the courts "case management" order, and the Plaintiff was not served adequate "notice" to object to magistrate jurisdiction, Plaintiff was not served "notice" of "complaint" nor "summons."

117. However, on June 22nd, 2021, Defendant Apostoli, continued to commit "fraud upon the court" by entering "Allocation of Parental Responsibility" order wholly without "subject matter" jurisdiction.

118. Defendant Apsotoli, June 22nd, 2021, "APR" order was commenced and instituted by Defendant Apostoli, maliciously, without "subject matter" jurisdiction," and with the deliberate intent to harm the Plaintiff, and is the cause of the violation of Plaintiffs' fundamental rights alleged herein.

119. The aforementioned "acts" and "practices" by, defendant Apostoli, demonstrate deliberate indifference, amounting to a violation of the Plaintiffs' constitutional right to "due process of law," and ultimately, an unlawful deprivation of his "liberty" of "familial interest," all, protected by the 14th amendment of the U.S. Constitution and made cognizable under 42 U.S.C. § 1983.

120. As a direct and proximate cause of Defendant Apostoli,' abovementioned, acts and practices, Plaintiff has suffered emotional distress such as pain and suffering, mental anguish, medical bills, inconvenience, humiliation, embarrassment, loss of enjoyment of

life, stress, legal expenses, and a substantive 15 month forced separation between the

Plaintiff and child.

### CAUSE OF ACTION # 7

<u>Violation of the Plaintiffs 14th Amendment Right to Due Process of Law</u>
and Equal Protection  (42 U.S.C. §1985 (3)
**Defendants McLean, Apostoli and Cordova furthered the conspiracy to deprive the
Plaintiff of his right to "equal protection," "due process of law"**

121. Plaintiff realleges and incorporates by reference each allegation contained in

the preceding paragraphs 1 thru 97 of this complaint herein as if fully set forth.

122. To establish a conspiracy claim under § 1985 (3), plaintiffs "must show among other

things, that defendants 'reached an understanding to violate [their] rights.'"  Rowe v. City

of Fort Lauderdale , 279 F.3d 1271, 1283 (11th Cir. 2002) (quoting Strength v. Hubert ,

2d 421,425(11th Cir. 1988).

123. On October 19th, 2020, defendant Cordova, joined the conspiracy with defendants

McLean and Apostoli, to deprive the Plaintiff of his constitutional rights, when defendant

Cordova filed "fraudulent" JDF 1338 with the court.

124. The fact that the JDF 1338 had been, willfully, altered and pertinent "disclosure" sections

of the JDF 1338 had been removed, including signature section, demonstrates deliberate

intent to harm the Plaintiff.

125. The fact that defendant McLean and Apostoli, remained silent and allowed defendant

Cordova to proceed in the case, despite defendant Cordova clear failure to satisfy

mandatory disclosure requirements and acts of "fraud upon of court," demonstrates an

'affirmative' link between defendants' McLean and Apostoli and the unconstitutional acts

by defendant Cordova, and further demonstrates, an understanding between defendants

McLean and Apostoli, and defendant Cordova, to deprive the Plaintiff of "equal

protection" under the law..

126. The conspiracy to deprive the Plaintiff of his constitutional rights was "exemplified" by

defendants McLean, Apostoli and Cordova, when on February 16th, 2021, defendant

Cordova, under the color of law, maliciously, submitted, "Child and Family Investigation

Report and Recommendations" in violation of "mandatory disclosure" requirements.

127. The "report and recommendations," recommended, in part, that defendant Angel be

allowed to relocate with the Plaintiffs' child to Japan, based upon defendants Angels'

military service. Defendant Cordova, describes in the "report" that defendant Angel has

military "order" and must deploy, if the Plaintiff wants to continue his 50/50 parenting

time, the Plaintiff should move to Japan."

128. Later, on June 22nd, 2021, under the color of law, defendant Apostoli, adopted and

heavily relied upon defendant Cordovas,'"fraudulent," "report and recommendations,"

effectively, depriving the Plaintiff of "equal protection" and "due process," based in part,

upon the Plaintiffs non-military status, which is the cause of the violation of Plaintiffs'

fundamental rights alleged herein.

129. The aforementioned fraudulent "acts" and "practices" set in motion by, defendants

McLean and Apostoli, and joined by defendant Cordova, demonstrate a concerted, reckless,

deliberate indifference, amounting to a violation of the Plaintiffs' constitutional right to

"equal protection" and "due process of law," and ultimately, constitute an unlawful

deprivation of Plaintiffs "liberty" of "familial interest," all, protected by the 14th

amendment of the U.S. Constitution, made cognizable under 42 U.S.C. § 1983.

130. As a direct and proximate cause of Defendants, McLean, Apostoli, and Cordova,

abovementioned, acts and practices, Plaintiff has suffered emotional distress such as pain

and suffering, mental anguish, medical bills, inconvenience, humiliation, embarrassment,

loss of enjoyment of life, stress, legal expenses, and a substantive 15 month forced

separation between the Plaintiff and child.

## CAUSE OF ACTION # 8

### Violation of the Plaintiff 4th Amendment Right to be "secure" in his person, and right to "probable cause" (42 U.S.C § 1983)
Defendant Apostoli (in personal capacity) unlawful issuance of warrant caused
Deprivation of the Plaintiff of Substantive and Procedural Due Process and Equal Protection

131. Plaintiff realleges and incorporates by reference each allegation contained in

the preceding paragraphs 1 thru 107 of this complaint herein as if fully set forth.

132. Fourth Amendment, "… right of the people to be secure in their persons, houses, papers,

and effects, against unreasonable searches and seizures, shall not be violated, and no

Warrants shall issue, but upon probable cause, supported by Oath or affirmation"

133. On July 23rd, 2021, defendant Apostoli committed "fraud upon the court," when the

defendant violated the "warrant clause" by issuing a warrant to seize the Plaintiffs child

without making the required findings of "probable cause," depriving Plaintiff of protections

pursuant to C.R.S. § 14-13.5-109

134. Defendant Apostoli failure to enter findings that, "there is a credible risk that the child is

imminently likely to be wrongfully removed," effectively, deprived defendant Apostoli of

jurisdiction, however, under the color of law, on July 23rd, 2021, defendant Apostoli,

without "subject matter" jurisdiction, issued "warrant" to unlawfully seize the Plaintiffs

child.

135. The July 23rd, 2021, "warrant' was commenced and instituted by defendant Apostoli,

maliciously, without "subject matter" jurisdiction," and with the deliberate intent to harm

the Plaintiff, and is the cause of the violation of Plaintiffs' fundamental rights alleged.

herein.

136. The forceful language defendant Apostoli used in the July 26th, 2021, "fraudulent" "pick

up" order which stated, "Said law enforcement is authorized to use what force is reasonably

necessary to effectuate this pick up order," caused the Plaintiff to fear for him and his

childs safety, which caused the Plaintiff to relinquish his child to local authorities on July

26th, 2021.

137. The aforementioned "acts" and "practices" by, defendant Apostoli, demonstrate

deliberate indifference, amounting to a violation of the Plaintiffs' constitutional right to

be "secure in his person" and right to an adequate finding of "probable cause," protected

by the 4th amendment of the U.S. Constitution made enforceable by the 14th amendment,

which ultimately, caused an unlawful deprivation of Plaintiffs "liberty" of "familial

interest," protected by the 14th amendment of the U.S. Constitution, both of which are

made cognizable under 42 U.S.C. § 1983.

138. As a direct and proximate cause of Defendant Apostoli,' abovementioned, acts

and practices, Plaintiff has suffered emotional distress such as pain and suffering, mental

anguish, medical bills, inconvenience, humiliation, embarrassment, loss of enjoyment of

life, stress, legal expenses, and a substantive 15 month forced separation between the

Plaintiff and child.

## CAUSE OF ACTION #9

### Conspiracy to Violate the Plaintiffs 4th Amendment Rights to be "secure" in his person, and right to "probable cause" (42 U.S.C. §1985 (3))
Defendants McLean, and Apostoli furthered the conspiracy to deprive the
Plaintiff of his right to "equal protection," and "due process of law"

139. Plaintiff realleges and incorporates by reference each allegation contained in

the preceding paragraphs 1 thru 115 of this complaint herein as if fully set forth.

140. To establish a conspiracy claim under § 1985 (3), plaintiffs "must show among other

things, that defendants 'reached an understanding to violate [their] rights.'" *Rowe v. City

of Fort Lauderdale* , 279 F.3d 1271, 1283 (11th Cir. 2002) (quoting Strength v. Hubert ,

2d 421,425(11th Cir. 1988).

66

141. Defendants McLean and Apostoli, jointly, entered the "fraudulent" case management

order, demonstrates a casual connection to July 26th, 2021, "fraudulent warrant."

142. Defendant McLean sat on her hands, when defendant Apostoli entered the warrant without

"probable cause," evidencing defendant McLean approval of defendant Apostoli

unconstitutional "acts." In fact, the record demonstrates that, defendant McLean, actually

supported, the unlawful, warrant and seizure of the Plaintiffs' child, by using the "warrant"

as a basis to repeatedly, infringe upon the Plaintiffs' protected "liberty." Wherein defendant

McLean, unlawfully, unilaterally, restricted the Plaintiff parenting time without "notice"

and "opportunity" to defend against the allegations pursuant to C.R.S. 14-13-5-108(1).

Pursuant to May 9th, 2022, transcript, pages 91-92, line, 17-25 and lines1-5, defendant

McLean states as follows:

> Procedurally, the case is in a what I would say a very odd posture.
> Permanent orders were held in front of Magistrate Apostoli back in June of
> 2021. The initial orders were predicated upon Mother's expected
> deployment to Japan on July 30th of 2021. Father was given parenting time
> and was court ordered to return the child on July 23rd of 2021. He refused
> to follow that Court order. Police were called and went to his residence
> several times. Mother spent several days outside the residence trying to
> convince Father to comply After that, Mother was transferred out of state,
> but not deployed to Japan, in large part due to the Air Force's concerns
> about Father's contact and concerns about Father abducting the child while
> Mother was deployed. After that, Father's parenting time was fairly limited,
> with Mother being transferred out of state and the case became highly,
> highly litigated by numerous pleadings.

Here, the facts in the record demonstrate defendant McLean, once again used defendant

Angels military status and purported Air Force concerns, despite zero testimony from Air

67

Force officials, as a basis to deprive the Plaintiff of "equal protection," and "substantive"

and "procedural" due process, which effectively, concealed the fact that defendant Angel

abducted the Plaintiffs child out of state without court permission.

143. Further, defendant McLeans' statement, "He refused to follow that Court order" was not

supported by any evidence found in the record, in fact, both, defendant McLean and

Apostoli, ignored the Plaintiffs demand for a mandatory hearing to refute defendant Angels

allegations, and refused to address the courts failure to provide the Palintiff with the

required "hearing," mandated by state law pursuant to C.R.S. 14-13-5-108(1), further,

demonstrating an "understanding" between defendants McLean and Apostoli to deprive the

Plaintiff of his 4th and 14th amendment rights.

144. The gist of defendant Angel demand for a "warrant" was that defendant Angel was a

member of the U.S. Air Force and had orders to Japan. Defendant Angel, deliberately,

misrepresented the facts to the court, by informing the court that, the Plaintiff told her he

would not be returning the child, without providing a shred of evidence in support. Without

any evidence in support, and without making requisite finding of "imminent removal,"

defendant Apostoli deprived the plaintiff of "equal protection" under the 14th amendment

of the U.S. Constitution, based upon the Plaintiffs non-military status, by forthwith issuing

a "warrant" to pick up child, under the color of law..

145. The combined actions and inactions, set in motion, by defendants McLean and

Apostoli, were commenced and instituted, maliciously, with the deliberate intent to harm

the Plaintiff, and is the cause of the violation of Plaintiffs' fundamental rights alleged.

herein.

146. The aforementioned, concerted "acts" and "practices" by, defendants McLean and

Apostoli, demonstrate, a conspiratorial, deliberate indifference, amounting to a violation of

the Plaintiffs' constitutional rights to "equal protection" and "due and process of law,"

ultimately, causing an unlawful "seizure" of Plaintiffs child and causing a deprivation of

Plaintiffs "liberty" of "familial interest," protected by the 4th and 14th amendments of the

U.S. Constitution and made cognizable under 42 U.S.C. § 1985(3).

147. As a direct and proximate cause of defendants McLean and Apostoli,' abovementioned,

acts and practices, Plaintiff has suffered emotional distress such as pain and suffering,

mental anguish, medical bills, inconvenience, humiliation, embarrassment, loss of

enjoyment of life, stress, legal expenses, and a substantive 15 month forced separation

between the Plaintiff and child.

## CAUSE OF ACTION #10

### Violation of the Plaintiff 14th Amendment Rights to "due process" and "equal protection" (42 U.S.C § 1983)

Defendant Moschetti (in personal capacity) denial of C.R.C.P Rule 59 and 60 motion
deprived the Plaintiff of Substantive and Procedural Due Process and Equal Protection

148. Plaintiff realleges and incorporates by reference each allegation contained in

the preceding paragraphs 1 thru 125 of this complaint herein as if fully set forth.

149. Fourteenth Amendment, Section. 1. "… nor shall any State deprive any person of life,

liberty, or property, without due process of law; nor deny to any person within its

jurisdiction the equal protection of the laws."

150. On July 23rd, 2021, the Plaintiff filed "RESPONDENT'S VERIFIED MOTION FOR

RECONSIDERATION PURSUANT TO C.R.C.P. RULE 59 AND 60."

151. On August 23rd, 2021, under the color of law, defendant Moschetti, acted wholly without

"subject matter" jurisdiction by entering, "Order: Respondent's Verified Motion for

Reconsideration Pursuant to C.R.C.P. Rule 59 and 60," effectively, denying the Plaintiffs'

RESPONDENT'S VERIFIED MOTION FOR RECONSIDERATION PURSUANT TO

C.R.C.P. RULE 59 AND 60." See *In re Parental Responsibilities Concerning M.B.-M.*,

252 P.3d 506, 510 (Colo. App. 2011) ("magistrate cannot rule on a motion to reconsider

under C.R.C.P. 59 or for relief under C.R.C.P. 60(b).")

152. Defendant Moschetti, August 23rd, 2021, denial "order" was commenced and instituted by

defendant Moschetti, maliciously, without "subject matter" jurisdiction," and with the

deliberate intent to harm the Plaintiff, and is the cause of the violation of Plaintiffs'

fundamental rights alleged herein.

153. The aforementioned "acts" and "practices" by, defendant Moschetti, demonstrate

deliberate indifference, amounting to a violation of the Plaintiffs' constitutional right to

"due process of law," and ultimately, an unlawful deprivation of his "liberty" of "familial

interest," all, protected by the 14th amendment of the U.S. Constitution and made

70

cognizable under 42 U.S.C. § 1983.

154. As a direct and proximate cause of Defendant McLeans,' abovementioned, acts

and practices, Plaintiff has suffered emotional distress such as pain and suffering, mental

anguish, medical bills, inconvenience, humiliation, embarrassment, loss of enjoyment of

life, stress, legal expenses, and a substantive 15 month forced separation between the

Plaintiff and child.

