IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-00997-NYW-KAS

JAMUS ORAN BRYANT,

     Plaintiff,

v.

BONNIE HEATHER MCLEAN, in her official and individual capacities,
CHRISTINA APOSTOLI, in her official and individual capacities,
FRANK ANTHONY MOSCHETTI, in his official and individual capacities.
JONES LAW FIRM, P.C.,
APRIL JONES, in her individual capacity,
GRANT BURSEK, in his official and individual capacities,
ANGELINA CORDOVA, in her individual capacity,
THE STATE OF COLORADO,
UNITED STATES OF AMERICA,
STACY MICHELLE ANGEL, in her official and individual capacity,
DANIEL T. TOWNSEND, in his official and individual capacities,
GILBERT M. ROMAN, in his official and individual capacities, and
JOHN DOE, in his official and individual capacities,

     Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

     This matter is before the Court on the **Motion to Dismiss Pursuant to F.R.C.P. 12(b)(6) and F.R.C.P. 12(b)(1)** [#67],[1] filed by Defendants Jones Law Firm, P.C., April Jones ("Jones"), and Grant Bursek ("Bursek") (collectively, the "Jones Defendants"); the **Motion to Dismiss** [#71], filed by Defendants Bonnie Heather McLean ("McLean"),[2]

_____

[1] "[#67]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Recommendation.

[2] McLean is an 18th Judicial District Judge.

Christina Apostoli ("Apostoli"),[3] Frank Anthony Moschetti ("Moschetti"),[4] Gilbert M. Román ("Román"),[5] and the State of Colorado (collectively, the "State Defendants"); and on the **Motion to Dismiss the Second Amended Complaint (ECF No. 49)** [#85], filed by Defendants United States of America, Stacy Michelle Angel ("Angel") in her official capacity only, and Daniel T. Townsend ("Townsend") in his official capacity only (collectively, the "Federal Defendants"). Plaintiff, who proceeds as a pro se litigant,[6] filed Responses [#80, #81, #89] in opposition to the Motions [#67, #71, #85], and the State Defendants and the Federal Defendants filed Replies [#84, #92]. The Motions [#67, #71, #85] have been referred to the undersigned for a Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D.C.COLO.LCivR 72.1(c)(3). *See* [#69, #72, #86]. The Court has reviewed the briefs, the entire case file, and the applicable law. For the reasons stated below, the Court respectfully **RECOMMENDS** that the Motions [#67, #71, #85] be **GRANTED**.

---

[3] Apostoli is an 18th Judicial District Judge.

[4] In the case caption of the Second Amended Complaint [#49], Plaintiff spells this defendant's name as "Moshcetti," but he spells it as "Moschetti" elsewhere in his complaint, which appears to be the correct spelling. *See Motion* [#71] at 1. Moschetti is an 18th Judicial District Magistrate.

[5] Román is the Chief Judge of the Colorado Court of Appeals.

[6] The Court must construe liberally the filings of a pro se litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). In doing so, the Court should not be the pro se litigant's advocate, nor should the Court "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1175 (10th Cir. 1997) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).

# I. Background

In his 151-page Second Amended Complaint [#49],[7]  Plaintiff provides a thorough and detailed account of the allegations underlying his forty-three causes of action under federal and state law. However, for purposes of resolving the Motions [#67, #71, #85], most of those details are immaterial. In short, Plaintiff is in a child custody dispute in state court with Defendant Angel, the mother of his child. In this lawsuit, he has sued several state court judges, attorneys, and others who have had some connection to the state court case, Arapahoe County District Court Case No. 2020DR79. The Court begins by providing an overview of the early phases of the underlying state court case, to give examples of the types of actions allegedly performed by Defendants on which Plaintiff bases his claims in this lawsuit.

According to the operative complaint, on January 14, 2020, Defendant Angel, who was a 2nd Lieutenant of the 460th Medical group at Buckley Air Force Base, filed a petition for custody of Plaintiff's child J.O.B. without providing notice to Plaintiff. *Second Am. Compl.* [#49] ¶¶ 26, 28. The same day, Defendants McLean and Apostoli, both judges for the 18th Judicial District in Arapahoe County, entered and authorized,

---

[7] For the purposes of resolving the Motions [#67, #71, #85], the Court accepts as true all well-pleaded, as opposed to conclusory, allegations made in Plaintiff's Second Amended Complaint [#49]. *See Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To the extent that Plaintiff may provide additional allegations or possible new claims in his briefs, the Court notes that a party may not amend his complaint in motion briefing. *See, e.g.*, *Kan. Motorcycle Works USA, LLC v. McCloud*, 569 F. Supp. 3d 1112, 1127 (D. Kan. 2021) (stating that "a party may not amend its complaint by way of arguments in a brief"); *Wilson v. Johnson*, No. 19-cv-2279-CMA-NRN, 2020 WL 5815915, at *5 (D. Colo. Sept. 30, 2020) (stating that it is "well established that Plaintiff may not amend his Complaint by adding factual allegations in response to Defendants' Motion to Dismiss").

respectively, a case management order, again without notice to Plaintiff, and in the absence of a proposed case management order jointly submitted by the parties. *Id.* ¶ 28. Among other things, Plaintiff states this was discriminatory because he is "non-military and an African American male." *Id.*

On August 19, 2020, Defendant Apostoli entered an order requiring mediation of the case, even though "Plaintiff did not submit to the courts [sic] 'personal' jurisdiction until August 28, 2021." [sic] *Id.* ¶ 29. Defendant Apostoli also permitted Defendant Angelina Cordova ("Cordova"), a licensed child family investigator, to participate in the case despite Defendant Cordova's alleged failure to make mandatory disclosures. *Id.* ¶¶ 21, 30. On October 19, 2020, "an altered and falsified 'JDF 1338' (a prefilled, court prepared document for pro se filings) was entered into the court record," but missing information concealed the fact that Defendant Cordova had not made the disclosures. *Id.* ¶ 30.