### CAUSE OF ACTION #11

### Violation of the Plaintiff 14th Amendment Rights to "due process" and "equal protection" (42 U.S.C § 1983)
Defendant Moschetti (in personal capacity) issuance of orders while authority suspended deprived the Plaintiff of Substantive and Procedural Due Process and Equal Protection

155. Plaintiff realleges and incorporates by reference each allegation contained in

the preceding paragraphs 1 thru 131 of this complaint herein as if fully set forth.

156. Fourteenth Amendment, Section. 1. "… nor shall any State deprive any person of life,

liberty, or property, without due process of law; nor deny to any person within its

jurisdiction the equal protection of the laws."

157. On November 8th, 2021, the Plaintiff file a "Motion for Change of Judge," however

defendant Moschetti deprived the Plaintiff of the protections of C.R.C.P. Rule 97, when

while defendant Moschetti authority was suspended due to the pending "Motion for

Change of Judge," defendant Moschetti, committed "fraud upon the court" and acted

wholly without "subject matter" jurisdiction, by entering (5) unlawful orders.

158. The (5) unlawful orders (ORDER 11/16/2021, 10:22 AM, ORDER 11/16/2021 11:08

AM, ORDER 11/22/2021 10:27 AM, ORDER01/06/2022 2:15 PM, ORDER 01/07/2022

8:43 AM.) were commenced and instituted by defendant Moschetti, maliciously, without

"subject matter" jurisdiction, and with the deliberate intent to harm the Plaintiff, and is the

cause of the violation of Plaintiffs' fundamental rights alleged herein.

159. The aforementioned "acts" and "practices" by, defendant Moschetti, demonstrate

deliberate indifference, amounting to a violation of the Plaintiffs' constitutional right to

"due process of law," and ultimately, an unlawful deprivation of his "liberty" of "familial

interest," all, protected by the 14th amendment of the U.S. Constitution and made

cognizable under 42 U.S.C. § 1983.

160. As a direct and proximate cause of Defendant Moschetti,' abovementioned, acts and

practices, Plaintiff has suffered emotional distress such as pain and suffering, mental

anguish, medical bills, inconvenience, humiliation, embarrassment, loss of enjoyment of

life, stress, legal expenses, and a substantive 15 month forced separation between the

Plaintiff and child.


### CAUSE OF ACTION #12

### Conspiracy to Violate the Plaintiffs 14th Amendment Rights to equal protection
### and due process(42 U.S.C. §1985 (3))

Defendants McLean, Moschetti, Bursek, Angel, and Townsend (in individual
capacities) furthered the conspiracy to deprive the Plaintiff of his right to "equal
protection," and "due process of law"

161. Plaintiff realleges and incorporates by reference every allegation contained in the

preceding paragraphs 1 thru 137 of this complaint herein as if fully set forth.

162. On or about November 11th, 2021, the Plaintiff contacted the U.S. State Department, at

which time, federal workers informed the Plaintiff that his child did not have a valid U.S.

Passport and could not have deployed to Japan with the Mother. Once Plaintiff discovered

and informed the court that, defendant Angel and defendant Bursek lied about defendant

Angel deploying to Japan; defendants Angel, Townsend, McLean, Bursek, and

Moschetti, under the color of "state" law, 1.) quickly began suppressing and concealing, all

evidence of defendant Angels child abduction, 2.) began using their authority

to unlawfully restrict the Plaintiff of his constitutional rights and prevent Plaintiff from

recovering his child, and 3.) began using their authority to "threaten," "oppress" and

"intimidate" the Plaintiff into submission and silence, which individually and collectively

cause of the violations of Plaintiffs' fundamental rights alleged herein.

163. Here it cannot be disputed that defendant Angel did not deploy to Japan. Facts in the

record demonstrate defendants, McLean, Bursek, Angel, Townsend and Air Force "john

doe" personnel, collectively, schemed to deprive the Plaintiff of his fundamental

constitutional rights by; 1.) by providing "emails" stating defendant Angel had deployed,

2.) by defendants Angel and Townsend providing "fraudulent" Air Force "letters" and

"memorandums" indicating and informing the court defendant Angel deployed to Japan,

and 2.) by defendants Bursek and Angel stating to the Plaintiff and the court that defendant Angel had deployed to undisclosed location causing the Plaintiffs loss of "familial interest." 3.) by defendant McLean granting defendant Angel an order to get child a passport for Japan on May 9th, 2022, notwithstanding the facts that defendant Angel failed to properly motion the court for passport order, and that defendant Angel informed the court her and child had deployed to Japan months prior in November 2021. Defendant McLean passport order had the effect of sanctioning defendant Angel abduction and allowed defendant to by-pass U.S State Department "abduction protections" and due process requirements. 4.) by ignoring the Plaintiffs demands for hearings, effectively depriving the Plaintiff of his rights to, "court access," and the "care, custody, and control of his child." 5.) by defendant Moschetti, without subject matter jurisdiction, granting defendant Angel "motions to stay" while change of judge motions were pending, and 6.) by defendant McLean refusing to issue final determinations on the Plaintiffs "petitions for review."

164. The Plaintiff made repeated made attempts to recover his child by filing numerous motions with the court:

-On 9/15/21 Plaintiff filed motion to "modify parenting time" which Plaintiff was denied "court access" on.

-On 12/27/21, Plaintiff filed "motion for contempt" which Plaintiff was demied "court access" on.

-On 2/11/22, the Plaintiff filed "motion concerning parenting time disputes" which Plaintiff was denied "court access" on.

On 2/15/ 22, Plaintiff filed "motion for habeas corpus" which Plaintiff was denied "court access" on.

On 4/1/22, Plaintiff file "motion for habeas corpus" which Plaintiff was denied "court access" on.

On 4/4/22, Plaintiff filed another "abduction motion" which Plaintiff was deprived "hearing" on.

On 4/25/22, Plaintiff filed another "abduction prevention motion" with attached pictures of the Plaintiffs child playing at a park in Ohio a few days prior, and informing defendant McLean that defendant Angel was now attempting to abduct his child to Europe without court permission, however defendant McLean deprived Plaintiff of hearing and informed the Plaintiff that defendant McLean would continue to deny Plaintiffs "abducted motion" effectively depriving the Plaintiff of "court access"

On 2/8/23, Plaintiff filed "abduction motion" informing defendant McLean that defendant Angel had abducted Plaintiffs child from Ohio and/or was in process of "abducting" Defendant McLean, again, denied the Plaintiff a "hearing," and forthwith entered an order sanctioning the deprivation of Plaintiffs right to "equal protection" and "due process" when defendant McLean stated, "The Court cannot find that Mother has, or will, abduct the child. **If Mother has in fact taken the child out of the United States on military orders, supervised visitation will be more difficult, but not impossible. Video visits should continue as ordered. If Mother has moved, she is admonished that she is to file notice of a change of address under seal** with this Court as she is in the address confidently program." (defendant McLean statement is a direct fraud upon the court and clearly contradict her own findings 10 months prior on May 9th, 2022, transcript defendant McLean states, " Court is concerned Mother is using Act to Prevent Father from having parenting time and refusal to provide child location – **pg. 17, line 1-4** - Mr. Bryant, it appears, from the evidence, that the child is out of state – **pg.44, lines 17-18**."

165. Defendant Angel has since refused to provide Plaintiff with his childs whereabouts,

has severed all communication between the Plaintiff and child and has maliciously

deprived Plaintiffs of all in person parenting time. **The Plaintiff was informed, that ON**

**OR ABOUT 2/8/23, DEFENDANT ANGEL HAS, AGAIN, ABDUCTED**

**PLAINTIFFS' CHILD OUT OF OHIO TO AN UNKNOWN LOCATION."**

166. The aforementioned "acts" and "practices" by, defendant McLean, Moschetti, Bursek,

Angel, Townsend, and "Air Force John Does," demonstrate, a malicious, invidious animus

religion to harm the Plaintiff, amounting to a violation of the Plaintiffs' constitutional rights

to, "equal protection," and "due process" of law, and ultimately, result in an unlawful

deprivation of Plaintiffs fundamental right to "court access," all, protected by the and 14th

amendment of the U.S. Constitution and made cognizable under 42 U.S.C. § 1983.

167. As a direct and proximate cause of defendant McLeans, Moschetti, Bursek,

Angel, Townsend, and "Air Force John Does," abovementioned, acts and

practices, Plaintiff has suffered emotional distress such as pain and suffering, mental

anguish, medical bills, inconvenience, humiliation, embarrassment, loss of enjoyment of

life, stress, legal expenses, substantive frustration of Plaintiffs attempts to recover parental

rights, loss of parental rights, and a substantive 15 month forced separation between the

Plaintiff and his child.


**CAUSE OF ACTION #13**

**Violation of the Plaintiff 14th Amendment Rights to "due process" and "equal
protection" (42 U.S.C § 1983)**
Defendant Moschetti (in personal capacity) issuance of orders while authority suspended
deprived the Plaintiff of Substantive and Procedural Due Process and Equal Protection

168. Plaintiff realleges and incorporates by reference each every allegation contained in

the preceding paragraphs 1 thru 1144 of this complaint herein as if fully set forth.

153. Fourteenth Amendment, Section. 1. "… nor shall any State deprive any person of life,

   liberty, or property, without due process of law; nor deny to any person within its

   jurisdiction the equal protection of the laws."

154. On January 14th, 2022, at 4:30 A.M. the Plaintiff filed a 2nd "Motion for Change of

   Judge" against defendant Moschetti.

155. While defendant Moschetti authority was "suspended," under the color of law, defendant

   Moschetti, continued to commit "fraud upon the court" and act wholly without "subject

   matter" jurisdiction, by entering, and additional, (11) unlawful orders, again depriving

   Plaintiff of due process and equal protection of the law pursuant to C.R.C.P. Rule 97.

156. The (11) unlawful orders, ORDER 01/14/2022 9:40 AM, ORDER 01/20/2022 8:01 AM,

   ORDER 02/07/2022 10:38 AM , ORDER 03/09/2022 7:34 AM, ORDER 03/09/2022 7:37

   AM, ORDER 03/16/2022 10:49 AM, ORDER 03/22/2022 3:32 PM, ORDER 03/23/2022

   7:49 AM, ORDER 04/04/2022 9:10 AM, ORDER 04/04/2022 9:12 AM, ORDER

   04/05/2022 7:59 AM, were commenced and instituted by defendant Moschetti,

   maliciously; despite "repeated" admonishment and instruction from "supervisory"

   authority, without "subject matter" jurisdiction, and with the deliberate intent to harm the

   Plaintiff, and is the cause of the violation of Plaintiffs' fundamental rights alleged herein.

157. The aforementioned "acts" and "practices" by, defendant Moschetti, demonstrate an

   invidious animus religion , amounting to, conscience shocking, violations of the Plaintiffs'

constitutional rights to "due process of law," and ultimately, an unlawful deprivation of his

"liberty" of "familial interest," all, protected by the 14th amendment of the U.S.

Constitution and made cognizable under 42 U.S.C. § 1983.

158. As a direct and proximate cause of Defendant Moschetti,' abovementioned, acts and

practices, Plaintiff has suffered emotional distress such as pain and suffering, mental

anguish, medical bills, inconvenience, humiliation, embarrassment, loss of enjoyment of

life, stress, legal expenses, and a substantive 15 month forced separation between the

Plaintiff and child.

### CAUSE OF ACTION #14

### Conspiracy to Violate the Plaintiffs 14th Amendment Rights to "equal protection" and "due process" (42 U.S.C. §1985 (3))

Defendants McLean and Moschetti (individual capacities) furthered the conspiracy to
deprive the Plaintiff of his rights to "equal protection," and "due process of law"

159. Plaintiff realleges and incorporates by reference each and every allegation contained in

the preceding paragraphs 1 thru 158 of the complaint herein as if fully set forth.

160. To establish a conspiracy claim under § 1985 (3), plaintiffs "must show among other

things, that defendants 'reached an understanding to violate [their] rights.'"  Rowe v. City

of Fort Lauderdale , 279 F.3d 1271, 1283 (11th Cir. 2002) (quoting Strength v. Hubert ,

2d 421,425(11th Cir. 1988).

161. The fact that defendant Moschetti entered (17) orders, against the Plaintiff, without

"subject matter" jurisdiction, under the color of law, demonstrates a casual connection that,

defendant Moschetti has joined the conspiracy, by adopting the unlawful "practice," set in

motion by defendants McLean and Apostoli, to deprive the Plaintiff of his constitutional

rights.

162. The fact that defendant McLean accused the Plaintiff of "bury" defendant Moschetti with

filings, consequently, forcing defendant McLean to step in and take over the case,

demonstrates under the color of law, defendant McLeans' "approval" of defendant

Moschetti unlawful behavior. Defendant McLeans" refusal to enter final, appealable orders

on the Plaintiffs "petitions for review," and defendant Moschetti refusal to enter a final,

appealable order on the Plaintiffs' "Motion for Change of Judge, both under the color of

law, further demonstrates an agreement between defendants McLean and Moschetti to

violate Plaintiffs,' equal protection and due process rights, and effectively, concealed the

unconstitutional acts committed by defendant Moschetti against the Plaintiff, which is the

cause of the violations of Plaintiffs' fundamental rights alleged herein.

163. The aforementioned "acts" and "practices" by, defendants McLean, and

Moschetti, demonstrate an invidious animus religion , amounting to, conscience shocking

violations of the Plaintiffs' constitutional rights to, "equal protection" and "due process of

law," and ultimately, an unlawful deprivation of his "liberty" of "familial interest,"

all, protected by the 14th amendment of the U.S. Constitution and made cognizable

under 42 U.S.C. § 1985 (3).

164. As a direct and proximate cause of defendants McLean, and Moschetti,'

abovementioned, acts and practices, Plaintiff has suffered emotional distress such as pain

and suffering, mental anguish, medical bills, inconvenience, humiliation, embarrassment,

loss of enjoyment of life, stress, legal expenses, and a substantive 15 month forced

separation between the Plaintiff and child.

### CAUSE OF ACTION # 15

Violation of the Plaintiffs 14th Amendment Right to Due Process of Law and Equal Protection
(42 U.S.C. §1983)
**Defendants' McLean (in personal capacity) substantive restriction of Plaintiffs parenting
time violated Plaintiffs rights to Due Process Rights and Equal Protection**

165. Plaintiff realleges and incorporates by reference each and every allegation contained in

the preceding paragraphs 1 thru 164 of this complaint herein as if fully set forth.

166. Fourteenth Amendment, Section. 1. "… nor shall any State deprive any  person of life,

liberty, or property, without due process of law; nor deny to any person within its

jurisdiction the equal protection of the laws."

167. On April 13th, 2022, under the color of law, defendant McLean acted wholly without

Jurisdiction when the defendant infringed on the Plaintiffs fundamental right to "familial

interest" effectively depriving the Plaintiff of due process rights to "notice" and

opportunity to "be heard" protected under C.R.C.P. Rule 8.

168. Defendant McLean, maliciously, used defendant Angels military status as a basis to not

enforce the standing custody agreement, with deliberate intent on harming the Plaintiff,

80

and without a finding of "parental unfitness," shockingly, unilaterally, restricted the

Plaintiffs' parenting time from 50/50 custody to allow "some contact," and fraudulently,

delegated parenting time enforcement "duties" to defendant Bursek, which defendant

Bursek made a "false declaration" to perform as an "officer of the court" pursuant to 18

U.S. Code § 1623, and in violation of case precedent. See *In re Marriage of Hatton*, 160 P.