On February 16, 2021, Defendant Cordova "filed a report and recommendations with the circuit court," recommending in part that Defendant Angel be permitted to deploy to Japan with Plaintiff's child given that Defendant Angel was in the United States military. *Id.* ¶¶ 31-32. On June 3, 2021, Defendant Cordova informed Plaintiff and Defendant Angel that she would not be available for a June 8, 2021 hearing on the report and recommendation, and on June 7, 2021, Defendant Apostoli denied Plaintiff's request for a continuance of hearing based on Defendant Cordova's unavailability. *Id.* ¶ 31. On June 22, 2021, Defendant Apostoli adopted Defendant Cordova's recommendations, allowing Defendant Angel to move to Japan with Plaintiff's child, which meant that Plaintiff would

have to relocate to Japan or "have his 50/50 parenting time restricted to a marginalized schedule." *Id.*

On July 23, 2021, Plaintiff filed a motion for reconsideration of Defendant Apostoli's order. *Id.* ¶ 35. On July 26, 2021, while that motion was pending, Plaintiff alleges that Defendant Angel made "'materially false statements' in motioning the circuit court to issue a 'warrant/writ of aid in enforcement,' directing law enforcement to remove the Plaintiffs [sic] child from his physical custody." *Id.* ¶ 33. The same day, Defendant Apostoli issued an "order: emergency motion for abduction prevention measures" and "emergency pick up order." *Id.* Plaintiff also states that Defendant Bursek, a licensed attorney, was involved, although Plaintiff does not specify precisely what he did here. *Id.* On August 23, 2021, Defendant Moschetti, another judge with the 18th Judicial Court in Arapahoe County, denied Plaintiff's motion for reconsideration of Defendant Apostoli's orders. *Id.* ¶ 35. On November 8, 2021, Plaintiff filed a "Motion for Change of Judge," which he asserts suspended Defendant Moschetti's authority while pending. *Id.* ¶ 41. Plaintiff asserts that Defendant Moschetti issued seventeen unlawful orders while this and two subsequent such motions were pending. *Id.*

On November 10, 2021, Defendant Bursek emailed Plaintiff to inform him that Defendant Angel had "deployed" to Japan, a statement which was allegedly a misrepresentation as she had not deployed to Japan but instead relocated to Ohio without court permission. *Id.* ¶ 37. On November 11, 2021, Plaintiff filed a "missing child" report with the Aurora Police Department in Aurora, Colorado, asserting that Defendant Angel had unlawfully taken their child to Ohio without court permission. *Id.* ¶ 38. Plaintiff asserts

that Defendant Bursek obstructed the police department's investigation by knowingly providing false statements, as recorded by the investigating officer: "Atty Bursek advised that the court is aware of where Stacy Angel is deployed and that the court has approved of her command not disclosing where she is deployed. Atty Bursek advised that the court approved the nondisclosure of where Stacy Angel is deployed based on how Jamus Bryant has conducted himself during this case. Atty Bursek confirmed that their daughter is in the custody of and living with Stacy Angel." *Id.*

On November 16, 2021, Defendant Moschetti granted Defendant Angels' "Service member Civil Relief Act" motion. *Id.* ¶ 39. Plaintiff states that, on January 13, 2022, "the court [although unclear, likely the Colorado Court of Appeals] 'rejected' defendant Moschetti [sic] order that granted defendant Angels [sic] 'Servicemember Civil Relief Act' motion, for lack of 'subject matter' jurisdiction." *Id.* Plaintiff states that Defendant Moschetti's order "concealed the fact that defendant Angel had abducted Plaintiffs [sic] child to Ohio, which effectively, caused a forced two-month separation between the Plaintiff and his child." *Id.*

On January 24, 2022, Defendants Bursek and Angel re-filed the "Servicemember Civil Relief Act" motion, attaching an undated "Department of Air Force Memorandum" from Defendant Townsend, a Lieutenant Colonel of the 460th Medical group at Buckley Air Force Base. *Id.* ¶¶ 27, 40. On March 9, 2022, Defendant Moschetti granted the renewed motion. *Id.* The circuit court later reversed this order on May 9, 2022. *See id.* ¶ 40. Meanwhile, on January 25, 2022, Plaintiff had filed a motion to set aside Defendant

Moschetti's August 23, 2021 order on Plaintiff's motion for reconsideration, but Defendant

McLean later denied it as moot on May 9, 2022. *Id.* ¶ 36.

These early phases of Plaintiff's case provide examples of Defendants' actions

underlying Plaintiff's lawsuit here. The state court proceedings have continued since that

time, with Plaintiff asserting that the various judges, attorneys, and others associated with

his case have continued to wrong him in various ways. In addition, Plaintiff has filed eight

separate cases with the Colorado Court of Appeals (2021CA1128, 2021CA1724,

2021CA1930, 2022CA838, 2022CA1485, 2022CA1990, 2022CA2281, 2023CA460) and

eleven separate cases with the Colorado Supreme Court (2022SA40, 2022SA42,

2021SA353, 2022SA15, 2022SA64, 2022SA226, 2022SA271, 2022SA289, 2023SA47,

2023SA201), all stemming from his primary case, 2020DR79.[8]  Again, the precise details

of these appellate cases are not critical to resolution of the present Motions [#67, #71,

#85], but the Court highlights one which has an explicit connection to a defendant in this

case, Defendant Román. On September 14, 2023, the Colorado Court of Appeals in Case

No. 2023CA460 issued an order, signed by Defendant Román, dismissing the appeal

with prejudice. *See* [#107-2] at 1.[9]

---

[8] Although not provided by the parties, this information is publicly available as part of the
Arapahoe County District Court's Register of Actions for Case No. 2020DR79. *See Tal v. Hogan*,
453 F.3d 1244, 1265 n.24 (10th Cir. 2006) (noting that on motions to dismiss the Court may
consider outside documents subject to judicial notice, including court documents and matters of
public record).

[9] Normally, when considering a motion to dismiss, the Court must disregard facts supported by
documents other than the complaint unless the Court first converts the motion to dismiss into a
motion for summary judgment. *Jackson v. Integra Inc.*, 952 F.2d 1260, 1261 (10th Cir. 1991).
However, a Court may consider documents outside of the complaint on a motion to dismiss in
three instances. First, the Court may consider outside documents pertinent to ruling on a motion
to dismiss pursuant to Fed. R. Civ. P. 12(b)(1). *Pringle v. United States*, 208 F.3d 1220, 1222
(10th Cir. 2000). Second, the Court may consider outside documents subject to judicial notice,

In the Arapahoe County District Court, Case No. 2020DR79, Defendant McLean issued on order on November 6, 2023, staying proceedings in the case pursuant to the Servicemembers Civil Relief Act, 50 U.S.C. § 3931 et seq. *See* [#107-5] at 1. As of February 15, 2024, the Arapahoe County District Court Case No. 2020DR79 remains open and active, with filings by that court on November 6, 2023 (entering the stay of proceedings); by the Colorado Supreme Court on December 19, 2023 (denying motions in Case No. 23SA47); by Petitioner Stacy Michelle Angel, i.e., Defendant Angel in this case, on January 18, 2024 (filing a motion for entry of default judgment for award of attorney fees); and by Respondent Jamus Oran Bryant, i.e., Plaintiff in this case, on February 8, 2024 (filing a "Verified Special Appearance - Motion to Dismiss").