3d 326 - Colo: Court of Appeals, 2nd Div. 2007 'Several divisions of this court have held

that a trial court may not delegate decisions regarding the exercise of parenting time to a

third party because such decisions must be made by the court," which is the cause of the

violation of Plaintiffs' fundamental rights alleged herein,

169. The aforementioned "acts" and "practices" by, defendant McLean, demonstrate deliberate

indifference and an invidious animus religion, amounting to a violation of the Plaintiffs'

constitutional rights to, "equal protection" and "due process" of law, and ultimately, result

in an unlawful deprivation of Plaintiffs "liberty" of "familial interest," all, protected by the

14th amendment of the U.S. Constitution and made cognizable under 42 U.S.C. § 1983.

170. As a direct and proximate cause of Defendant McLeans,' abovementioned, acts and

practices, Plaintiff has suffered emotional distress such as pain and suffering, mental

anguish, medical bills, inconvenience, humiliation, embarrassment, loss of enjoyment of

life, stress, legal expenses, and a substantive 15 month forced separation between the

Plaintiff and child.

**CAUSE OF ACTION #16**

**Conspiracy to Violate the Plaintiffs 14th Amendment Rights to "equal protection" and "due process" (42 U.S.C. §1985 (3))**
Defendants McLean, Bursek, (individual capacities) furthered the conspiracy to
deprive the Plaintiff of his rights to "equal protection," and "due process of law"

171. Plaintiff realleges and incorporates by reference every allegation contained in

the preceding paragraphs 1 thru 170 of this complaint herein as if fully set forth.

172. To establish a conspiracy claim under § 1985 (3), plaintiffs "must show among other

things, that defendants 'reached an understanding to violate [their] rights.'"  Rowe v. City

of Fort Lauderdale , 279 F.3d 1271, 1283 (11th Cir. 2002) (quoting Strength v. Hubert ,

2d 421,425(11th Cir. 1988).

173. The facts that, defendant McLean, under the color of law, during the April 13th, 2022,

hearing, 1.) had no clue where the Plaintiffs child was located 2.) refused to enforce

standing custody agreement, 3.) allowed defendant Bursek to decline to answer questions

regarding defendant Angels' child abduction based upon defendant Bursek fraudulent

"national security" statement, 4.) allowed unsworn statements made by defendant Bursek

to rise to fact, 5.) showed a pre-disposition to deprive the plaintiff of "court access" by

informing defendant Bursek his response to Plaintiffs' pending appeals were discretionary

and 6.) made an agreement with defendant Bursek to allow the Plaintiff "some contact,"

demonstrates a invidious connection and understanding between defendants McLean and

Bursek, to deprive the Plaintiff of his "equal protection" and "due process" rights, which

82

collectively, cause the conspiracy violating Plaintiffs' fundamental rights alleged herein.

174. The aforementioned collective "acts" and "practices" by defendants McLean, and Bursek,

demonstrate an invidious animus religion, and a conspiratorial, deliberate, indifference,

amounting to, conscience shocking violations of the Plaintiffs' constitutional rights to,

"equal protection" and "due process of law," and ultimately, result in an unlawful

deprivation of Plaintiffs "liberty" of "familial interest," all, protected by the 14th

amendment of the U.S. Constitution and made cognizable under 42 U.S.C. § 1985 (3).

175. As a direct and proximate cause of defendants McLean, Apostoli, and Moschetti,'

abovementioned, acts and practices, Plaintiff has suffered emotional distress such as pain

and suffering, mental anguish, medical bills, inconvenience, humiliation, embarrassment,

loss of enjoyment of life, stress, legal expenses, and a substantive 15 month forced

separation between the Plaintiff and child.

## CAUSE OF ACTION # 17

Violation of the Plaintiffs 14th Amendment Right to Due Process of Law and Equal Protection
(42 U.S.C. §1983)
**Defendant McLean (in personal capacity) substantive restriction of Plaintiffs care,
custody, and control of his child violated Plaintiffs rights to
Due Process Rights and Equal  Protection**

176. Plaintiff realleges and incorporates by reference every allegation contained in

the preceding paragraphs 1 thru 175 of this complaint herein as if fully set forth.

177. Fourteenth Amendment, Section. 1. "… nor shall any State deprive any  person of life,

liberty, or property, without due process of law; nor deny to any person within its

jurisdiction the equal protection of the laws."

178. On April 13th, 2022, under the color of law, defendant McLean acted wholly without

Jurisdiction when the defendant infringed on the Plaintiffs fundamental right to "familial

interest" effectively depriving the Plaintiff of due process rights to "notice" and

opportunity to "be heard" protected under C.R.C.P. Rule 8.

179. Defendant McLean, acted maliciously, committed "fraud upon the court," and

demonstrated a deliberate indifference and intent to harm the Plaintiff, when  defendant

McLean gave defendant Bursek, the courts permission to file a "proposed order," despite

defendant Burseks' failure to actually "motion" the court, invoking the courts authority to

issue said "proposed order," which  said "proposed order" allowed defendant Angel

to obtain a U.S. Passport by "fraudulently" informing the U.S. State Department that the

Plaintiff had no custodial rights.

**180.** Moreover, defendant McLean refused to address the "merits" of the Plaintiffs May 5th,

2022, "motion to dismiss" in violation of C.R.C.P. 12(d), See *Werth v. Heritage Int'l*

*Holdings*, PTO, 70 P.3d 627 (Colo. App. 2003)." If a court's jurisdiction is contested by

means of a C.R.C.P. 12(b)(1) motion and there are contested issues of fact, the trial court

is required to hold an evidentiary hearing to resolve those issues," however on May 9th,

2022, without "subject matter" jurisdiction, defendant McLean granted defendant Angel

"proposed order" in violation of state law motion practice C.R.C.P. Rule 7 and C.R.C.P.

12(d), which successfully concealed defendant Angels' child abduction and sanctioned

defendants Angels "fraud upon the U.S. Department of State," and concealed the fact that

defendant McLean lacked subject matter jurisdiction to issue the order in the first place,

consequently depriving the Plaintiff of "equal protection" and "due process" of law,

which is the cause of the violation of Plaintiffs' fundamental rights alleged herein.

181. The aforementioned "acts" and "practices" by, defendant McLean, demonstrate deliberate

indifference and an invidious animus religion, amounting to a violation of the Plaintiffs'

constitutional rights to, "equal protection" and "due process" of law, and ultimately, result

in an unlawful deprivation of Plaintiffs "liberty" of "familial interest," all, protected by the

14th amendment of the U.S. Constitution and made cognizable under 42 U.S.C. § 1983.

182. As a direct and proximate cause of Defendant McLeans,' abovementioned, acts and

practices, Plaintiff has suffered emotional distress such as pain and suffering, mental

anguish, medical bills, inconvenience, humiliation, embarrassment, loss of enjoyment of

life, stress, legal expenses, and a substantive 15 month forced separation between the

Plaintiff and child.


## CAUSE OF ACTION #18

### Conspiracy to Violate the Plaintiffs 14th Amendment Rights to "equal protection" and "due process" (42 U.S.C. §1985 (3))

Defendants McLean, Bursek, and Angel (individual capacities) furthered the conspiracy to
deprive the Plaintiff of his rights to "equal protection," and "due process of law"

183. Plaintiff realleges and incorporates by reference every allegation contained in

the preceding paragraphs 1 thru 182 of this complaint herein as if fully set forth.

184. To establish a conspiracy claim under § 1985 (3), plaintiffs "must show among other

things, that defendants 'reached an understanding to violate [their] rights.'" Rowe v. City

of Fort Lauderdale , 279 F.3d 1271, 1283 (11th Cir. 2002) (quoting Strength v. Hubert ,

2d 421,425(11th Cir. 1988).

185. The facts that, defendant McLean, during the April 13th, 2022, hearing, 1.) had no clue

where the Plaintiffs child was located, 2.) granted "proposed order" in violation of due

process" requirements of C.R.C.P. Rule 7, 3.) allowed defendant Bursek to decline to

answer questions regarding defendant Angels' child abduction based upon defendant

Bursek fraudulent "national security" statement, 4.) allowed unsworn statements made by

defendant Bursek to rise to fact, 5.) showed a pre-disposition to deprive the plaintiff of

"court access" by informing defendant Bursek his response to Plaintiffs' (2) pending

Petitions was discretionary, 6.) made an agreement with defendant Bursek to allow the

Plaintiff "some contact," 7.) ignored facts in record wherein defendant Angel filed

numerous motion under the "service member civil relief act" alleging defendant Angel had

already "deployed" to Japan, 8.) refused to hear and determine Plaintiffs' "motion to

dismiss" and 8.) unilaterally amended the courts June 22nd, 2021 "APR" order by extending

the court "no later than departure date," demonstrates an invidious connection and

understanding between defendants McLean and Bursek, to deprive the Plaintiff of his

86

"equal protection" and "due process" rights, which collectively, cause the conspiracy

violating Plaintiffs' fundamental rights alleged herein.

186. The aforementioned "acts" and "practices" by, defendants McLean, Bursek, and Angel

demonstrate an invidious animus religion, and a conspiratorial, deliberate, indifference,

under the color of law, amounting to conscience shocking violations of the Plaintiffs'

constitutional rights to, "equal protection" and "due process of law," and ultimately, result

in an unlawful deprivation of Plaintiffs "liberty" of "familial interest," all, protected by the

14th amendment of the U.S. Constitution and made cognizable under 42 U.S.C. § 1985 (3).

187. As a direct and proximate cause of defendants McLean, Bursek, and Angel,

abovementioned, acts and practices, Plaintiff has suffered emotional distress such as pain

and suffering, mental anguish, medical bills, inconvenience, humiliation, embarrassment,

loss of enjoyment of life, stress, legal expenses, and a substantive 15 month forced

separation between the Plaintiff and child.

## CAUSE OF ACTION # 19

Violation of the Plaintiffs 14th Amendment Rights to Due Process of Law and Equal
Protection (42 U.S.C. §1986)
**Defendant McLean (in personal capacity) knowing concealed defendant Moschetti
unlawful acts, violated Plaintiffs rights to Due Process Rights and Equal  Protection**

188. Plaintiff realleges and incorporates by reference each every allegation contained in

the preceding paragraphs 1 thru 187 of this complaint herein as if fully set forth.

189. In Bulloch v. United States, 763 F.2d 1115, 1121 (10th Cir. 1985), the court stated "Fraud

upon the court is fraud which is directed to the judicial machinery itself. ... It is where the

court or a member is corrupted or influenced or influence is attempted or where the judge

has not performed his judicial function --- thus where the impartial functions of the court

have been directly corrupted."

190. On May 9th, 2022, Defendant McLean, directly, "corrupted" the impartial functions of the

court when defendant McLean, refused to enforce her own findings, refused to "perform"

judicial functions effectively depriving the Plaintiff of protection under Colorado Code of

Judicial Conduct pursuant to Rule 2.2 and made materially "false statements," and made

"use of materially false documents," and took direct "acts" to conceal the unlawful conduct

of defendant Moschett pursuant to 18 U.S. Code § 1001.

191. During the May 9th, 2022, hearing defendant McLean, rejected numerous "void" orders,

while simultaneously, ruling on the "merits" of other "void" orders, entered by

defendant Moschetti, which had the effect of marginalizing and concealing the full

magnitude of defendant Moschetti unconstitutional acts. Defendant McLean further found

defendant Moschetti to have unlawfully "modified" the court record. However, when the

Plaintiff question defendant McLean if defendant Moschetti had been removed from the

case, defendant Mclean stated, "no" and "falsely" accused the Plaintiff of "bury" defendant

Moschetti with filings. Pursuant to May 9th, 2022, transcript, defendant McLean states as

follows:

MR. BRYANT: Has -- has -- so has Magistrate Moschetti been removed
from the case permanently? Because you that
THE COURT: No.
THE COURT: No. I am handling the matters right now because you're
burying my judges. I'm handling all of the matters for the time being.

192. Here the facts show defendant McLean had clear knowledge of the wrongs conspired to

be done by defendant Moschetti, and where are about to be committed, however

defendant McLean, knowingly, refused to exercise powers to prevent further wrongful

"acts" by allowing defendant Moschetti to remain on the case. Furthermore, the fact that

defendant McLean ruled on merits of defendant Moschetti void orders, in fact "aided"

defendant Moschetti, and furthered the wrongful acts committed by defendant Moschetti,

by allowing the void orders to fraudulently remain in "force and effect," which continue

to cause the violation of Plaintiffs' fundamental rights alleged herein.

193. The aforementioned "acts" and "practices" by, defendants McLean, demonstrate an

invidious animus religion, and a conspiratorial, deliberate, indifference to harm the

Plaintitff, amounting to, conscience shocking violations of the Plaintiffs' constitutional

rights to, "equal protection" and "due process of law," and ultimately, result in an

unlawful deprivation of Plaintiffs "liberty" of "familial interest," all, protected by the 14th

amendment of the U.S. Constitution and made cognizable under 42 U.S.C. § 1986.

194. As a direct and proximate cause of defendants McLean, Bursek, and Angel,

abovementioned, acts and practices, Plaintiff has suffered emotional distress such as pain

and suffering, mental anguish, medical bills, inconvenience, humiliation, embarrassment,

loss of enjoyment of life, stress, legal expenses, and a substantive 15 month forced

separation between the Plaintiff and child.

## CAUSE OF ACTION # 20

### Violation of the Plaintiffs 14th Amendment Rights to Due Process of Law and Equal Protection (42 U.S.C. §1983)

Defendant McLean (in personal capacity) knowing deprived the Plaintiff protected familial Interest without providing Plainitff Due Process Rights and Equal Protection

195. Plaintiff realleges and incorporates by reference every allegation contained in the

preceding paragraphs 1 thru 194 of this complaint herein as if fully set forth.

196. Fourteenth Amendment, Section. 1. "… nor shall any State deprive any person of life,

liberty, or property, without due process of law; nor deny to any person within its

jurisdiction the equal protection of the laws."

197. On May 27th, 2022, under the color of law, defendant McLean acted wholly without

Jurisdiction when the defendant infringed on the Plaintiffs fundamental right to "familial

interest" without providing the Plaintiff "notice" and opportunity to "be heard".

198. Here defendant McLean showed an indifference to the Plaintiffs constitutional "liberty"

to "familial" interest" when defendant McLean granted defendant Angels "Notice of

Submission of Petitioner's Address Under Seal," effectively, depriving Plaintiff of "court

access" on his affidavit to dismiss pursuant to C.R.C.P. Rule 12(d) and violating Plaintiffs

substantive and procedural due process rights, to adequate "notice" and an opportunity to

"be heard," which cause the violation of Plaintiffs' fundamental rights alleged herein.

alleged herein.

199. The aforementioned "acts" and "practices" by, defendants McLean and Bursek,

demonstrate, a malicious, invidious animus religion to harm the Plaintiff, amounting to a

violation of the Plaintiffs' constitutional rights to, "court access," "equal protection," and

"due process" of law, and ultimately, result in an unlawful deprivation of Plaintiffs

"liberty" of "familial interest," all, protected by the and 14th amendment of the U.S.

Constitution and made cognizable under 42 U.S.C. § 1983.

200. As a direct and proximate cause of Defendant McLeans,' abovementioned, acts and

practices, Plaintiff has suffered emotional distress such as pain and suffering, mental

anguish, medical bills, inconvenience, humiliation, embarrassment, loss of enjoyment of

life, stress, legal expenses, and a substantive 15 month forced separation between the

Plaintiff and child.