Plaintiff asserts forty-three causes of action under federal and state law.[10] *Am. Compl.* [#49] ¶¶ 73-400. Plaintiff seeks relief in the form of compensatory and punitive

---

including court documents and matters of public record. *Tal*, 453 F.3d at 1265 n.24. Third, the Court may consider outside documents that are both central to the plaintiff's claims and to which the plaintiff refers in his complaint. *GFF Corp. v. Associated Wholesale Grocers*, 130 F.3d 1381, 1384 (10th Cir. 1997). Here, the Court finds that it may appropriately consider all documents cited herein, particularly the state court records.

[10] The precise formulation of these forty-three claims is not imperative for resolution of the present Motions [#67, #71, #86], and, to the extent necessary, the Court discusses the individual claims below. However, by way of example, Plaintiff asserts: Claim 1: violation of Fourteenth Amendment due process and equal protection rights by Defendant McLean in her personal capacity based on the "'so ordered' case management order," *Am. Compl.* [#49] ¶¶ 73-81; Claim 12: violation of Fourteenth Amendment due process and equal protection rights by Defendant Moschetti, Bursek, Angel, and Townsend in their personal capacities based on conspiracy to deprive Plaintiff of his constitutional rights, *id.* ¶¶ 163-69; Claim 28: violation of Fourteenth Amendment rights to due process and equal protection by Defendant McLean based on "unlawfully proceed[ing] to hold July 22, 2022 'continuation hearing' without first, entering notice of judicial determination of rights and obligations, based on 'facts' and 'law' on the courts [sic] June 17th, 2022, emergency hearing," ¶¶ 257-62; Claim 35: violation of Fourteenth Amendment rights to due process and equal protection by the State of Colorado, *id.* ¶¶ 298-304; Claim 41: conspiracy to violate Plaintiff's Fourteenth Amendment rights to equal protection and due process under 42 U.S.C. § 1985(3) by Defendants Román, McLean, and John Doe of the Colorado Court of Appeals, *id.* ¶¶ 383-93;

damages, declaratory relief, and an injunction restraining certain Defendants "from continuing to violate Plaintiffs [sic] constitutional and statutory rights on all relevant claims." *Id.* at 148. In the Motions [#67, #71, #85], the Jones Defendants, the State Defendants, and the Federal Defendants seek dismissal pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) of all claims against them.

## II. Standard of Review

### A.    Fed. R. Civ. P. 12(b)(1)

"To survive a 12(b)(1) motion to dismiss, a plaintiff must demonstrate that the court has subject-matter jurisdiction." *Audubon of Kan., Inc. v. U.S. Dep't of Interior*, 67 F.4th 1093, 1108 (10th Cir. 2023). In other words, "[a] Rule 12(b)(1) motion to dismiss only requires the court to determine whether it has authority to adjudicate the matter." *Kenney v. Helix TCS, Inc.*, 939 F.3d 1106, 1108 (10th Cir. 2019). Because federal courts are tribunals of limited jurisdiction, the Court must establish a statutory basis to exercise jurisdiction. Fed. R. Civ. P. 12(b)(1); *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002). The Court may only exercise jurisdiction "in the presence rather than the absence of statutory authority." *Castaneda v. I.N.S.*, 23 F.3d 1576, 1580 (10th Cir. 1994) (quoting *Wyeth Lab'ys v. U.S. Dist. Ct.*, 851 F.2d 321, 324 (10th Cir. 1988)). "The party invoking federal jurisdiction has the burden to establish that it is proper, and there is a presumption against its existence." *Salzer v. SSM Health Care of Okla. Inc.*, 762 F.3d 1130, 1134 (10th Cir. 2014) (internal quotation marks omitted).

---

Claim 43: violation of Colo. Rev. Stat. § 24-34-306 by Defendants McLean, Moschetti, Apostoli, Bursek, Jones, and Jones Law Firm based on discriminatory and unfair practices, *id.* ¶¶ 399-400.

"Rule 12(b)(1) challenges may take two different forms." *Graff v. Aberdeen Enters., II, Inc.*, 65 F.4th 500, 507 (10th Cir. 2023). "The moving party may (1) facially attack the complaint's allegations as to the existence of subject matter jurisdiction, or (2) go beyond allegations contained in the complaint by presenting evidence to challenge the factual basis upon which subject matter jurisdiction rests." *Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell*, 363 F.3d 1072, 1074 (10th Cir. 2004). "When resolving a facial attack on the allegations of subject matter jurisdiction, a court must accept the allegations in the complaint as true." *Graff*, 65 F.4th at 507 (citing *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995)). "When the moving party attacks the factual basis for subject matter jurisdiction, on the other hand, a court 'may not presume the truthfulness of the factual allegations in the complaint, but may consider evidence to resolve disputed jurisdictional facts.'" *Id.* (quoting *SK Fin. SA v. La Plata Cnty., Bd. of Cnty. Comm'rs*, 126 F.3d 1272, 1275 (10th Cir. 1997)). "Reference to evidence outside the pleadings does not convert the motion to dismiss into a motion for summary judgment[.]" *SK Fin. SA*, 126 F.3d at 1275. "In such instances, a court has discretion to consider affidavits and other documents to resolve the jurisdictional question." *Graff*, 65 F.4th at 507 (citing *Holt*, 46 F.3d at 1003).

## B.    Fed. R. Civ. P. 12(b)(6)

Fed. R. Civ. P. 12(b)(6) permits dismissal of a claim where the plaintiff has "fail[ed] to state a claim upon which relief can be granted." The Rule 12(b)(6) standard tests "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). "A

complaint must contain 'enough facts to state a claim to relief that is plausible on its face.'" *Santa Fe All. for Pub. Health & Safety v. City of Santa Fe*, 993 F.3d 802, 811 (10th Cir. 2021) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "When the complaint includes 'well-pleaded allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Carraway v. State Farm & Cas. Co.*, No. 22-1370, 2023 WL 5374393, at *4 (10th Cir. Aug. 22, 2023) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

"A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do"; "[n]or does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted). "[D]ismissal under Rule 12(b)(6) is appropriate if the complaint alone is legally insufficient to state a claim." *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1104-05 (10th Cir. 2017). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial[.]" *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999).