## CAUSE OF ACTION #21

### Conspiracy to Violate the Plaintiffs 14th Amendment Rights to "equal protection" and "due process" (42 U.S.C. §1985 (3))

Defendants McLean, and Bursek, Angel (individual capacities) furthered the conspiracy to
deprive the Plaintiff of his rights to "equal protection," and "due process" of law

201. Plaintiff realleges and incorporates by reference every allegation contained in

the preceding paragraphs 1 thru 200 herein as if fully set forth.

202. To establish a conspiracy claim under § 1985 (3), plaintiffs "must show among other

things, that defendants 'reached an understanding to violate [their] rights.'" Rowe v. City

of Fort Lauderdale , 279 F.3d 1271, 1283 (11th Cir. 2002) (quoting Strength v. Hubert ,

2d 421,425(11th Cir. 1988).

203. The facts displayed during the May 9th, 2022, demonstrate a casual connection between

defendant McLean and Bursek, to deprive the Plaintiff of his fundamental constitutional

rights **1.)** defendant McLean had no clue where the Plaintiffs child was located, however,

notwithstanding the fact defendant Bursek refused to disclose the child whereabouts, not

withstanding the fact that defendant Bursek failure, to actually motion the court, to cite any

legal authority invoking the courts authority to act, defendant McLean orally directed

defendant Bursek to file defendant Angel address under seal, in clear violation of Plaintiffs

"substantive" and "procedural" due process rights pursuant to Civil Rules for District of

Colorado 7.2, **2.)** Defendant McLean deprived the Plaintiff of opportunity to be heard by

ignore the Plaintiffs "affidavit" to dismiss, which effectively deprived the Plaintiff of

"court access," **3.)** defendant McLean ignored the Plaintiff lack of "subject matter"

jurisdiction challenge despite having a "duty," mandated by the U.S. Supreme Court to

provide "proof" of "jurisdiction" from the record, **4.)** defendant McLean allowed

defendant Burseks unsworn testimony to rise to the level of fact despite defendant Angel

failure to appear at the May 9th, 2022, hearing as a "competent fact witness," which,

individually and collectively, cause the conspiracy violating Plaintiffs' fundamental

rights alleged herein.

204. The aforementioned collective acts and "practices" under the color of law, by defendants

McLean, Bursek, and Angel demonstrate an invidious animus religion, and a

conspiratorial, deliberate, indifference, amounting to, conscience shocking violations of

the Plaintiffs' constitutional rights to, "equal protection" and "due process of law," and

ultimately, result in an unlawful deprivation of Plaintiffs "liberty" of "familial interest,"

all, protected by the 14th amendment of the U.S. Constitution and made cognizable under

42 U.S.C. § 1985 (3).

205. As a direct and proximate cause of defendants McLean, Bursek, and Angel,

abovementioned, acts and practices, Plaintiff has suffered emotional distress such as pain

and suffering, mental anguish, medical bills, inconvenience, humiliation, embarrassment,

loss of enjoyment of life, stress, legal expenses, and a substantive 10 month forced

separation between the Plaintiff and child.

## CAUSE OF ACTION # 22

### Violation of the Plaintiffs 14th Amendment Rights to Due Process of Law and Equal Protection (42 U.S.C. §1983)
Defendant McLean (in personal capacity) knowing deprived the Plaintiff protected familial
Interest without providing Plainitff Due Process Rights and Equal Protection

206. Plaintiff realleges and incorporates by reference every allegation contained in the

preceding paragraphs 1 thru 205 of this complaint herein as if fully set forth.

207. Fourteenth Amendment, Section. 1. "... nor shall any State deprive any person of life,

liberty, or property, without due process of law; nor deny to any person within its

jurisdiction the equal protection of the laws."

208. On May 9th, 2022, under the color of law, defendant McLean acted wholly without

Jurisdiction, when the defendant infringed on the Plaintiffs due process right to "court

access" pursuant to C.R.C.P. Rule 8 and deprived Plaintiff of protections under Colorado

Code of Judicial Conduct Rule 2.2, when defendant McLean refused to take mandatory

judicial notice, stating to the Plaintiff that a mandatory judicial notice **"doesn't mean**

**anything,"** which had the effect of concealing critical evidence the Plaintiff was

attempting to present to the court, and consequently, deprived the Plaintiff of

"substantive" and "procedural" due process rights, which cause the violation of Plaintiffs'

fundamental rights alleged herein.

209. The aforementioned "acts" and "practices" by, defendants McLean, demonstrate, a

malicious, invidious animus religion to harm the Plaintiff, amounting to a violation of the

Plaintiffs' constitutional rights to, "court access," "equal protection," and "due process" of

law, and ultimately, result in an unlawful deprivation of Plaintiffs "liberty" of "familial

interest," all, protected by the 14th amendment of the U.S. Constitution and made

cognizable under 42 U.S.C. § 1983.

210. As a direct and proximate cause of Defendant McLeans,' abovementioned, acts and

practices, Plaintiff has suffered emotional distress such as pain and suffering, mental

anguish, medical bills, inconvenience, humiliation, embarrassment, loss of enjoyment of

life, stress, legal expenses, and a substantive 9 month forced separation between the

Plaintiff and child.

## CAUSE OF ACTION # 23

### Violation of the Plaintiffs 14th Amendment Rights to Due Process of Law and Equal Protection (42 U.S.C. §1983)

Defendant McLean (in personal capacity) knowing deprived the Plaintiff protected familial Interest without providing Plaintiff Due Process Rights and Equal Protection

211. Plaintiff realleges and incorporates by reference every allegation contained in the

preceding paragraphs 1 thru 210 of this complaint herein as if fully set forth.

212. Fourteenth Amendment, Section. 1. "… nor shall any State deprive any person of life,

liberty, or property, without due process of law; nor deny to any person within its

jurisdiction the equal protection of the laws."

213. On May 27th, 2022, under the color of law, defendant McLean acted wholly without

Jurisdiction by granting defendant Angel "emergency motion" and infringed on the

Plaintiffs fundamental right to "familial interest" without providing the Plaintiff "notice"

and opportunity to "be heard".

214. Here, in violation of C.R.C.P. Rule 8, defendant McLean showed an indifference to the

Plaintiffs constitutional "liberty" to "familial" interest" when, without defendant Angel

citing any legal authority invoking the courts power to "act," defendant McLean granted

defendant Angels "Motion for Emergency Temporary Orders Hearing and Request for

Expedited Briefing Schedule," effectively depriving Plaintiff of right to "notice" of what

the Plaintiff was expected to defend, and effectively depriving the Plaintiff of "equal

protection" and a "fair trial," by forcing the Plaintiff to attend an emergency hearing,

without the Plaintiff knowing the legal standard the court was proceeding under, which

cause the violation of Plaintiff' fundamental rights alleged herein.

215. The aforementioned "acts" and "practices" by, defendant McLean, demonstrate, a

malicious, invidious animus religion to harm the Plaintiff, amounting to a violation of the

Plaintiffs' constitutional rights to, "equal protection," and "due process" of law, and

ultimately, result in an unlawful deprivation of Plaintiffs "liberty" of "familial interest," all,

protected by the 14th amendment of the U.S. Constitution and made cognizable under

42 U.S.C. § 1983.

216. As a direct and proximate cause of defendant McLeans,' abovementioned, acts and

practices, Plaintiff has suffered emotional distress such as pain and suffering, mental

anguish, medical bills, inconvenience, humiliation, embarrassment, loss of enjoyment of

life, stress, legal expenses, and a substantive 9 month forced separation between the

Plaintiff and child.


## CAUSE OF ACTION # 24

### Violation of the Plaintiffs 14th Amendment Rights to Due Process of Law and Equal Protection (42 U.S.C. §1983)

Defendant McLean (in personal capacity) knowing deprived the Plaintiff of "court access"

217. Plaintiff realleges and incorporates by reference every allegation contained in the preceding paragraphs1 thru 216 of this complaint herein as if fully set forth.

218. Fourteenth Amendment, Section. 1. "… nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

219. On June 17th, 2022, under the color of law, defendant McLean acted wholly without Jurisdiction, and showed an indifference to the Plaintiffs constitutional rights to "notice" Under C.R.C.P. Rule 8, and deprived the Plaintiff of "court access," when the defendant McLean held "emergency" hearing, without 1.) informing the Plaintiff of what he was expected to defend, 2.) determining and informing the Plaintiffs of his rights on Plaintiffs claim of, "lack of subject matter jurisdiction" and "failure to state a claim," set forth in Plaintiffs, June 9th, 2022, "affidavit/motion to dismiss" which cause the violation of Plaintiff' fundamental rights alleged herein. See *Werth v. Heritage Int'l Holdings*, PTO, 70 P.3d 627 (Colo. App. 2003). ("If a court's jurisdiction is contested by means of a C.R.C.P. 12(b)(1) motion and there are contested issues of fact, the trial court is required to hold an evidentiary hearing to resolve those issues.')

220. The aforementioned "acts" and "practices" by, defendant McLean, demonstrate, a malicious, invidious animus religion to harm the Plaintiff, amounting to a violation of the Plaintiffs' constitutional rights to, "equal protection," and "due process" of law, and ultimately, result in an unlawful deprivation of Plaintiffs fundamental right to "court

access," all, protected by the and 14th amendment of the U.S. Constitution and made

cognizable under 42 U.S.C. § 1983.

221. As a direct and proximate cause of defendant McLeans,' abovementioned, acts and

practices, Plaintiff has suffered emotional distress such as pain and suffering, mental

anguish, medical bills, inconvenience, humiliation, embarrassment, loss of enjoyment of

life, stress, legal expenses, and a substantive 9 month forced separation between the

Plaintiff and child.

## **CAUSE OF ACTION # 25**

### **Violation of the Plaintiffs 14th Amendment Rights to Due Process of Law and Equal Protection (42 U.S.C. §1983)**
Defendant McLean (in personal capacity) knowing proceeded in the case despite being
disqualified as a "matter of law"

222. Plaintiff realleges and incorporates by reference every allegation contained in the

preceding paragraphs 1 thru 221 of ths complaint herein as if fully set forth.

223. Fourteenth Amendment, Section. 1. "… nor shall any State deprive any  person of life,

liberty, or property, without due process of law; nor deny to any person within its

jurisdiction the equal protection of the laws."

224. **On June 7th, 2022, Plaintiff filed Affidavit of Facts - Motion For Change of Judge,**

**Affidavit of Bias and Prejudice, and Brief in Support of Affidavit of Facts - Motion**

**to Change Judge. On June 8th, 2022, Plaintiff filed an additional "affidavit of fact.**

Plaintiff motions and affidavit were sufficient to cause defendant McLean recusal.

225. On June 17th, 2022, under the color of law, defendant McLean acted wholly without

Jurisdiction, and showed an indifference to the Plaintiffs constitutional rights, effectively

depriving the Plaintiff of protection under C.R.C.P. Rule 97, and the protection of the

Colorado Code of Judicial Conduct Rules 2.3, 2.11, when defendant McLean proceeded to

hold the June 17th, 2022, hearing, despite being disqualified as a "matter of law," pursuant

to C.R.C.P. Rule 97, effectively depriving the Plaintiff of rights to, "equal protection" and

"due process" of law, and "court access" which cause the violation of Plaintiff'

fundamental rights alleged herein.

226. The aforementioned "acts" and "practices" by, defendant McLean, demonstrate, a

malicious, invidious animus religion to harm the Plaintiff, amounting to a violation of the

Plaintiffs' constitutional rights to, "equal protection," and "due process" of law, and

ultimately, result in an unlawful deprivation of Plaintiffs "liberty" of "familial interest," all,

protected by the and 14th amendment of the U.S. Constitution and made cognizable under

42 U.S.C. § 1983.

227. As a direct and proximate cause of defendant McLeans,' abovementioned, acts and

practices, Plaintiff has suffered emotional distress such as pain and suffering, mental

anguish, medical bills, inconvenience, humiliation, embarrassment, loss of enjoyment of

life, stress, legal expenses, and a substantive 9 month forced separation between the

Plaintiff and child.

**CAUSE OF ACTION # 26**

**Violation of the Plaintiffs 14th Amendment Rights to Due Process of Law and Equal Protection (42 U.S.C. §1983)**

Defendant McLean (in personal capacity) knowing deprived the Plaintiff of notice of judicial determination of rights and obligations, based on "facts" and "law on the Plaintiffs "Motion for Change of Judge"

228. Plaintiff realleges and incorporates by reference each and every allegation contained in the preceding paragraphs 1 thru 227 of this complaint herein as if fully set forth.

229. Fourteenth Amendment, Section. 1. "… nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

230. Under the color of law, defendant McLean, continued her "fraud upon the court," showed an indifference to the Plaintiffs constitutional rights and knowingly refused to provide the Plaintiff with notice of judicial determination of rights and obligations based on facts protections under C.R.C.P. Rule 58(a) and Colorado Code of Conduct Rule 2.7 which has consequently, deprived the Plaintiff of his right to "access the Colorado Court of Appeals, causing "backwards and forward looking" claims, and sycessfully, concealing the fact that defendant McLean lack the judicial authority to hold the June 17th, 2022, hearing in the first place, which cause the violations of Plaintiff' fundamental rights alleged herein.

231. As of April 4th, 2023, defendant McLean still has not entered judgement into the record pursuant to C.R.C.P. Rule 58(a).

232. The aforementioned "acts" and "practices" by, defendant McLean, demonstrate, a

malicious, invidious animus religion to harm the Plaintiff, amounting to a violation of the

Plaintiffs' constitutional rights to, "equal protection," and substantive "due process" of

law, and ultimately, result in an unlawful deprivation of Plaintiffs "liberty" of "familial

interest," all, protected by the and 14th amendment of the U.S. Constitution and made

cognizable under 42 U.S.C. § 1983.

233. As a direct and proximate cause of defendant McLeans,' abovementioned, acts and

practices, Plaintiff has suffered emotional distress such as pain and suffering, mental

anguish, medical bills, inconvenience, humiliation, embarrassment, loss of enjoyment of

life, stress, legal expenses, unlawful restriction of parenting time, and a substantive 9

month forced separation between the Plaintiff and child.

## CAUSE OF ACTION # 27

### Violation of the Plaintiffs 1st Amendment Right to Free Speech and Right to Petition the Government Pursuant to § 1983 – Plaintiff Against All Defendants

234. Plaintiff realleges and incorporates by reference each and every allegation contained in

the preceding paragraphs 1 thru 234 of this complaint herein as if fully set forth.

235. The First Amendment of the United States Constitution guarantees all citizens the right to

free speech and right to petition the government, including the right to criticize the

government and government officials, and protects Plaintiff against retaliation for

engaging in constitutionally protected activity. See *Gentile v. State Bar of Nevada*, 501

U.S. 1030, 1034 (1991); See also *Hartman v. Moore*, 547 U.S.. 250, 256 (2006).

236. Under the color of law, during the June 17th, 2022, hearing, defendant McLean, continued

her "fraud upon the court" and showed an indifference to the Plaintiffs constitutional rights,

therein defendant McLean infringed on the Plaintiffs' constitutional rights, to" protected

speech," and to "petition the government for redress," effectively depriving the Plaintiff of

protections under C.R.C.P. Rule 8 and Colorado Code of Judicial Conduct Rule 2,6, when

defendant McLean in retaliation, based upon the Plaintiff forwarding his "Motion for

Change of Judge" to higher governmental officials, unlawfully, restricted the Plaintiffs'

"parenting time," which cause the violations of Plaintiff' fundamental rights alleged herein.