### III. Analysis

#### A.    The Jones Defendants and the State Defendants

Finding the issue to be dispositive, the Court begins with whether Plaintiff's claims are barred by the *Younger* abstention doctrine as to the Jones Defendants and the State Defendants.[11] *Motion* [#67] at 12-15; *Motion* [#71] at 6-7. The Tenth Circuit Court of

---

[11] The Court notes that "*Younger* abstention does not apply to claims against the United States." *Peters v. United States*, No. 23-cv-03014-NYW-SKC, 2024 WL 83333, at *9 n.17 (D. Colo. Jan. 8, 2024). Thus, the doctrine does not apply to the claims against the three Federal Defendants, i.e., the United States of America, Defendant Angel in her official capacity, and Defendant

Appeals has recently stated that there is a "lack of clarity as to whether . . . *Younger* abstention even implicate[s] federal court subject matter jurisdiction." *Graff*, 65 F.4th at 508 n.8; *see also id.* at 507 n.6 ("Ultimately, however, whether [the *Younger* doctrine] implicate[s] subject matter jurisdiction does not meaningfully impact the outcome of the issues on appeal."). In a recent opinion, the District Judge assigned to this case recognized *Graff* and noted that the distinction was immaterial in that case for several reasons. *Peters v. United States*, No. 23-cv-03014-NYW-SKC, 2024 WL 83333, at *4 (D. Colo. Jan. 8, 2024). First, "the Parties have not placed the issue precisely before the Court." *Id.* (citation omitted). Second, "this Court is unaware of any Supreme Court or en banc decision of the Tenth Circuit that expressly overrules *D.L.* [*v. Unified School District No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004) (holding that "*Younger* abstention is jurisdictional")], and thus, this court is bound by it." *Id.* (citation omitted). Third, "regardless of the procedural framework, a district court must resolve any question of *Younger* abstention before it proceeds to the merits, as a conclusion that *Younger* abstention applies 'ends the matter.'" *Id.* (citation omitted). Fourth, "dismissals based on lack of subject matter jurisdiction or based on abstention principles are both without prejudice." *Id.* (citation omitted). Here, the Court also finds that the issue of whether *Younger* implicates subject matter jurisdiction is immaterial for the same reasons outlined by the District Judge in *Peters v. United States*.

The federal judiciary has had a "longstanding public policy against federal court interference with state court proceedings." *Younger v. Harris*, 401 U.S. 37, 43 (1971). The

---

Townsend in his official capacity. Appropriately, the Federal Defendants have not argued that this doctrine applies to them in their Motion to Dismiss [#85].

policy primarily stems from "notions of comity and federalism, which require that federal courts respect state functions and the independent operation of state legal systems." *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997). "Thus, under the *Younger* abstention doctrine, the foregoing principles require that a federal court abstain from hearing a case when doing so would disturb an ongoing state proceeding." *Gibson v. Lopez*, No. 21-cv-02610-WJM-NYW, 2022 WL 2158986, at *3 (D. Colo. June 15, 2022) (citing *Younger*, 401 U.S. at 45). "*Younger* governs whenever the requested relief would interfere with the state court's ability to conduct proceedings, regardless of whether the relief targets the conduct of a proceeding directly." *Joseph A. ex rel. Corrine Wolfe v. Ingram*, 275 F.3d 1253, 1272 (10th Cir. 2002).

"[T]he doctrine applies not only to federal suits seeking injunctive relief, but also applies to federal suits seeking declaratory and monetary relief." *Gibson*, 2022 WL 2158986, at *4 (citing *D.L.*, 392 F.3d at 1228). "This is because a successful party in a federal case could take their federal judgment to the state court and attempt to enjoin, interfere with, or use the judgment for its purported preclusive effect in the state proceedings." *Id.* (citing *D.L.*, 392 F.3d at 1228). "Accordingly, the *Younger* doctrine extends to federal claims for monetary relief when a judgment for the plaintiff would have preclusive effects on a pending state-court proceeding." *D.L.*, 392 F.3d at 1228.

In *Sprint Communications, Inc. v. Jacobs*, 571 U.S. 69, 72-73, 79 (2013), the United States Supreme Court limited *Younger* abstention to three contexts: (1) state criminal prosecutions, (2) civil enforcement proceedings (which includes only those proceedings which are "akin to criminal prosecutions"), and (3) civil proceedings involving

13

certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions, such as, by way of example only, a "civil contempt order" or a "requirement for posting bond pending appeal." The Court may further consider three additional, non-dispositive factors: (1) whether the state criminal, civil, or administrative proceeding is ongoing; (2) whether the state court provides an adequate forum to hear the claims raised in the federal complaint; and (3) whether the state proceedings "involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies." *Gibson*, 2022 WL 2158986, at *4 (quoting *Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999)). "The Supreme Court cautioned federal courts, however, to limit the *Younger* abstention doctrine to the three circumstances identified in *Sprint Communications*, and that other factors cited in many post-*Younger* cases like *Amanatullah* are 'not dispositive' but are 'instead, *additional* factors appropriately considered by the federal court before invoking *Younger*.'" *Id.* (quoting *Sprint Commc'ns*, 571 U.S. at 81-82) (emphasis in original).

The Court first determines whether the state court proceedings underlying the present case fall into any of the three contexts outlined in *Sprint Communications*. A child custody proceeding clearly does not fit into either of the first two categories, as it is not a state criminal prosecution and is not a civil enforcement proceeding akin to a criminal proceeding. *See, e.g.*, *McGoffney v. Rahaman*, No. 23-1060, 2023 WL 6890917, at *4 (10th Cir. Oct. 19, 2023) (noting that a probate proceeding does not fall into either of those categories).

The third category, i.e., "civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions," *Sprint Commc'ns*, 571 U.S. at 78, applies when "the State's interests in the proceeding are so important that exercise of the federal judicial power would disregard the comity between the States and the National Government." *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 11 (1987). In *Juidice v. Vail*, 430 U.S. 327, 337 (1977), the Supreme Court stated that where the parties "had an opportunity to present their federal claims in the state proceedings . . . [,] [n]o more is required to invoke *Younger* abstention."