237. The aforementioned "acts" and "practices" by, defendant McLean, demonstrate, a

malicious, invidious animus religion to harm the Plaintiff, amounting to a violation of the

Plaintiffs' 1st amendment constitutional rights made enforceable by the right to petition for

redress and right to equal protection under the 14th amendment of the U.S. Constitution and

ultimately, result in an unlawful deprivation of Plaintiffs "liberty" of "familial interest," all,

protected by the and 14th amendment of the U.S. Constitution and made cognizable under

42 U.S.C. § 1983.

238. As a direct and proximate cause of defendant McLeans,' abovementioned, acts and

practices, Plaintiff has suffered emotional distress such as pain and suffering, mental

anguish, medical bills, inconvenience, humiliation, embarrassment, loss of enjoyment of

life, stress, legal expenses, unlawful restriction of parenting time, substantive loss of all in

person parenting time and a substantive 9 month forced separation between the Plaintiff

and child.

## CAUSE OF ACTION # 28

### Violation of the Plaintiffs 14th Amendment Rights to Due Process of Law and Equal Protection (42 U.S.C. §1983)

Defendant McLean (in personal capacity), unlawfully proceeded to hold July 22, 2022
"continuation hearing" without first, entering notice of judicial determination of rights and
obligations, based on "facts" and "law" on the courts June 17th, 2022, emergency hearing

239. Plaintiff realleges and incorporates by reference every allegation contained in the

preceding paragraphs 1 thru 238 of this complaint herein as if fully set forth.

240. Fourteenth Amendment, Section. 1. "… nor shall any State deprive any person of life,

liberty, or property, without due process of law; nor deny to any person within its

jurisdiction the equal protection of the laws."

241. Under the color of law, defendant McLean, continued her "fraud upon the court," and

showed an indifference to the Plaintiffs constitutional rights, when defendant McLean

"fraudulently" pursuant to 18 U.S. Code § 1001 held July 22nd, 2022, continuation hearing

in violation of "substantive" and "procedural" due process requirements, effectively

depriving Plaintiff of protections under C.R.C.P. Rule 58(a) and Colorado Code of Judicial

Conduct Rules 2.2. and 2.7, which required defendant McLean to first enter "notice" of

final, appealable determination on the June 17th,2022, emergency hearing, before

proceeding to July 22nd, 2022 continuation hearing.

242. Defendant McLean refusal to adhere to "due process," requirements, effectively, deprived

defendant McLean of "subject matter" jurisdiction to hold the July 22nd, 2022,

continuation hearing, and simultaneously, concealed the fact that defendant McLean

lacked "subject matter" to hold the June 17th, 2022, hearing in the first place, which

consequently, resulted in the "void" ORDER REGARDING JULY 22, 2022 HEARING,

that unlawfully, continued the restriction of the Plaintiffs in person parenting time, and

caused both "backwards" looking claims in appeals # 2021CA1128, 2021CA1724, and

22CA1990, and ultimately, cause the violations of Plaintiff' fundamental rights alleged

herein.

243. The aforementioned "acts" and "practices" by, defendant McLean, demonstrate, a

malicious, invidious animus religion to harm the Plaintiff, amounting to a violation of the

Plaintiffs' constitutional rights to, "equal protection," and substantive "due process" of

law, and ultimately, result in an unlawful deprivation of Plaintiffs "liberty" of "familial

interest," all, protected by the and 14th amendment of the U.S. Constitution and made

cognizable under 42 U.S.C. § 1983.

244. As a direct and proximate cause of defendant McLeans,' abovementioned, acts and

practices, Plaintiff has suffered emotional distress such as pain and suffering, mental

anguish, medical bills, inconvenience, humiliation, embarrassment, loss of enjoyment of

life, stress, legal expenses, unlawful restriction of parenting time, substantive loss of all in

person parenting time and a substantive 9 month forced separation between the Plaintiff

and child.

## CAUSE OF ACTION # 29

### Violation of the Plaintiffs 14th Amendment Rights to Due Process of Law and Equal Protection (42 U.S.C. §1983)

Defendant McLean (in personal capacity) knowing deprived the Plaintiff of right to notice of legal standard and right to "fair trial"

245. Plaintiff realleges and incorporates by reference every allegation contained in the

preceding paragraphs 1 thru 244 of this complaint herein as if fully set forth.

246. Fourteenth Amendment, Section. 1. "… nor shall any State deprive any person of life,

liberty, or property, without due process of law; nor deny to any person within its

jurisdiction the equal protection of the laws."

247. Under the color of law, defendant McLean acted wholly without Jurisdiction, when

defendant McLean proceed to hold July 22nd, 2022, hearing" in violation of Plaintiffs

"substantive" and "procedural" due process rights pursuant to C.R.C.P. Rule 8, which

caused an unlawful infringement on the Plaintiffs fundamental right to "familial interest."

248. Here defendant McLean, committed "fraud upon the court" and showed an indifference to

the Plaintiffs constitutional rights to, "notice," "equal protection," and a "fair trial," based

upon the following indisputable facts on the face of the record; 1.) an inspection of the

record demonstrates an order granting defendant Angels May 25th, 2022, "Motion to

Modify Parenting Time" is missing from the record, 2.) defendant Angels "Motion to

Modify Parenting Time" fails to "recite" a legal standard authorizing the court to "act," 3.)

prior to and during the July 22, 2022, hearing, defendant McLean refused to provide the

Plaintiff with the legal standard the court was proceeding under, which sucessfully

concealed the facts that defendant McLean lack subject matter jurisdiction to hold the

hearing in the first place, and cause "all" the violations of Plaintiff' fundamental rights

alleged herein.

249. The aforementioned "acts" and "practices" by, defendant McLean, demonstrate, a

malicious, invidious animus religion to harm the Plaintiff, amounting to a violation of the

Plaintiffs' constitutional rights to, "equal protection," and "due process" of law, and

ultimately, result in an unlawful deprivation of Plaintiffs "liberty" of "familial interest," all,

protected by the and 14th amendment of the U.S. Constitution and made cognizable under

42 U.S.C. § 1983.

250. As a direct and proximate cause of defendant McLeans,' abovementioned, acts and

practices, Plaintiff has suffered emotional distress such as pain and suffering, mental

anguish, medical bills, inconvenience, humiliation, embarrassment, loss of enjoyment of

life, stress, legal expenses, substantive loss of parenting rights and a substantive 9 month

forced separation between the Plaintiff and child.

## CAUSE OF ACTION # 30

### Violation of the Plaintiffs 14th Amendment Rights to Due Process of Law and Equal Protection (42 U.S.C. §1983)

Defendant McLean (in personal capacity) knowing deprived the Plaintiff of "court access"

251. Plaintiff realleges and incorporates by reference every allegation contained in the

preceding paragraphs 1 thru 250 of this complaint herein as if fully set forth.

252. Fourteenth Amendment, Section. 1. "… nor shall any State deprive any  person of life,

liberty, or property, without due process of law; nor deny to any person within its

jurisdiction the equal protection of the laws."

253. Under the color of law, defendant McLean acted wholly without Jurisdiction, when

defendant McLean held July 22nd, 2022, hearing" effectively depriving the Plaintiff of
both,

"notice" of what Plaintiff was expected to defend pursuant to C.R.C.P. Rule 8, and "notice"

of  "determination" pursuant to C.R.C.P. Rule 12(d), causing an unlawful infringement on

the Plaintiffs fundamental right to "familial interest."

254. Here, under the color of law, defendant McLean, committed "fraud upon the court" and

demonstrated a indifference to the Plaintiffs constitutional right to "court access," when the

defendant McLean held "modification" hearing, without first determining and informing

the Plaintiffs of his rights on Plaintiffs claim of, "lack of subject matter jurisdiction" and

"failure to state a claim," set forth in Plaintiffs, July 3rd, 2022, "affidavit/motion to

dismiss" which cause the violation of Plaintiff' fundamental rights alleged herein, and are now "backwards" and "forward" looking claims where official action frustrated the following appeals #2021CA1128, #2021CA1724, #2022CA1485, #2022CA1990, and 2022CA2281. See *Werth v. Heritage Int'l Holdings*, PTO, 70 P.3d 627 (Colo. App. 2003). If a court's jurisdiction is contested by means of a C.R.C.P. 12(b)(1) motion and there are contested issues of fact, the trial court is required to hold an evidentiary hearing to resolve those issues.

255. The aforementioned "acts" and "practices" by, defendant McLean, demonstrate, a malicious, invidious animus religion to harm the Plaintiff, amounting to a violation of the Plaintiffs' constitutional rights to, "equal protection," and "due process" of law, and ultimately, result in an unlawful deprivation of Plaintiffs fundamental right to "court access," all, protected by the and 14th amendment of the U.S. Constitution and made cognizable under 42 U.S.C. § 1983.

256. As a direct and proximate cause of defendant McLeans,' abovementioned, acts and practices, Plaintiff has suffered emotional distress such as pain and suffering, mental anguish, medical bills, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress, legal expenses, substantive loss of parenting rights, and a substantive 9 month forced separation between the Plaintiff and child.

## CAUSE OF ACTION #31

### Conspiracy to Violate the Plaintiffs 14th Amendment Rights to "equal protection" and "due process" (42 U.S.C. §1985 (3))

Defendants McLean, and Bursek, (individual capacities) furthered the conspiracy to deprive the Plaintiff of his rights to "equal protection," and "due process" of law

257. Plaintiff realleges and incorporates by reference every allegation contained in the preceding paragraphs 1 thru 256 of this complaint herein as if fully set forth.

258. To establish a conspiracy claim under § 1985 (3), plaintiffs "must show among other things, that defendants 'reached an understanding to violate [their] rights.'" Rowe v. City of Fort Lauderdale , 279 F.3d 1271, 1283 (11th Cir. 2002) (quoting Strength v. Hubert , 2d 421,425(11th Cir. 1988).

**259.** The facts displayed during the July 22, 2022, hearing demonstrate a casual connection between defendant McLean and Bursek, to deprive the Plaintiff of his fundamental constitutional rights **1.)** defendant Bursek failed to recite a specific legal standard in "motion to modify" and defendant McLean still held July 22nd 2022 hearing despite this clear jurisdictional, **2.)** defendant McLean refused to answer oral question "what specific legal standard court was proceeding under" and deferred question to defendant Bursek, whom immediately continued the "fraud upon the court" by stating C.R.C.P. 14-10-129 (1)(a)(1), notwithstanding the fact that the court had NOT entered an order granting his client a motion under C.R.C.P. 14-10-129(1)(a)(1), and the July 22nd, 2022, hearing, was clearly a continuation hearing of the June 17th, 2022, emergency hearing. The fact that

defendant McLean remained silent; despite clear jurisdictional failing, allowing defendant Bursek to commit' "fraud upon the court," and knowing continued to proceed with the hearing, demonstrates an approval of defendant Burseks' "fraudulent" statement, and an understanding between defendants Bursek and McLean to deprive the Plaintiff of his constitutional rights, which cause the violations of Plaintiff' fundamental rights alleged herein.

260. The aforementioned "acts" and "practices" by, defendants McLean, and Bursek, under the color of law, and in violation of C.R.C.P. Rule 8 demonstrate an invidious animus religion, and a conspiratorial, deliberate, indifference, amounting to, conscience shocking violations of the Plaintiffs' constitutional rights to, "equal protection" and "due process of law," and ultimately, result in an unlawful deprivation of Plaintiffs "liberty" of "familial interest," all, protected by the 14th amendment of the U.S. Constitution and made cognizable under 42 U.S.C. § 1985 (3).

261. As a direct and proximate cause of defendants McLean, and Bursek, abovementioned, acts and practices, Plaintiff has suffered emotional distress such as pain and suffering, mental anguish, medical bills, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress, legal expenses, substantive loss of parenting rights and a substantive 10 month forced separation between the Plaintiff and child.

## CAUSE OF ACTION # 32

### Violation of the Plaintiffs 14th Amendment Rights to Due Process of Law and Equal Protection (42 U.S.C. §1983)
Defendant McLean (in personal capacity) knowing deprived the Plaintiff of rights
to be heard at a meaningful time and place

262. Plaintiff realleges and incorporates by reference every allegation contained in the

preceding paragraphs 1 thru 261 of this complaint herein as if fully set forth.

263. Fourteenth Amendment, Section. 1. "… nor shall any State deprive any  person of life,

liberty, or property, without due process of law; nor deny to any person within its

jurisdiction the equal protection of the laws."

264. Under the color of law, defendant McLean acted wholly without Jurisdiction, when

defendant McLean , violated Plaintiffs "substantive" and "procedural" due process rights

to, "fair trail" and "be heard," which caused an unlawful infringement on the Plaintiffs

fundamental right to "familial interest."

**265.** Here, under the color of law, defendant McLean, committed "fraud upon the court" 18

U.S. Code § 1001 and demonstrated a indifference to the Plaintiffs constitutional right to

"be heard" pursuant to Colorado Code of Professional Conduct Rule 2.6, when the

defendant McLean limited the Plaintiffs' time, to cross examine defendant Angel, to

present evidence, and to testify on own behalf, which cause the violations of Plaintiff'

fundamental rights alleged herein. See *In re Marriage of Goellner*, 770 P.2d 1387, 1389

(Colo. App. 1989) "a court's interest in administrative efficiency may not be given

precedence over a party's right to due process, which includes the right to cross-examine

to meet opposing evidence and to oppose with evidence.

266. The aforementioned "acts" and "practices" by, defendant McLean, demonstrate, a

malicious, invidious animus religion to harm the Plaintiff, amounting to a violation of the

Plaintiffs' constitutional rights to, "equal protection," "due process" right to a "fair trial",

and right to "be heard" in a "meaningful manner," and fundamental right to "court

access," all, protected by the and 14th amendment of the U.S. Constitution and made

cognizable under 42 U.S.C. § 1983.

267. As a direct and proximate cause of defendant McLeans,' abovementioned, acts and

practices, Plaintiff has suffered emotional distress such as pain and suffering, mental

anguish, medical bills, inconvenience, humiliation, embarrassment, loss of enjoyment of

life, stress, legal expenses, substantive loss of parenting rights, and a substantive 9 month

forced separation between the Plaintiff and child.


**CAUSE OF ACTION # 33**

**Violation of the Plaintiffs 14th Amendment Rights to Due Process of Law and Equal
Protection (42 U.S.C. §1983)**
Defendant McLean (in personal capacity) knowing deprived the Plaintiff of "court access"

268. Plaintiff realleges and incorporates by reference every allegation contained in the

preceding paragraphs 1 thru 267 of this complaint herein as if fully set forth.

269. Fourteenth Amendment, Section. 1. "… nor shall any State deprive any  person of life,

liberty, or property, without due process of law; nor deny to any person within its

jurisdiction the equal protection of the laws."