Plaintiff's claims all stem from ongoing child custody proceedings in state court. He alleges that judges, attorneys, and other participants in the proceedings violated his constitutional and other rights by lying, making incorrect legal decisions, or otherwise obstructing his legal battle. In *Gibson v. Lopez*, 2022 WL 2158986, the District Judge on this case addressed a similar circumstance when she was a Magistrate Judge. There, the state court proceeding consisted of "an ongoing domestic relations matter within the jurisdiction of Arapahoe County District Court regarding a child support enforcement action" against the plaintiff. *Gibson*, 2022 WL 2158986, at *1 (internal quotation marks omitted). All the plaintiff's constitutional and state law claims arose from the domestic relations matter and were based on such things as the seizure of his assets to collect on child support arrears and improper notice before suspending his driver's license, reporting information to a third-party credit bureau, or placing liens on his financial accounts. *Id.*

In *Gibson*, the District Judge first noted that the plaintiff's constitutional claims "do not transcend or exist apart from the family law issue." *Id.* at *6; *see Williams v. Jewell*,

15

1997 WL 100929, at *2 (10th Cir. 1997) ("It is undisputed that issues involving family relations pose questions of important state interest.") (citing *Moore v. Sims*, 442 U.S. 415, 435 (1979) (stating that, in adoption proceedings, "[f]amily relations are a traditional area of state concern"); *Morrow v. Winslow*, 94 F.3d 1386, 1397 (10th Cir.1996) (stating that the state "obviously has an interest in the orderly conduct of the proceedings in its courts in a manner which protects the interest of the child and the family relationship")). Given that the plaintiff was "challenging the state's efforts to collect child support payments from him, including whether any of his funds were improperly seized" and that Defendants' actions at issue in the case were "borne of [the] ongoing domestic relations matter within the jurisdiction of the Arapahoe County District Court," which related to the child support orders negotiated in and supervised by that court, the District Judge determined that the case fell within the third category of *Sprint Communications*, i.e., civil proceedings which involve certain orders uniquely in furtherance of the state courts' ability to perform their judicial functions. *Gibson*, 2022 WL 2158986, at *6 (citations omitted).

Although *Gibson* generally involved child support issues, federal courts have also routinely applied *Younger* to state court child custody proceedings. *See, e.g.*, *Alfaro v. County of Arapahoe*, 766 F. App'x 657, 661 (10th Cir. 2019) (holding that, to the extent the state-court proceedings were ongoing, the district court properly concluded that *Younger* abstention would apply to the plaintiff's claims for purported constitutional violations in connection with state-court divorce and child-custody proceedings); *Thompson v. Romeo*, 728 F. App'x 796, 798 (10th Cir. 2018) (holding that the district court properly applied *Younger* abstention to dismiss claims arising from purportedly

unconstitutional orders entered in an ongoing state-court divorce and child-custody proceeding because the subject of domestic relations between a parent and child "belongs to the laws of the States[,] not the laws of the United States"); *Morkel v. Davis*, 513 F. App'x 724, 728 (10th Cir. 2013) (stating that the Tenth Circuit has "consistently applied *Younger* to child custody cases"); *Escalante v. Burmaster*, No. 23-3195-JWL, 2023 WL 5275117, at *3 (D. Kan. Aug. 16, 2023) (holding that *Younger* precluded the court from intervening in child custody proceedings, given that they are "an especially delicate subject of state policy"); *Balderama v. Bulman*, No. CIV 21-1037 JB/JFR, 2023 WL 2728148, at *10 (D.N.M. Mar. 31, 2023) (finding that the consensus among federal courts is that direct challenges to child custody and support orders, and related proceedings, fall into *Sprint Communications*' third category of exceptional cases). Here, too, given that Plaintiff's claims all stem directly from child custody proceedings in state court, the Court finds that this case falls within the third category of *Sprint Communications*, i.e., civil proceedings which involve certain orders uniquely in furtherance of the state courts' ability to perform their judicial functions.

This finding alone counsels strongly in favor of application of the *Younger* doctrine, but the Court also considers the three non-dispositive, additional factors mentioned above. First, the state court proceedings are ongoing. As of February 15, 2024, the Arapahoe County District Court Case No. 2020DR000079 remains open and active, with filings by that court on November 6, 2023 (entering the stay of proceedings); by the Colorado Supreme Court on December 19, 2023 (denying motions in Case No. 23SA47); by Petitioner Stacy Michelle Angel, i.e., Defendant Angel in this case, on January 18,

17

2024 (filing a motion for entry of default judgment for award of attorney fees); and by Respondent Jamus Oran Bryant, i.e., Plaintiff in this case, on February 8, 2024 (filing a "Verified Special Appearance - Motion to Dismiss").

Second, as the Court has discussed above, "the domestic-related proceedings at issue in this case implicate important state interests." *Gibson*, 2022 WL 2158986, at *6 (citing *Hunt v. Lamb*, 427 F.3d 725, 727 (10th Cir. 2005) ("It is well-established that federal courts lack jurisdiction over the whole subject of the domestic relations of husband and wife, and parent and child.")).

Third, in *Gibson*, the District Judge found that the Arapahoe County District Court provided an adequate forum to hear the federal claims that the plaintiff raised in his case. *See* 2022 WL 2158986, at *6. This is the same court in which the events underlying this lawsuit occurred. *See, e.g., Am. Compl.* [#49] ¶¶ 14-17. The Court notes that it does not matter whether Plaintiff has raised the issues underlying his claims here in the state court proceedings; the issue is whether he could have, and here there is no indication that he could not. *See Gibson*, 2022 WL 2158986, at *6; *see, e.g., Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1266 (D. Kan. 2008) ("Where a federal plaintiff has not attempted to present his federal claims in related state court [child custody] proceedings, 'a federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary.'" (quoting *Pennzoil Co.*, 481 U.S. at 15)).

In short, weighing the various considerations underlying *Younger* abstention, the Court finds that the doctrine applies. Accordingly, the Court **recommends** that the Motions [#67, #71] filed by the Jones Defendants and the State Defendants be **granted**

18

pursuant to the *Younger* doctrine.[12] *See Harrington v. Wilson*, 242 F. App'x 514, 516 (10th Cir. 2007) (affirming dismissal under *Younger* abstention but holding that such dismissal must be without prejudice).