270. Under the color of law, defendant McLean, exceeded jurisdiction, when " On September

26th, 2022, defendant McLean, denied the Plaintiffs "EMERGENCY MOTION TO SET

ASIDE VOID JUDGEMENT(S) PURSUANT TO C.R.C.P. RULE 60(b)(3)" as "untimely,

in violation of Plaintiffs "substantive" and "procedural" due process rights "court access,"

"be heard," pursuant to C.R.C.P. Rule 12(b)(1), (b)(5), and (d), which prevented the

Plaintiffs claims from being adjudicated on its "merits" and caused an unlawful

infringement on the Plaintiffs fundamental right to "familial interest."

271. Here, under the color of law, defendant McLean, committed "fraud upon the court" and

demonstrated a indifference to the Plaintiffs constitutional right to "court access," when

defendant McLean failed to adhere to U.S. Supreme Court case law and state case law, that

required defendant McLean to provide "proof" of jurisdiction from the court record, which

has now become a "backwards" looking claim, and is the cause the violation of Plaintiff'

fundamental rights alleged herein.

272. The aforementioned "acts" and "practices" by, defendant McLean, demonstrate, a

malicious, invidious animus religion to harm the Plaintiff, amounting to a violation of the

Plaintiffs' constitutional rights to, "equal protection," and "due process" of law, and

ultimately, result in an unlawful deprivation of Plaintiffs fundamental right to "court

access," all, protected by the and 14th amendment of the U.S. Constitution and made

cognizable under 42 U.S.C. § 1983.

273. As a direct and proximate cause of defendant McLeans,' abovementioned, acts and

practices, Plaintiff has suffered emotional distress such as pain and suffering, mental

anguish, medical bills, inconvenience, humiliation, embarrassment, loss of enjoyment of

life, stress, legal expenses, substantive loss of parenting rights, and a substantive 9 month

forced separation between the Plaintiff and child.


## CAUSE OF ACTION # 34

### Violation of the Plaintiffs 14th Amendment Rights to Due Process of Law and Equal Protection (42 U.S.C. §1983)

Defendant McLean (in personal capacity) knowing deprived the Plaintiff of "court access"

274. Plaintiff realleges and incorporates by reference every allegation contained in the

preceding paragraphs 1 thru 273 of this complaint herein as if fully set forth.

275. Fourteenth Amendment, Section. 1. "… nor shall any State deprive any  person of life,

liberty, or property, without due process of law; nor deny to any person within its

jurisdiction the equal protection of the laws."

276. On February 1st, 2023, defendant McLean, exceeded jurisdiction, by "frustrating

Plaintiff in preparing and filing suits" in violation of Plaintiffs "substantive" and

"procedural" due process rights pursuant to C.R.C.P. Rule 8, which effectively, caused an

unlawful infringement on the Plaintiffs fundamental right to "court access" under the 14th

amendment of the U.S. Constitution.

114

277. Here, under the color of law, defendant McLean, committed "fraud upon the court" and demonstrated a indifference to the Plaintiffs constitutional right to "court access," when on February 1, 2023, defendant McLean "ordered" the Plaintiff to comply with "arbitrary" filing requirements, without providing, the Father with adequate "notice' and an "opportunity" to defend against the deprivation of his fundamental right, which is the cause the violation of Plaintiff' fundamental rights alleged herein.

278. The aforementioned "acts" and "practices" by, defendant McLean, demonstrate, a malicious, invidious animus religion to harm the Plaintiff, amounting to a violation of the Plaintiffs' constitutional rights to, "equal protection," and "due process" of law, and ultimately, result in an unlawful deprivation of Plaintiffs fundamental right to "court access," all, protected by the and 14th amendment of the U.S. Constitution and made cognizable under 42 U.S.C. § 1983.

279. As a direct and proximate cause of defendant McLeans,' abovementioned, acts and practices, Plaintiff has suffered emotional distress such as pain and suffering, mental anguish, medical bills, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress, legal expenses, substantive frustration of Plaintiffs attempts to recover parental rights, and a substantive frustration of Plaintiffs attempts to hold defendant Angel accountable for depriving Plaintiff of his protected "liberty."

## CAUSE OF ACTION # 35

### Violation of the Plaintiffs 14th Amendment Rights to Due Process of Law and Equal Protection (42 U.S.C. §1983)

State of Colorado  (in personal capacity) is municipal liable

280. Plaintiff realleges and incorporates by reference every allegation contained in the preceding paragraphs 1 thru 279 of this complaint herein as if fully set forth.

281. Fourteenth Amendment, Section. 1. "… nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

282. On or about March 10th, 2022, the Plaintiff filed complaint with attorney regulation board against defendant Moschetti. On or about June 7th, 2022, Plaintiff forwarded copies of "motion for change of Judge" against defendant Mclean to Colorado Governors Office, Colorado Secretary of State and Colorado State Attorney General Office. On or about July 25th, 2022, the Plaintiff filed complaint with Colorado State Attorney Office against the defendants McLean, Apostoli, and Moschetti to no avail, consequently, the "fraud upon the court" and conspiracy "set in motion" by defendants McLean, Moschetti, and Apostoili continued unabated.

283. Here the State of Colorado failed to "act" affirmatively at all. The fact that the State of Colrado sat on its hands after repeated, unlawful acts of subordinate officers, such failure "evidences a `deliberate indifference' to the rights of Plaintiff. The State of Colorado' toleration of the defendant McLeans, Apostoli, and Moschettis' behavior establishes a

116

policy-in-practice, and such policy-in-practice was adopted to deprive the Plaintiff of his

protected "liberty." See *Troxel v. Granville* 530 U.S. 57 (2002) ("The state may not

interfere in child rearing decisions when a fit parent is available.")

284. The Plaintiff states the sheer number of unlawful orders enter by defendants McLean,

Apostoli, and Moschetti demonstrates an adopted practice that is so widespread as to have

the force of law, such relevant practice substantiates a custom amounting to a deliberate

indifference to the Plaintiffs constitutional rights, and such adopted custom was the

moving force behind the violations of those rights. Furthermore, the State of Colorados'

inaction or failure to remove defendants' McLean, Apostoli, and Moschetti from the case

and/or take disciplinary action against defendants, evidences an 'affirmative' link between

the State of Colorado  and the unconstitutional acts, set in motion, by defendants McLean,

Apostoli, and Moschetti, which adopted a policy and practice that set in motion the

concealing of material facts, and the acts of conspiracy, and acts lacking of subject matter

jurisdiction that is being waged against him.

285. The aforementioned "acts" and "practices" by, defendant State of Colorado, demonstrate,

a refusal to supervise its employees, a malicious, invidious animus religion to harm the

Plaintiff, amounting to a violation of the Plaintiffs' constitutional rights to, "protected

speech," "petition government for redress," "probable cause and unlawful seizures,"

"privacy," "court access," "equal protection," and substantive and procedural "due

process" of law, ", and ultimately, result in an unlawful deprivation of Plaintiffs

fundamental right to "familial interest," all, protected by the 1st, 5th, and 14th amendment

of the U.S. Constitution and made cognizable under 42 U.S.C. § 1983.

286. As a direct and proximate cause of defendant State of Colorado,' abovementioned, acts

and practices, Plaintiff has suffered emotional distress such as pain and suffering, mental

anguish, medical bills, inconvenience, humiliation, embarrassment, loss of enjoyment of

life, stress, legal expenses, loss of parental rights, substantive frustration of Plaintiffs

attempts to recover parental rights, and a substantive frustration of Plaintiffs attempts to

hold defendant Angel accountable for depriving Plaintiff of his protected "liberty" and a

substantive 15 month forced separation between the Plaintiff and child.

## CAUSE OF ACTION # 36

### Violation of the Plaintiffs 1st, 4th, and 14th Amendments (42 U.S.C. §1983)
Plaintiff seeks injunctive relief against Defendants McLean, Apostoli, Moschetti
(in their Official capacities)

287. Plaintiff realleges and incorporates by reference every allegation contained in the

preceding paragraphs 1 thru 286 of this complaint herein as if fully set forth.

288. Fourteenth Amendment, Section. 1. "… nor shall any State deprive any person of life,

liberty, or property, without due process of law; nor deny to any person within its

jurisdiction the equal protection of the laws."

289. Defendants McLean, Apostoli, and Moschetti, have shown a deliberate intent to harm the

Plainitff, and they have continue to flagrantly, maliciously, violate the Plaintiffs' constitutional rights, which is the cause of this "official capacities" claim herein.

290. Plaintiff is seeking court order: 1.) declaring violations of Plaintiffs' constitutional rights are occurring (declaratory relief) and 2.) directing the defendants to discontinue their "fraud" upon the court" and "conspiracy" wherein the defendants knowingly continue to proceed in this case without "subject matter" jurisdiction, based upon a.) Plaintiff and defendant Angels failure to submit required proposed case management order, and b.) based upon defendants Mclean and Apostoli failure to serve the Plaintiff "notice" of case management order (prospective or future injunctive relief), which has successfully, and continues to deprive the Plaintiff of his rights under the 1st, 4th, and 14th amendments of the U.S Constitution.

291. The individual and collective, aforementioned "acts" and "practices," demonstrated in this civil rights complaint, by defendants McLean, Apostoli, and Moschetti, demonstrate, a malicious, invidious animus religion to harm the Plaintiff, amounting to a violation of the Plaintiffs' constitutional rights to, "protected speech," "petition government for redress," "probable cause and unlawful seizures," "privacy," "court access," "equal protection," and "due process" of law, and ultimately, result in an unlawful deprivation of Plaintiffs fundamental right to "familial interest," all, protected by the 1st, 4th, and 14th amendment of the U.S. Constitution and made cognizable under 42 U.S.C. § 1983.

292. As a direct and proximate cause of defendants McLean, Apostoli, and Moschetti,' all acts

and practices demonstrated in this complaint, Plaintiff has suffered emotional distress such

as pain and suffering, mental anguish, medical bills, inconvenience, humiliation,

embarrassment, loss of enjoyment of life, stress, legal expenses, loss of parental rights,

substantive frustration of Plaintiffs attempts to recover parental rights, and a substantive

frustration of Plaintiffs attempts to hold defendant Angel accountable for depriving

Plaintiff of his protected "liberty" and a substantive 15 month forced separation between

the Plaintiff and child.

## CAUSE OF ACTION # 37

### Violation of the Plaintiffs Constitutional rights (28 U.S.C. § 1331)

Did defendant Angel (in official capacity) deprived the Plaintiff of his fundamental
rights to "due process" and "familial interest" under the 14th amendment of U.S. Const?

293. Plaintiff realleges and incorporates by reference every allegation contained in the

preceding paragraphs 1 thru 292 of this complaint herein as if fully set forth.

294. Fourteenth Amendment, Section. 1. "… nor shall any State deprive any person of life,

liberty, or property, without due process of law; nor deny to any person within its

jurisdiction the equal protection of the laws."

295. The federal question jurisdiction statute, 28 U.S.C. § 1331, states that the district courts

shall have original jurisdiction of all civil actions arising under the Constitution, laws, or

treaties of the United States.

296. Under the federal-question statute, 28 U.S.C. § 1331, the original jurisdiction of the

district courts is triggered if the action "arises under the Constitution, laws, or treaties of the
United States." All that is required is the federal question." See *Osborn v. Bank of United
States*, 22 U.S. (9 Wheat) 738, 822 (1824).

297. Did defendant Angel (in official capacity) deprived the Plaintiff of his fundamental
rights to "due process" and "familial interest" under the 14th amendment of U.S. Const?

298. On or about November 10th, 2021, defendant Angel, under the color of federal authority,
maliciously abducted the Plaintiffs child to Ohio, in clear violation of the Plaintiffs
fundamental rights, to "due process" and "familial relations," under the 14th amendment of
the U.S. Constitution.

299. Here in violation of the 14th amendment, defendant Angel abducted Plaintiffs child to
Ohio, and subsequently, concealed said abduction, by subsequently exercising the federal
authority delegated to her by filing (4) fraudulent Motions to "stay" the case (2 in circuit
court #20DR79 filed 11/10/21 and 1/24/22) (2 in appeals court - #21CA1128 and
#21CA1724 – filed 11/30/21), under the "Servicemember Civil Relief Act." with attached
fraudulent "Air Force" papers and documents, which indicated defendant Angel had
deployed to Japan pursuant to the June 22nd, 2021, APR order. Defendant Angel, then
continued her "fraud" and abuse of powers, by updating the appeals court with "status
reports," specifically, on 2/9/22, defendant Angel provided to the appeals court, "**A
Memorandum of the Department of the Air Force directed to whom may concern**

**detailing Ms. Angel's inability to attend/participate in the proceedings either virtually**

**or in-person, with no determined date of appearance,"** which demonstrated the U.S. Air

Force had sanctioned defendant Angels unconstitutional behavior, and consequently,

concealed defendant Angels unlawful removal of Plaintiffs child, effectively violating

Plaintiffs familial interest and giving rise to a cause of action for damages alleged herein.

300. The fact that defendant Angel, as an officer of the U.S. Air Force, was acting in violation

of the 14th amendment and provided Air Force documents in support of her

unconstitutional violation, demonstrates, it was from the federal government that defendant

Angel drew her apparent authority, such that neither the circuit court, the Plaintiff, nor a

reasonable citizen could not have been expected to resist defendant Angels unconstitutional

intrusion. Defendant Angels actions, under color of federal law, which utilized the power

of her official position, must be deemed within the scope of the 14th Amendment.

301. The Plaintiff further states, defendant Angel has continued to, deliberately, misuse the

powers of her official position, under the color of federal authority, in violation of

Plaintiffs' constitutional rights.

302. Here the Plaintiff relocated to the state of Ohio in an attempt to enforce his "familial

interest." However, on March 9th, 2023, the Ohio domestic relation court, dismissed the

Plaintiffs' complaint in part, for lack of service on defendant Angel. Defendant Angel,

repeatedly, dodged "service" by refusing to provide Plaintiff with his childs whereabouts.

303. The Plaintiff made repeated attempts to get defendant Angel to comply with the Colorado

Court order, which ordered defendant Angel to make the Plaintiffs child available for

visitation at a nearby visitation facility, however, defendant Angel continued to frustrate the

Plaintiffs attempts to enforce his "familial interest." Specifically, defendant Angel, mislead

the Plaintiff into believing defendant Angel was cooperating with the visitation facility

"Ermas House" intake process, however on March 13th, 2023, "Ermas House" provided a

letter stating defendant Angel had not completed the application process and closed the

Plaintiffs visitation referral. Here defendant Angel, successfully, strung the Plaintiff along

with the hope, the Plaintiff may finally get an opportunity to visit his child, just long

enough until Air Force personnel could relocate defendant Angel to another unknown

location. Ultimately, on or about February 8th, 2023, defendant Angel, for a second time,

from the state of Ohio, abducted the Plaintiff child without "notice" or an opportunity to

"be heard," in violation of a Colorado Court order, in violation of Uniform Deployed

Parents Custody and Visitation Act 14-13.7-101et. Seq., and in violation of the Plaintiff

protected liberty; right to parent, under 14th amendment of the U.S. Constitution.

304. The Plaintiff filed complaints and/or informed Air Force, and Dept of Defense personnel

of defendant Angels action: 08/12/21 dod hotline, 11/15/21 AF IG, 11/24/21 AF IG,

12/06/21 dod hotline, 01/21/22 AF IG, 01/25/22 AF IG, (3/11/22, 3//26/22, 5/16/22 civil

rights complaint DOJ), however, the Plaintiffs complaint have failed to secure any amount

of deterrence and have been ineffective against preventing defendant Angel from

continuing to violate the Plaintiffs 14th amendment rights.