**B.    The Federal Defendants**

The three Federal Defendants consist of the United States of America, Defendant Angel in her official capacity, and Defendant Townsend in his official capacity. *Motion* [#85] at 1. Plaintiff asserts three claims against them: (1) Claim 12: conspiracy to violate Plaintiff's Fourteenth Amendment rights under 42 U.S.C. § 1985(3), against unidentified "Air Force John Does,"[13] *Am. Compl.* [#49] ¶¶ 163-69; (2) Claim 37: violation of Plaintiff's Fourteenth Amendment rights based on the deprivation of his "fundamental rights to 'due process' and 'familial interest'" under 28 U.S.C. § 1331 by Defendant Angel in her official

---

[12] In addition to the Jones Defendants and the State Defendants, this ruling applies to the unserved Defendants: (1) Defendant Angelina Cordova, "a licensed child family investigator and owner of Defendant O.D.A.T. Counseling," who is alleged to be an "Officer of the Court" for the Arapahoe County District Court, *Am. Compl.* [#49] ¶ 21; (2) Defendant Stacy Michelle Angel, in her individual capacity only; (3) Defendant Daniel T. Townsend, in his individual capacity only; and (4) Defendant John Doe, who "is both a 'state actor' for and [']acting under the color of state law" for the Colorado Court of Appeals, in and for Denver Colorado," *id.* ¶ 24. Although it is unclear whether Plaintiff is suing unidentified "Air Force John Does," *see infra* § III.B., in their individual capacities, *Younger* would apply to them as well to the extent they are sued individually.

[13] Although the "Air Force John Does" are not listed in the heading of this claim, they are repeatedly mentioned in the body of this claim along with several individual Defendants as having violated Plaintiff's rights. Thus, the Federal Defendants construe this as an additional claim against the United States. *See Motion* [#85] at 3; *see, e.g.*, *Am. Compl.* [#49] ¶ 168 ("The aforementioned 'acts' and 'practices by, defendant McLean, Moschetti, Bursek, Angel, Townsend, and 'Air Force John Does,' demonstrate, a malicious, invidious animus religion [sic] to harm the Plaintiff, amounting to a violation of the Plaintiffs' constitutional rights to, 'equal protection,' and 'due process' of law, and ultimately, result in an unlawful deprivation of Plaintiffs fundamental right to 'court access,' all, protected by the [sic] 14th amendment of the U.S. Constitution and made cognizable under 42 U.S.C. § 1983."). The Court notes that the portion of this claim asserted against Defendants Angel and Townsend is in their individual capacities only. *Am. Compl.* [#49] at 73.

capacity, *id.* ¶¶ 311-34; and (3) Claim 38: violation of Plaintiff's Fourteenth Amendment rights under 28 U.S.C. § 2679(b)(1) by the United States Air Force, *id.* ¶¶ 335-53.[14]

## 1. Defendant Townsend

Plaintiff names Defendant Townsend in his official capacity in the list of Defendants. *See Am. Compl.* [#49] at 1; *see also id.* at 9 ¶ 27. However, as the Federal Defendants observe, Plaintiff has asserted no claims against Defendant Townsend in his official capacity. *Motion* [#85] at 4 n.2.

Accordingly, the Court **recommends** that the Motion [#85] be **granted in part** and that Defendant Townsend in his official capacity be **dismissed** from this lawsuit.

## 2. Claim 12: Conspiracy

Claim 12 is for conspiracy to violate Plaintiff's Fourteenth Amendment rights under 42 U.S.C. § 1985(3), against unidentified "Air Force John Does." *Am. Compl.* [#49] ¶¶ 163-69. "Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (citation omitted). Thus, to the extent the Air Force John Does are sued in their official capacities, the claim is asserted against the United States.

---

[14] The remainder of claims against Defendants Angel and Townsend are in their individual capacities only. Claim 12, conspiracy to violate Plaintiff's Fourteenth Amendment rights under 42 U.S.C. § 1985(3), is asserted against Defendants Angel and Townsend in their individual capacities only. *Am. Compl.* [#49] at 73. Claim 18, conspiracy to deprive Plaintiff of his Fourteenth Amendment rights to equal protection and due process in violation of 42 U.S.C. § 1985(3), is asserted against Defendant Angel in her individual capacity only. *Id.* at 87. Claim 21, conspiracy to deprive Plaintiff of his Fourteenth Amendment rights to equal protection and due process in violation of 42 U.S.C. § 1985(3), is asserted against Defendant Angel in her individual capacity only. *Id.* at 93. Claim 42, violation of Plaintiff's Fourteenth Amendment rights to due process in violation of "Colorado Const. Art. § 25 [or] in the alternative C.R.S. § 14-13-301 et seq.," is asserted against Defendant Angel in her individual capacity only. *Id.* at 145.

The United States has not waived its sovereign immunity for civil-rights conspiracy claims under 42 U.S.C. § 1985(3). *See, e.g.*, *Dry Creek Lodge, Inc. v. United States*, 515 F.2d 926, 930 (10th Cir. 1975) (affirming dismissal of § 1985 claim against the United States because it has not consented to suit); *Brown v. Fed. Bureau of Prisons*, No. 11-cv-03191-WYD-BNB, 2012 WL 6774822, at *9 (D. Colo. Dec. 7, 2012), *aff'd and adopted*, 2013 WL 66503 (D. Colo. Jan. 4, 2013) (holding that sovereign immunity bars § 1985 claims against the United States and its officers in their official capacities). Thus, Plaintiff's Claim 12 asserted under 42 U.S.C. § 1985(3) is barred for lack of subject matter jurisdiction under the doctrine of sovereign immunity as to the Air Force John Does.

Accordingly, the Court **recommends** that the Motion [#85] be **granted in part** and that Claim 12 against the Air Force John Does be **dismissed without prejudice** for lack of subject matter jurisdiction. *See, e.g.*, *Rural Water Sewer & Solid Waste Mgmt., Dist. No. 1, Logan Cnty., Okla. v. City of Guthrie*, 654 F.3d 1058, 1069 n.9 (10th Cir. 2011) ("[A] dismissal on sovereign immunity grounds . . . must be without prejudice.").

### 3. Claims 37 and 38: Constitutional Claims

The Court next addresses Claims 37 and 38 to the extent they are interpreted as constitutional claims.

#### a. Monetary Damages

"'The concept of sovereign immunity means that the United States cannot be sued without its consent,' and courts do not have subject matter jurisdiction over a claim against the United States unless sovereign immunity has been waived." *Askew v. United States*, No. 23-3046, 2024 WL 242858, at *3 (10th Cir. Jan. 23, 2024) (quoting *Iowa Tribe of Kan.*

& *Neb. v. Salazar*, 607 F.3d 1225, 1232 (10th Cir. 2010)) (internal quotation marks omitted). As is relevant here, "the law is clear that the United States has not waived immunity from suit for constitutional claims for damages." *Id.* Even to the extent Plaintiff may be attempting to frame his constitutional claims as claims under the Federal Tort Claims Act ("FTCA") claims, *see infra § III.B.4.*, the FTCA "does not waive the United States' sovereign immunity for constitutional tort claims." *Id.*

Accordingly, the Court **recommends** that Claims 37 and 38, to the extent asserted against the Federal Defendants for monetary damages, be **dismissed without prejudice** for lack of subject matter jurisdiction. *See, e.g.*, *Rural Water Sewer & Solid Waste Mgmt., Dist. No. 1, Logan Cnty., Okla.*, 654 F.3d at 1069 n.9.