305. On or about May 10th, 2022, the Plaintiff filed CLAIM FOR DAMAGE, INJURY, OR

DEATH Form 95 which went unanswered by the U.S. Air Force.

306. Defendant Angels "acts" —albeit unconstitutionally—in the name of the United States

possesses a far greater capacity for harm than an individual trespasser exercising no

authority other than his own.

307. Defendant Angels has continued her abuse of government powers, and has left the

Plaintiff without remedy.

308. Plaintiff states under the circumstances of this particular case, special factors do not

counsel hesitation, nor tamper with the "established relationship between enlisted military

personnel and their superior officers, nor does the Plaintiff does seek to challenge or alter

"high-level executive policy," nor is there any indication that Congress acted to deny a

remedy for a case like this, which otherwise might counsel hesitation.

309. Plaintiff contends the core purpose of this complaint is to deter defendant Angel from

continuing to engage in unconstitutional wrongdoings, and to provide instruction and

guidance to federal law enforcement officers going forward.

310. The aforementioned, fraudulent "acts" and "practices," by defendant Angel, violate "Air

Force" policy, federal law pursuant to 18 U.S. Code § 1001, and demonstrate a deliberate

indifference, amounting to a violation of the Plaintiffs' constitutional rights, to "notice,"

"due process" and "equal protection" of the law, and ultimately, have resulted in an

unlawful deprivation of his "liberty" of "familial interest," all of which are protected by the

14th amendment of the U.S. Constitution and made cognizable under 28 U.S.C. § 1331.

311. As a direct and proximate cause of Defendant Angels,' abovementioned, acts and

practices, Plaintiff has suffered emotional distress such as pain and suffering, mental

anguish, medical bills, inconvenience, humiliation, embarrassment, loss of enjoyment of

life, stress, legal expenses, and a substantive 15 month forced separation between the

Plaintiff and child.

312. Defendant Angels abduction practice, as applied against the Plaintiff, is unconstitutional

on its face.

313. Plaintiff has no adequate remedy at law, has suffered, and will suffer serious and

irreparable harm to his constitutional and statutory rights, unless this federal court

orders defendant Angel to cease her unlawful conduct against the Plainitff, which includes

hiding the Plaintiff child in an undisclosed location.

314. Plaintiff seeks declaratory relief, and preliminary and permanent injunctive relief

restraining defendant Angel from continuing to violate Plaintiffs constitutional right to

"familial interest" and statutory rights.

315. Plaintiff seeks nominal, compensatory, and punitive damages.

316. Plaintiff seeks an award of reasonable legal fee cost and attorney fees pursuant to 28

U.S.C. § 2412, and 42 U.S.C. § 1988.

## CAUSE OF ACTION # 38

### Violation of the Plaintiffs 14th Amendment Rights (28 U.S.C § 2679(b)(1))
Plaintiff seeks declaratory and injunctive relief, and money damages against the
United States Air Force

317. Plaintiff realleges and incorporates by reference every allegation contained in the

preceding paragraphs 1 thru 316 of this complaint herein as if fully set forth.

318. Fourteenth Amendment, Section. 1. "... nor shall any State deprive any person of life,

liberty, or property, without due process of law; nor deny to any person within its

jurisdiction the equal protection of the laws."

319. Defendant Angel, under the color of federal authority, while "acting" negligently and/or

wrongfully, within the scope of her employment, deprived the Plaintiff of his 14th

amendment U.S. Constitutional rights, personally injuring the Plaintiffs,' which is the cause

of this claim herein against the U.S. Air Force.

320. Plaintiff states, based upon defendant Angel status, as an officer of the U.S. Air Force,

defendant Angel owed the Plaintiff a "duty of care," to uphold the U.S. Constitution, and

not deprive the Plaintiff of his fundamental right to familial interest.

321. On or about November 10th, 2021, defendant Angel, acted unconstitutionally in breach of

said "duty", when defendant Angel abducted the Plaintiffs child to Ohio, without "notice"

to the Plaintiff, nor the court, and in violation of the Colorado courts custody order.

322. On or about November 10th, 2021, defendant Angel, under the color of federal authority,

maliciously abducted the Plaintiffs child to Ohio, in clear violation of the Plaintiffs

fundamental rights, to "due process" and "familial relations."

323. Here, defendant Angel, acted, negligently and wrongfully, within the scope of her

employment, when defendant Angel, filed (4) Motions to "Stay" the case, pursuant

to the "Servicemember Civil Relief Act," with attached "Air Force" memorandums and

documents, that misrepresented the facts and influenced the court into believing defendant

Angel had deployed to Japan. **(2 in circuit court #20DR79 – 11/10/21 and 1/24/22) (2 in**

**appeals court - #21CA1128 and #21CA1724 - 11/30/21)**, under the "Servicemember

Civil Relief Act," with attached fraudulent "Air Force" papers and documents, which

indicated defendant Angel had deployed to Japan pursuant to the June 22nd, 2021, APR

order. Defendant Angel, then continued her "fraud" by updating the appeals court with

"status reports," specifically, on 2/9/22, defendant Angel stated to the appeals court, "**A**

**Memorandum of the Department of the Air Force directed to whom may concern**

**detailed Ms. Angel's inability to attend/participate in the proceedings either virtually**

**or in-person, with no determined date of appearance. *See Exhibit 1*,"**

clearly indicating the U.S. Air Force had sanctioned defendant Angels "fraud," which

successfully concealed defendant Angels child abduction to Ohio, and individually,

collectively, cause the violations of Plaintiffs' fundamental rights alleged herein.

.Plaintiff states, based upon defendant Angel status, as an officer of the U.S. Air Force,

and the fact that defendant Angel provided Air Force documents in support of her

127

unconstitutional "acts", demonstrates, it was from the U.S. Air Force that defendant

Angel drew her apparent authority, such that neither the circuit court, the Plaintiff, nor a

reasonable citizen could not have been expected to resist defendant Angels unconstitutional

intrusion. Defendant Angels actions, under color of federal law, which utilized the power

of her official position, must be deemed within the scope of the violating the Plaintiffs.

fundamental right to familial interest under the 14th amendment of the U.S Constitution.

324. On or about 5/10/22, the Plaintiff filed formal complaint (standard form 95) against

defendant Angel, pursuant to 28 U.S. Code § 2675.

325. However, the Plaintiffs complaint have failed to secure any amount of deterrence and has

been ineffective against preventing defendant Angel from continuing to violate the

Plaintiffs 14th amendment rights.

326. Defendant Angel continues to use her military status as an instrument to disregard "child

custody orders," and carry out the scheme of "abduct" and "hide" the Plaintiffs child.

327. In fact, defendant Angel has continued her negligent and wrongful acts, abusing the

powers of her official position, under the color of federal authority, when defendant

Angel violated the courts February 10th, 2023, order which admonished defendant Angel

to provide "notice" of childs address, and further violated Plaintiffs' constitutional right to

parent, when on or about February 8th, 2023, defendant Angel, for a second time, this time

abducting the Plaintiff child from the state of Ohio, in violation of without providing the

Plaintiff "notice" or an opportunity to "be heard," under the 14th amendment of the U.S. Constitution.

328. The facts show defendant Angel has repeatedly demonstrated deceitful and manipulative behavior. Defendant Angel disobeyed willfully disobeyed civilian court orders. On July 22nd, 2022, defendant Angel was sued and on September 27th, 2022, the court entered judgement against defendant Angel in the amount of $10,871.38.

329. The aforementioned, fraudulent "acts" and "practices," by defendant Angel, violates UCMJ Article 134 Disloyal Statements, UCMJ Article 133 Conduct Unbecoming an Officer and a Gentleman, UCMJ Article 131b Obstructing Justice, UCMJ Article 131a Subornation of Perjury, and contribute to the deprivation of Plaintiffs' protected rights under the June 22, 2021, order, and negligence and gross negligence, amounting to a violation of the Plaintiffs' constitutional rights, to "due process" and "equal protection" of the law, and ultimately, have resulted in an unlawful deprivation of his "liberty" of "familial interest," all of which are protected by the 14th amendment of the U.S. Constitution and made cognizable under 42 U.S.C. § 1983.

330. As a direct and proximate cause of defendant Angel negligent acts and wrongful practices demonstrated in this complaint, Plaintiff has suffered emotional distress such as pain and suffering, mental anguish, medical bills, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress, legal expenses, loss of parental rights, substantive frustration of Plaintiffs attempts to recover parental rights, and a substantive

frustration of Plaintiffs attempts to hold defendant Angel accountable for depriving

Plaintiff of his protected "liberty" and a substantive 15 month forced separation between

the Plaintiff and child.

331. Defendant Angels abduction practice, as applied against the Plaintiff, is unconstitutional.

on its face.

332. Plaintiff has no adequate remedy at law, has suffered, and will suffer serious and

irreparable harm to his constitutional and statutory rights, unless this federal court

orders defendant Angel to cease her unconstitutional conduct against the Plaintiff.

333. Plaintiff seeks declaratory relief, and preliminary and permanent injunctive relief

restraining defendant Angel from continuing to violate Plaintiffs constitutional and

statutory rights.

334. Plaintiff seeks nominal, compensatory award of $250,000.

335. Plaintiff seeks an award of reasonable legal fee cost and attorney fees pursuant to 28

U.S.C. § 2412, and 42 U.S.C. § 1988.


## CAUSE OF ACTION # 39

### Violation of the Plaintiff 14th Amendment Rights to "due process" and "equal protection" (42 U.S.C § 1983)

Jones Law firm (in personal capacity) conspired to deprived the Plaintiff of Substantive and
Procedural Due Process and Equal Protection

336. Plaintiff realleges and incorporates by reference every allegation contained in the

preceding paragraphs 1 thru 334 of this complaint herein as if fully set forth.

337. The Tenth Circuit has held that supervisors are not liable under § 1983 unless there is " 'an affirmative link ... between the constitutional deprivation and either the supervisor's personal participation, ... exercise of control or direction, or ... failure to supervise.' " Gallagher v. Shelton, 587 F.3d 1063, 1069 (10th Cir.2009) (quoting Green v. Branson, 108 F.3d 1296, 1302 (10th Cir.1997) )(alterations omitted).

338. On June 25th, 2021, the Plaintiff hired the Jones Law Firm. Plaintiff was represented by April Jones and Erin Young in this case. On July 23rd, 2021, the Jones Law Firm filed "Verified Motion to Modify Parenting Time and Child Support", and "Respondent's Verified Motion for Reconsideration Pursuant to C.R.C.P. Rule 59 and 60." Shortly after, the Plaintiff began representing himself, Pro Se, after the Plaintiff discovered the "Respondent's Verified Motion for Reconsideration Pursuant to C.R.C.P. Rule 59 and 60" that the Jones Law Firm filed on behalf of the Plaintiff, was not the proper filing used to challenge a magistrates decision, here the firm should have filed a "Petition for Magistrate Review."

339. On July 7th, 2022, defendants Bursek and Angel, transferred to defendant Jones Law Firm At which point defendants Jones and Bursek began representing defendant Angel in this same case, in violation of Colorado Rules of Professional Conduct Rules 1.7 thru 1.11. Defendants Jones and Bursek, further violated Colo. Rules of Prof Cond. Rules 3.1, 3.3. thru 3.5, and  Rules 8.3 , 8.4 (c thru h).

340. On August 22nd, 2022, defendants Jones Law Firm and Jones, demonstrated a, malicious,

deliberate indifference to the Plaintiffs constitutional rights, and joined the conspiracy to

deprive the Plaintiff of his constitutional rights. The Plaintiff asked defendants Jones

and Bursek to notify the court of the pending conflict of Plaintiffs' interest, based upon the

following facts, 1.) defendant Jones was listed as the lead attorney, when the Jones Law

Firm represented the Plaintiff, and 2.) the "Verified Motion to Modify Parenting Time and

Child Support", and "Respondent's Verified Motion for Reconsideration Pursuant to

C.R.C.P. Rule 59 and 60"  that defendant Jones filed on behalf of the Plaintiff were still

pending in the lower court, however, both defendants Jones and Bursek refused to notify

the court of such conflict, their silence effectively concealed relevant material facts and

deprived Plaintiff of equal protection, and right to "fair" play under the law.

341. On December 28th, 2022, the Plaintiff emailed, both defendant Jones and Bursek,

that defendant Angel was refusing to comply with parenting times order.

342. Here, defendants Jones and Burseks,' continued the conspiracy to deprive the Plaintiff of

his fundamental rights and deliberate misrepresentation of the facts, when defendant

Bursek, subsequently, informed the court that parenting time had not begun at "Ermas

House" due to lack of a court order, however, their untruthfulness to the court was exposed

when on March 17th, 2023, Ermas House issued a letter to the court that demonstrated, 1.) t

the Plaintiff had already provided Ermas House with the court order, and 2.) defendant

Angel refused to complete the required intake application.

343. Defendants Jones and Bursek, fraud upon the court and conspiracy did not end there. The defendants Fraud upon the court went on further, when on 2/14/23, defendant Bursek stated that defendant Angel and Plaintiffs' child were still Ohio, which successfully concealed the fact that defendant Angel had wrongfully removed the Plaintiffs child from Ohio, to an undisclosed location, weeks prior.

344. Furthermore, on December 28th, 2022, the Plaintiff asked defendants Jones and Bursek to provide their clients position regarding a motion "Concerning Parenting Time Disputes", however, both defendants Jones and Bursek, proceeded to frustrate the Plaintiffs attempts to "access the court.". Pursuant to 12/28/22 email defendant Bursek states, **"I will not provide you a position until you provide the draft status report as ordered by the court. The judge is not disqualified and your position that her orders are without force or effect is incorrect."**

345. At this point the Plaintiff informed both defendants Jones and Bursek of their "duty" to provide their clients position. Plaintiff states, **"You have a legal obligation to provide your clients position. I will definitely name the Jones law firm in 1983 civil rights law suit for Fraud Upon the Court, and conspiracy to defraud me out of my property and liberty should you continue to deprive me of your clients position."**

346. Plaintiff continued by informing defendant Jones of defendants Bursek and McLean

133

previous fraudulent acts upon the court. Plaintiff stated, **"You and Judge McLean committed fraud upon the court when you agreed to allow the Judge to delegate parenting enforcement duties to you to allow me some contact with my child, you also committed fraud and obstruction when you informed police officers that the court was aware of my childs location while you worked for Alexandria White and now you are continuing your fraud at the Jones law firm."**

347. Plaintiff made one last plea to both defendant Jones and Bursek, which went ignored, as follows, **"I have informed you that i believe the Judges order to be unenforceable and i have no legal obligation to honor the Judges void order. You are not a judge, you do not get to determined what orders are without force or effect that for a court to decide. Kindly provide your clients position,"** ultimately, defendants Jones and Bursek refused to provide their client position, and fraudulently, forced the Plaintiff to be subject to defendant McLean arbitrary filing requirements, effectively, furthering the conspiracy to deprive Plaintiff of his constitutional rights.

348. On December 28th and 30th, 2022, Plaintiff emailed defendants Bursek and Jones, therein requesting defendants Angels position on his "Motion for Change of Judge" which went unanswered. Ultimately, defendants Jones and Bursek, failed to provide their clients position on Plaintiffs "Motion for Change of Judge" and successfully, frustrated the Plaintiffs attempt to remove defendant McLean from the case, which had the effect of concealing the fact defendant McLean had been disqualified as a matter of law.