### b. Declaratory Relief

Plaintiff appears to seek only retrospective declaratory relief. In the conclusion of his Second Amended Complaint [#49], he states that he wants the Court to "[e]nter an order declaring each defendant's conduct unconstitutional on all relevant claims." *See* [#49] at 148. In connection with Claim 37, he merely states that he seeks declaratory relief. *Id.* ¶ 332. In connection with Claim 38, he states the same. *Id.* ¶ 351. The Complaint contains no indication that Plaintiff seeks prospective declaratory relief; rather Plaintiff simply seeks a retrospective opinion that Defendants have wrongly harmed him, which is impermissible. *See Ashcroft v. Mattis*, 431 U.S. 171, 172 (1977) (holding that a claim for declaratory relief was moot where the "primary claim of a present interest in the controversy is that [the plaintiff] will obtain emotional satisfaction from [the] ruling"); *Green v. Branson*, 108 F.3d 1296, 1299 (10th Cir. 1997) ("This 'legal interest' must be more than

simply the satisfaction of a declaration that a person was wronged."). Sovereign immunity bars Plaintiff's request for retrospective declaratory relief against the Federal Defendants. *See, e.g.*, *Clark v. Garland*, No. 23-2170-JAR-RES, 2024 WL 167357, at **4, 9 (D. Kan. Jan. 16, 2024) (dismissing without prejudice the plaintiff's request for retrospective declaratory relief based on sovereign immunity).

Accordingly, the Court **recommends** that Claims 37 and 38, to the extent asserted against the Federal Defendants for declaratory relief, be **dismissed without prejudice** for lack of subject matter jurisdiction. *See, e.g.*, *Rural Water Sewer & Solid Waste Mgmt., Dist. No. 1, Logan Cnty., Okla.*, 654 F.3d at 1069 n.9.

### c.   Injunctive Relief

In the conclusion of his Second Amended Complaint [#49], Plaintiff states that he wants the Court to "[e]nter a preliminary and permanent injunction, restraining defendants . . . Angel, Townsend, and U.S. Air Force from continuing to violate Plaintiff's constitutional and statutory rights on all relevant claims." *See* [#49] at 148. In Claim 37, Plaintiff asks for "injunctive relief restraining defendant Angel from continuing to violate Plaintiff's constitutional right to 'familial interest' and statutory rights." *Id.* ¶ 332. In Claim 38, Plaintiff asks for "injunctive relief restraining defendant Angel from continuing to violate Plaintiff's constitutional and statutory rights." *Id.* ¶ 351.

The Tenth Circuit Court of Appeals has held that "injunctions simply requiring the defendant to obey the law are too vague." *Keys v. Sch. Dist. No. 1, Denver, Colo.*, 895 F.2d 659, 668 (10th Cir. 1990). This is because Fed. R. Civ. P. 65(d)(1) requires injunctions to "describe in reasonable detail . . . the act or acts to be restrained." *Monreal*

*v. Potter*, 367 F.3d 1224, 1236 (10th Cir. 2004). "Obey-the-law injunctions do not individuate, and so very often, they fail to effectively tell the defendant what he is supposed to do. There may be many ways to violate the law, and many ways to comply; what is a violation is often at the heart of the dispute." *Acosta v. Finishing Pros., LLC*, No. 18-cv-00978-RPM-NYW, 2018 WL 6603641, at *3 (D. Colo. Nov. 20, 2018) (quoting Douglas Laycock, *Modern Am. Remedies* 274 (4th ed. 2010)) (internal alteration omitted). "[C]ourts within this Circuit have denied requests for injunctive relief wherein the movant simply requests a court order directing compliance with the law[.]" *Sheldon v. Bureau of Prisons*, No. 23-cv-000273-NYW-SBP, 2024 WL 473534, at *3 (D. Colo. Feb. 7, 2024).

Accordingly, the Court **recommends** that Claims 37 and 38, to the extent asserted against the Federal Defendants for injunctive relief, be **dismissed without prejudice**. *See, e.g.*, *Reynoldson v. Shillinger*, 907 F.2d 124, 127 (10th Cir. 1990) (holding that a pro se litigant's claims should not be dismissed with prejudice unless "further investigation and development" would be unlikely to "raise substantial issues").

### 4.     Claim 37 and 38: Tort Claims

Under a liberal construction, both Claim 37 and Claim 38 may be asserted in whole or in part under the FTCA. *See Am. Compl.* [#49] at 125 ¶ 323 (potentially referencing a FTCA claim under Claim 37), 127 (citing 28 U.S.C. § 2679(b)(1) in connection with Claim 38), 128 ¶ 337 (potentially referencing FTCA claim under Claim 38); *see also Motion* [#85] at 4 (interpreting Plaintiff's Claims 37 and 38 as being asserted under the FTCA in whole or in part). The FTCA "waives aspects of the government's sovereign immunity for certain classes of torts," although this partial waiver does not include "certain types of decisions,

including decisions covered by the so-called discretionary function exception." *Knezovich v. United States*, 82 F.4th 931, 936 (10th Cir. 2023).

   **a.**  **Claim 37: Defendant Angel**

  Claim 37 asserts violation of Plaintiff's Fourteenth Amendment rights based on the deprivation of his "fundamental rights to 'due process' and 'familial interest'" under 28 U.S.C. § 1331 by Defendant Angel in her official capacity. *Am. Compl.* [#49] ¶¶ 311-34. To the extent this claim is construed as an FTCA claim, *see Motion* [#85] at 4, the claim is barred by 28 U.S.C. § 2679(b)(1), which permits *only* claims against the United States and not claims against its employees in their official capacities. *See, e.g.*, *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 n.4 (10th Cir. 2001) ("The United States is the only proper defendant in an FTCA action.") (citing *United States v. Smith*, 499 U.S. 160, 167 n.9 (1991)); *Curphey v. Wassell*, No. 21-cv-03433-LTB-GPG, 2022 WL 21808238, at *2 (D. Colo. Apr. 4, 2022) (dismissing official capacity FTCA claims asserted against individual defendants because the United States is the only proper defendant in an FTCA action).