349. Despite defendant Jones Law Firm refusal to supervisor defendant Bursek. Plaintiff

continued to inform defendants Jones and Bursek that, defendant Mclean violated the

Plaintiffs constitutional right to "petition the government for redress," when defendant

McLean ordered the Plaintiff to satisfy arbitrary filing requirements, without providing the

Plaintiff with "notice," nor providing Plaintiff with an opportunity defend against the courts

deprivation of Plaintiffs right to "petition the court, however, defendant Jones and Bursek

continued to ignore the Plaintiff cries for "equal protection," and demanded that the

Plaintiff follow defendant McLeans' unlawful arbitrary filing requirements.

350. Here, on January 11th, 2023, the Plaintiff informed, both defendant Jones and Bursek, that

defendant McLean fraudulently procured jurisdiction, and is proceeding without subject

matter jurisdiction in the case, and failure to notify the court of the facts would make Jones

Law Firm complicit in defendant McLean fraud and conspiracy. Plaintiff stated to

defendant Jones and Bursek as follows, **"As officers of the court, I am informing the**

**Jones law firm that it is proceeding in case #2020DR79 wholly without jurisdiction.**

**An inspection of the record demonstrates this case never legally became "at issue"**

**pursuant to C.R.C.P Rule 16(b)(1) and (b)(19). Ms. Angels former counsel "Kelli**

**Malcom" and "I" failed to satisfy legal requirement by signing and submitting a**

**proposed order to the court for review. Furthermore, the record clearly demonstrates**

**on its face that I was not served "case management order," which is evidenced by a**

lack of "certificate of service" in the record. The record demonstrates the courts

fraudulent "case management order" was issued on January 14th, 2020, however I

did not make an appearance in the case until August 28th, 2020. At which point I

signed a "waiver and acceptance of service." A close inspection of the waiver and

acceptance of service demonstrates that I did not waive right to "case management'

order. This fact was substantiate by the Colorado Court of Appeals in its October

27th, 2022, "order of the court." The facts demonstrate that subject matter

jurisdiction to proceed in this case was fraudulently obtained and this case never

legally became at issue. It is my contention that the Jones law firm, as officers of the

Court, have a duty to inform the court of the courts lack of subject matter jurisdiction

in this case and the fraud that has been committed which ultimately deprived me of

my constitutional right to parent. It is further my contention that failure to notify the

court makes the Jones Law firm complicit in the fraud that has been committed upon

the court by the court.

351. In response defendant Bursek stated, "**Jamus, Again, there is no need for you to add**
**Ms. Jones to your emails. The court has already issued orders regarding your claims**
**below.  The court has and continues to have subject matter jurisdiction."**

352. Plaintiff replied as follows, "**You are mistaken this is a new claim. The is no record of**
**the court address jurisdictional failing regarding case management order. Just**
**wanted to bring it to April attention so the Jones law firm has knowledge of the fact**

**but if its already a known fact to Jones law firm, ok.**"

353. The record clearly demonstrates that defendant Jones Law Firm was made aware of

defendant McLeans jurisdictional failings that were present on the face of the record,

however defendant Jones Law Firm refused to take precautions and continued to file

adverse motions against the Plaintiff, demonstrating a deliberate attempt to injure the

Plaintiff.

354. The aforementioned, fraudulent "acts" and "practices," by defendant Jones Law Firm,

violate Plaintiffs substantive and procedural due process rights to "equal protection,"

"court access," "notice," and further violate federal law pursuant to 18 U.S. Code § 1001,

which ultimately, has resulted in an unlawful deprivation of Plaintiffs protected "liberty"

of "familial interest," all of which are protected by the 14th amendment of the U.S.

Constitution and made cognizable under 42 U.S.C. §§§ 1983, 1985(3), 1986.

355. As a direct and proximate cause of Defendant Angels,' abovementioned, acts and

practices, Plaintiff has suffered emotional distress such as pain and suffering, mental

anguish, medical bills, inconvenience, humiliation, embarrassment, loss of enjoyment of

life, stress, legal expenses, and a substantive 15 month forced separation between the

Plaintiff and child.

356. Defendant Jones Law Firm practice, as applied against the Plaintiff, is unconstitutional

on its face.

357. Plaintiff seeks nominal, compensatory, and punitive damages.

358. Plaintiff seeks an award of reasonable legal fee cost and attorney fees pursuant to 28 U.S.C. § 2412, and 42 U.S.C. § 1988.

## CAUSE OF ACTION # 40

### Violation of the Plaintiff 14th Amendment Rights to "due process" and "equal protection" (42 U.S.C § 1983)
Defendant Roman (in personal capacity) conspired to deprived the Plaintiff of Substantive and Procedural Due Process and Equal Protection

359. Plaintiff realleges and incorporates by reference every allegation contained in the preceding paragraphs 1 thru 357 of this complaint herein as if fully set forth.

360. Fourteenth Amendment, Section. 1. "… nor shall any State deprive any  person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

361. On December 5th, 2022, under the color of law, defendant Roman violated the Plaintiff right to "appeal" pursuant to C.R.A.P. Rule 1, when defendant Roman, refused to address the Plaintiffs lack of subject matter jurisdiction challenges demonstrated in Plaintiffs "opening brief" and forthwith deprived the Plaintiff of court access, when defendant Roman dismissed (5) orders; that the Plaintiff appealed, that were issued by defendant McLean.

362. Defendant Roman dismissed Plaintiff appeal of orders entered **5/9/22** at 11:21am, **5/27/22** at 1:17 pm, **5/27/22** at 1:22pm, **7/25/22** at 5:06pm, and **7/25/22** at 4:31pm, without

serving Plaintiff "notice" nor providing the Plaintiff an opportunity to "be heard", and

without providing proof from the record that demonstrated defendant McLean had

"subject matter" jurisdiction to issue the orders in the first place which is the cause of the

violation of Plaintiffs' fundamental rights alleged herein.

363. The aforementioned "acts" and "practices" by, defendant Roman, demonstrate reckless.

deliberate indifference, that has caused "backwards claims" amounting to a violation of

the Plaintiffs' constitutional right to "equal protection" and "due process of law," and

ultimately, constitute an unlawful deprivation of Plaintiffs "liberty" of "familial interest,"

all, protected by the 14th amendment of the U.S. Constitution, made cognizable under 42

U.S.C. § 1983.

364. As a direct and proximate cause of Defendant Roman,' abovementioned, acts and

practices, Plaintiff has suffered emotional distress such as pain and suffering, mental

anguish, medical bills, inconvenience, humiliation, embarrassment, loss of enjoyment of

life, stress, legal expenses, and a substantive 15 month forced separation between the

Plaintiff and child.

## CAUSE OF ACTION #41

### Conspiracy to Violate the Plaintiffs 14th Amendment Rights to "equal protection" and "due process" (42 U.S.C. §1985 (3))

Defendants Roman, McLean, and John Doe members of the Colorado Court of Appeals
(in individual capacities) have furthered the conspiracy to deprive the Plaintiff of his rights
to "equal protection," and "due process" of law

365. Plaintiff realleges and incorporates by reference every allegation contained in

the preceding paragraphs 1 thru 363 of this complaint herein as if fully set forth.

366. To establish a conspiracy claim under § 1985 (3), plaintiffs "must show among other

things, that defendants 'reached an understanding to violate [their] rights.'" Rowe v. City

of Fort Lauderdale , 279 F.3d 1271, 1283 (11th Cir. 2002) (quoting Strength v. Hubert ,

2d 421,425(11th Cir. 1988).

367. The following facts displayed in the record demonstrate a casual connection between

defendant Roman, McLean, and John Does, to deprive the Plaintiff of his fundamental

constitutional rights based upon Plaintiffs non-military status, and pro-se status.

368. On January 11th, 2023, in an affidavit to "set aside void judgements" Plaintiff allege (3)

critical jurisdictional failings on the face of the record. 1.) the Plaintiff and defendant

Angel failed to submitted a "proposed case management order" to the lower court for

approval. 2.) the lower court failed to serve Plaintiff "notice" of its case management

order. 3.) the lower allowed defendant Cordova to proceed in this case despite defendant

Cordovas "fraud upon the court", wherein defendant Cordova falsified and altered court

prepared documents, and  failed to comply with mandatory disclosure requirements.

However on January 26th, 2023, the appeals court denied the Plaintiffs affidavit without

providing "proof" of jurisdiction from the record, nor addressing the "merits" of Plaintiffs

allegation of "fraud upon the court," effectively violating Plaintiffs due process right to

"proof"

369. On March 7th, 2023, #22CA1990, the appeals court issued an order denying the Plaintiffs

lack of subject matter jurisdiction claims without providing "proof" of jurisdiction, and

also struck the Plaintiffs "affidavit" from the record. The March 7th, 2023, order was

missing a judges signature, which effectively concealed who or what division issued the

order and further concealed the fact that both the lower court and the appeals court were

proceeding in excess of their respective jurisdictions.

370. On March 9th, 2023, #22CA2281, Plaintiff filed affidavit alleging lack of subject matter

jurisdiction based upon 1.) defendant Angel failed to serve Plaintiff "notice" of complaint.

2.) the court failed to serve the Plaintiff "notice" of "summons" and proceeded wholly

without jurisdiction 3.) parents failed to submit proposed case management order required

by law. 4.) court failed to serve Plaintiff required "notice" of case management. 5.)

Plaintiff alleged defendant McLean, without providing Plaintiff "notice" nor an

"opportunity to be heard," violated Plaintiffs constitutional right to "court access" when

defendant McLean ordered the Plaintiff to satisfy "arbitrary" filings requirements prior to

Plaintiff seeking redress. On March 20th, 2023, defendant Roman denied the Plaintiffs lack

of subject matter jurisdiction claims in appeal #22CA2281, without "proof" of Plaintiffs

jurisdictional challenges. Here defendant Roman simply states, "The Court has considered

appellant's motion for C.R.C.P. 60(b), filed originally in 2022CA2281, relief and DENIES

the motion." Here again defendant Roman successfully violates Plaintiffs due process

right to "proof" of jurisdiction and concealed the fact the defendant McLean and Apostoli

fraudulently procured personal and subject matter jurisdiction, and concealed the fact the

appeals court was proceeding in excess of its jurisdiction.

371. Defendant Roman, continues to maliciously intercept and adopt unlawful practice of

deny the Plaintiffs' jurisdictional challenges without "proof" from the record,

and continues to use such statements the "court has "previously addressed Plaintiffs

jurisdictional challenges", to achieve results which defendant Roman could not command

directly. Additionally, defendant Roman has maliciously ignore the fact that above

mentioned claims 1,2,and 5, are new claims, consequently, depriving the Plaintiff of

"court access," and violating the Plaintiffs' "due process" rights under the 14th amendment

of U.S. Const.

372. Defendant Roman has and continues to repeat the practice of ignoring the "merits" of

Plaintiffs lack of "subject matter jurisdiction" challenges in clear violation of U.S.

Supreme Court law See *Main v. Thiboutot*, 100 S. Ct. 2502 (1980) "The law provides

that once State and Federal Jurisdiction has been challenged, it must be proven." The

record further demonstrates that defendant Roman has demonstrated an invidious animus

religion by repeatedly suppressing and concealing the facts in the record that support

Plaintiffs' lack of subject matter jurisdiction claims," effectively, abusing his powers and

placing himself above the law.

142

373. The fact that defendant Roman, ignored state and federal precedent, repeatedly remained silent in the face of clear jurisdictional failings on the face of the record, and allowed subordinate judges to enter orders without signature in violation of C.R.C.P. Rule 58 demonstrates an approval and 'affirmative' link between defendants' Roman, and the unconstitutional acts of defendants McLean and John Doe, and further demonstrates, an understanding between defendants Roman, McLean and John Doe to deprive the Plaintiff of "equal protection" under the law.

374. The aforementioned collective "acts" and "practices" by, defendant Roman, Mclean, and John Doe, demonstrate, conspiratorial, reckless, deliberate indifference, that has caused "backwards claims" amounting to a violation of the Plaintiffs' constitutional rights to "equal protection" and "due process of law," and ultimately, constitute an unlawful deprivation of Plaintiffs "liberty" of "familial interest," all, protected by the 14th amendment of the U.S. Constitution, made cognizable under 42 U.S.C. § 1983.

375. As a direct and proximate cause of defendants Roman, McLean, and John Doe abovementioned, acts and practices, Plaintiff has suffered emotional distress such as pain and suffering, mental anguish, medical bills, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress, legal expenses, and a substantive 15 month forced separation between the Plaintiff and child.

## Conclusion

376. <u>All</u> the defendants performed not for legitimate purposes but as part of a conspiracy to

violate the plaintiffs' civil rights. Plaintiff concludes, there is adequate record support to

create a genuine issue of concerted activity directed at a common goal to achieve an

unlawful purpose.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court:

A. Enter judgement in favor of Plaintiff against each defendant and reward him all relief
   allowed by law.

B. Enter an order declaring each defendants conduct unconstitutional on all relevant
   claims.

C. Award Plaintiff compensatory and punitive damages against defendants on all claims
   allowed by law in an amount to be determined at trial;

D. Award Plaintiff reasonable attorney fees and cost pursuant to 42 U.S.C. § 1988 and any
   other applicable provisions of law, on all applicable causes of action.

E. Enter a preliminary and permanent injunction, restraining defendants Mclean,
   Moschetti, Apostoli, Angel, Townsend, and U.S. Air Force from continuing to violate
   Plaintiffs constitutional and statutory rights on all relevant claims.

F. Grant to Plaintiff such other and further relief as may be just and proper under the
   circumstances, including but not limited to appropriate injunctive relief on all
   relevant claims.

I declare under penalty of perjury that I am the plaintiff in this action, that I have read

this complaint, and that the information in this complaint is true and correct. See 28

U.S.C. § 1746; 18 U.S.C. § 1621. Under Federal Rule of Civil Procedure 11, by signing

below, I also certify to the best of my knowledge, information, and belief that this

complaint: (1) is not being presented for an improper purpose, such as to harass, cause

unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by

existing law or by a nonfrivolous argument for extending or modifying existing law; (3)

the factual contentions have evidentiary support or, if specifically so identified, will

likely have evidentiary support after a reasonable opportunity for further investigation

or discovery; and (4) the complaint otherwise complies with the requirements of Rule

11.

FURTHER AFFIANT SAYETH NAUGHT.

This is the 19th day of April, 2023.

By: /s/ *Jamus Oran Bryant*

<u>VERIFICATION AND AFFIDAVIT</u>

STATE OF PENNSYLVANIA )

ss.

COUNTY OF YORK )

Before me, the undersigned authority, personally came and appeared,

Jamus Oran Bryant, the affiant named below, who, being first duly sworn

upon oath, deposed and said that he has read the above and foregoing

document and knows the contents thereof, and that all statements of fact

contained therein are true.

This is the 19th day of April 2023, at York, Pennsylvania.

AFFIANT

Subscribed and sworn to before me, this 19th day of April 2023, at York, Pennsylvania.

My commission expires _JuLy 25, 2024_

Commonwealth of Pennsylvania – Notary Seal
Chiffon R. King, Notary Public
York County
My commission expires July 25, 2024
Commission number 1085344

NOTARY PUBLIC

Address of notary: _1120 Roosevelt Ave_
_York PA 17404_

146