  Accordingly, the Court **recommends** that Claim 37 be **dismissed with prejudice** to the extent asserted as an FTCA claim against Defendant Angel in her official capacity. *See, e.g.*, *Reynoldson*, 907 F.2d at 127 (10th Cir. 1990).

   **b.**  **Claim 38: The United States**

  Claim 38 appears to allege fraudulent conduct by the United States, acting through its Air Force personnel, in perpetrating a fraud on the state court through its court filings. *See, e.g.*, *Am. Compl.* [#49] ¶ 37. However, Plaintiff explicitly disclaims fraud or

misrepresentation as the basis for his FTCA claim;[15] rather, he states that it is based on negligence. *Response* [#89] at 21 ("The Plaintiff states notwithstanding the fact that the Plaintiff believes defendant Angel committed many acts of fraud, as it pertains to Plaintiffs cause of action #38, it cannot be disputed that the Plaintiff asked the Court to address defendant Angels' negligent and wrongful acts."[16]). *Id.*

The United States Supreme Court has stated that, "in the unique context of the FTCA, all elements of a meritorious claim are also jurisdictional." *Brownback v. King*, 592 U.S. __, __, 141 S. Ct. 740, 749 (2021). This means that "a plaintiff must plausibly allege all six FTCA elements not only to state a claim upon which relief can be granted but also for a court to have subject-matter jurisdiction over the claim." *Id.* Regarding the last element, as is at issue here, "a plaintiff must plausibly allege that 'the United States, if a private person, would be liable to the claimant' under state law both to survive a merits determination under Rule 12(b)(6) and to establish subject-matter jurisdiction." *Id.* (quoting 28 U.S.C. § 1346(b)(1)). Therefore, where a plaintiff's "tort claims fail[ ] to survive a Rule 12(b)(6) motion to dismiss, the United States necessarily retain[s] sovereign immunity, also depriving the court of subject-matter jurisdiction." *Id.* For the reasons stated below, the Court finds that Plaintiff has failed to allege the first element of a negligence claim under Colorado law, i.e., that there was a breach of a cognizable duty,

---

[15] The Court notes that the FTCA does not permit claims "arising out of. . . misrepresentation" or "deceit." 28 U.S.C. § 2680(h).

[16] Plaintiff cites no legal authority—and the Court is aware of none—demonstrating that a "wrongful act" is an independent, actionable tort claim under Colorado law, and the Court therefore does not further address it.

which thus deprives the Court of subject matter jurisdiction over this claim. *See Brownback*, 141 S. Ct. at 749 (2021).

The Federal Defendants assert that Plaintiff has not pointed to any state-law duty which they have violated, in support of a negligence claim under the FTCA. *Reply* [#92] at 9. Under Colorado state law, a negligence claim requires that "(1) the defendant owed a duty to the plaintiff, (2) the defendant breached that duty, and (3) the breach proximately caused the plaintiff's injury." *Ayala v. United States*, 49 F.3d 607, 611 (10th Cir. 1995). Here, the Court agrees that Plaintiff has not directed the Court's attention to any state-law duty that was owed to Plaintiff.

Plaintiff points to a federal law to seemingly provide a basis for his negligence claim, i.e., the Uniform Code of Military Justice ("UCMJ"), which he says essentially imposes a good Samaritan duty to investigate and/or prevent fraud by a servicemember. *Response* [#89] at 22-23. However, as Defendants point out, using this law as a basis for a negligence claim under state law fails for several reasons. *Reply* [#92] at 9-10. First, the UCMJ is federal law, not state law, as is required for a FTCA claim. *See United States v. Olson*, 546 U.S. 43, 44 (2005). Second, Plaintiff points to criminal, not civil, provisions of the UCMJ, provisions which define various offenses subject to court-martial. *See Response* [#89] at 22; 10 U.S.C. §§ 877-934. Third, the UCMJ explicitly disclaims a private cause of action. *See* 10 U.S.C. § 806b(d)(1). Fourth, to the extent Plaintiff's claim rests on a "Good Samaritan duty" or the "assumed duty doctrine," [17] Colorado law

---

[17] Under the "assumed duty doctrine," a "party assumes another's duty of care and may be subject to liability for breaching that duty when the party voluntarily undertakes to render a service." *P.W. v. Children's Hosp. Colo.*, 364 P.3d 891, 896 (Colo. 2016).

requires a negligence claim to demonstrate that the defendant "undertook to render a service that was reasonably calculated to prevent the type of harm that befell the plaintiff." *P.W. v. Children's Hosp. Colo.*, 364 P.3d 891, 897 (Colo. 2016). Here, Plaintiff has not cited any authority—and the Court has found none—showing that the provisions of the UCMJ are reasonably calculated to protect Plaintiff against the type of harm he alleges to have suffered. Fifth and finally, in Colorado, the "assumed duty," i.e., good Samaritan, doctrine is applied only in situations where physical harm was incurred, which is not alleged to have happened here. *See, e.g.*, *DeCaire v. Pub. Serv. Co.*, 479 P.2d 964, 967 (Colo. 1971) (holding that a defendant who voluntarily undertakes services for a third person may be liable to that person in certain circumstances "for physical harm resulting from his failure to exercise reasonable care"); *Cuevas v. United States*, No. 16-cv-00299-MSK-KMT, 2018 WL 1399910, at *10 (D. Colo. Mar. 19, 2018) (holding that "Colorado does not recognize the tort of negligence [in connection with mental or emotional suffering] in the absence of an actual physical injury to the plaintiff."). Thus, the Court finds that it lacks subject matter jurisdiction over Plaintiff's FTCA claim.

Accordingly, the Court **recommends** that this Claim 38, to the extent interpreted as an FTCA claim, should be **dismissed without prejudice** as to Defendant United States of America. *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is incapable of reaching a disposition on the merits of the underlying claims.").

## IV. Conclusion

Based on the foregoing,

IT IS HEREBY **RECOMMENDED** that the Motions [#67, #71, #85] be **GRANTED**; that Claim 37 be **DISMISSED with prejudice** to the extent asserted as an FTCA claim against Defendant Angel in her official capacity; and that the remainder of Plaintiff's claims against all Defendants be **DISMISSED without prejudice**.

IT IS FURTHER **ORDERED** that any party may file objections **within 14 days** of service of this Recommendation. In relevant part, Fed. R. Civ. P. 72(b)(2) provides that, "within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). The objection must be "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute." *Id.* "[A] party who fails to make a timely objection to the magistrate judge's findings and recommendations waives appellate review of both factual and legal questions." *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005).

Dated: February 27, 2024

BY THE COURT:

Kathryn A. Starnella
United States Magistrate Judge