**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang**

Civil Action No. 23-cv-00997-NYW-KAS

JAMUS ORAN BRYANT,

Plaintiff,

v.

BONNIE HEATHER MCLEAN, in her official and individual capacities,
CHRISTINA APOSTOLI, in her official and individual capacities,
FRANK ANTHONY MOSCHETTI, in his official and individual capacities.
JONES LAW FIRM, P.C.,
APRIL JONES, in her individual capacity,
GRANT BURSEK, in his official and individual capacities,
ANGELINA CORDOVA,
THE STATE OF COLORADO,
UNITED STATES OF AMERICA,
STACY MICHELLE ANGEL, in her official and individual capacity,
DANIEL T. TOWNSEND, in his official and individual capacities,
GILBERT M. ROMAN, in his official and individual capacities, and
JOHN DOE, in his official and individual capacities,

Defendants.

---

**ORDER ON MAGISTRATE JUDGE'S RECOMMENDATION**

---

This matter is before the Court on the following:

(1)    The Recommendation of United States Magistrate Judge issued by the Honorable Kathryn A. Starnella on February 27, 2024, [Doc. 115]; and

(2)    Plaintiff's Objections to Judge Starnella's February 14, 2024 Minute Order, [Doc. 116].

In her Recommendation, Judge Starnella recommends that three pending Motions to Dismiss, *see* [Doc. 67; Doc. 71; Doc. 85], be granted and that Plaintiff's claims be dismissed.  *See* [Doc. 115 at 2].  Plaintiff Jamus Oran Bryant ("Plaintiff" or "Mr. Bryant")

has filed objections to the Recommendation.  [Doc. 118].  In addition, on February 14, 2024, Judge Starnella entered a Minute Order denying three motions filed by Plaintiff and granting Defendants' request to stay discovery.  *See* [Doc. 114].  Plaintiff has also filed objections to this Minute Order.  [Doc. 116].

The Court has reviewed Plaintiff's various objections and the related briefing.[1]  For the reasons set forth in this Order, Plaintiffs' objections are **OVERRULED** and the Recommendation is **ADOPTED in part**.

## LEGAL STANDARDS

### I.      Rule 72(b)

A district court may refer a dispositive motion to a magistrate judge for recommendation.  28 U.S.C. § 636(b)(1)(B).  The district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Such specific objections permit "the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute."  *Id.* at 1059 (quotation omitted).

---

[1] Plaintiff's objections to Judge Starnella's Recommendation were filed March 11, 2024, making any responses thereto due March 25, 2024.  *See* Fed. R. Civ. P. 72(b)(2) ("A party may respond to another party's objections within 14 days after being served with a copy.").  The Court finds that it may rule on Plaintiff's objections to the Recommendation without the benefit of responsive briefing by Defendants.

## II.      Rule 12(b)(1)

Federal courts are ones of limited jurisdiction and "possess only that power authorized by Constitution and statute . . . which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Federal Rule of Civil Procedure 12(b)(1) provides that a complaint may be dismissed for "lack of subject-matter jurisdiction."   Fed. R. Civ. P. 12(b)(1).   "Dismissal under Rule 12(b)(1) is not a judgment on the merits of the plaintiff's claim. Instead, it is a determination that the court lacks authority to adjudicate the matter." *Creek Red Nation, LLC v. Jeffco Midget Football Ass'n, Inc.*, 175 F. Supp. 3d 1290, 1293 (D. Colo. 2016) (citing *Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994)).

## III.      Rule 12(b)(6)

Under Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  In deciding a motion under Rule 12(b)(6), the Court must "accept as true all well-pleaded factual allegations . . . and view these allegations in the light most favorable to the plaintiff." *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010).   The plaintiff may not rely on mere labels or conclusions, "and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Rather, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted).

## IV.      Pro Se Filings

Because Plaintiff proceeds pro se, the Court affords his filings a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam).  But the Court

cannot and does not act as his advocate, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), and applies the same procedural rules and substantive law to Plaintiff as to represented parties, *see Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 n.3 (10th Cir. 2002); *Dodson v. Bd. of Cnty. Comm'rs*, 878 F. Supp. 2d 1227, 1236 (D. Colo. 2012).

## BACKGROUND

Judge Starnella provides a detailed recitation of the factual and procedural background of this case in her Recommendation, *see* [Doc. 115 at 3–9], and the Court incorporates that discussion here.   In this federal case, Plaintiff alleges that his constitutional rights were and are being violated in the course of state court custody proceedings concerning Plaintiff's minor child, *In re J.O.B.*, Arapahoe County District Court Case No. 2020DR79.   *See, e.g.*, [Doc. 49 at ¶¶ 28–40].   He asserts 43 claims against 12 named Defendants,[2] who can be divided into three groups.   The "Federal Defendants" consist of Defendant Stacy Michelle Angel, the mother of Plaintiff's child who also happens to be a member of the United States Air Force, in her official capacity only ("Defendant Angel"); Lieutenant Colonel Daniel T. Townsend, in his official capacity only; and the United States of America.   [*Id.* at ¶¶ 25–28].[3]   The "State Defendants" consist of 18th Judicial District Judge Bonnie McLean; Arapahoe County Magistrate Frank Moschetti; Arapahoe County Magistrate Christina Apostoli; Chief Judge of the Colorado Court of Appeals, Gilbert Román; and the State of Colorado.   [*Id.* at ¶¶ 15–17, 22–23];

---

[2] Plaintiffs also names a John Doe defendant in his Second Amended Complaint.   *See* [Doc. 49 at 1]; *see also, e.g.*, [*id.* at 141 (naming "defendant John Doe of the Colorado Court of Appeals" as a defendant in Claim 41)].   John Doe has not been identified or served and is not addressed in this Order.

[3] Counsel for the Federal Defendants represents Defendants Angel and Townsend in their official capacities only.   *See* [Doc. 85 at 1].

*see also* [Doc. 71 at 2].[4]  Finally, the "Jones Defendants" consist of the Jones Law Firm, P.C., which represented the child's mother in the underlying custody proceedings, as well as attorneys April Jones ("Ms. Jones") and Grant Bursek ("Mr. Bursek").  [Doc. 49 at ¶¶ 18–20, 356].[5]

Each of the three groups of Defendants filed Motions to Dismiss in this case.  *See* [Doc. 67 (the "Jones Defendants' Motion to Dismiss'); Doc. 71 (the "State Defendants' Motion to Dismiss"); Doc. 85 (the "Federal Defendants' Motion to Dismiss")].  These Motions were referred to Judge Starnella for recommendation, *see* [Doc. 69; Doc. 72; Doc. 86], and on February 27, 2024, Judge Starnella recommended that all three Motions be granted, [Doc. 115 at 29].  Mr. Bryant has filed objections to the Recommendation, *see* [Doc. 118], which this Court discusses below.

---

[4] The body of the Second Amended Complaint also lists "18th Judicial Court, in and for Arapahoe County, Colorado" as a separate defendant in this case.  *See* [Doc. 49 at ¶ 14].  However, the 18th Judicial District is not named in the caption of the Second Amended Complaint, *see* [*id*. at 1], or in any of Plaintiff's 43 claims, *see* [*id*. at ¶¶ 73–400].  Because the 18th Judicial District is not included in the case caption, as required by Rule 10, *see* Fed. R. Civ. P. 10(a), and because there are no express claims against the 18th Judicial District, the Court does not construe the Second Amended Complaint as naming this entity as a defendant.

[5] Plaintiff has also named a person named Angelina Cordova, "a licensed child family investigator, and owner of Defendant O.D.A.T. Counseling," as a defendant in this matter.  [Doc. 49 at ¶ 21].  As an aside, the Court notes that "O.D.A.T. Counseling" is not named as a defendant in this matter and for the reasons explained *supra* note 4, the Court does not address this entity.  It does not appear that Defendant Cordova has not been served in this matter, and she has thus not filed a response to the Second Amended Complaint.

**ANALYSIS**

I.     **The Recommendation**

       A.     **Claims Against the Federal Defendants**

Judge Starnella identified three claims against the Federal Defendants:  Claim 12, a Fourteenth Amendment conspiracy claim which Judge Starnella construed as against the United States based on the related allegations' references to "Air Force John Does," *see* [Doc. 115 at 19 & n.13]; Claim 37, a Fourteenth Amendment substantive due process claim against Defendant Angel in her official capacity; and Claim 38, a Fourteenth Amendment claim against the United States.[6]  [Doc. 49 at ¶¶ 163–69, 311–53].

Judge Starnella first notes that Plaintiff has not asserted any actual claims against Defendant Townsend in his official capacity, *see generally* [Doc. 49], and recommends that Defendant Townsend, in his official capacity, be dismissed from this lawsuit, [Doc. 115 at 20].  Judge Starnella also recommends that Claim 12, which she construed as asserted against the United States, be dismissed without prejudice because the United States has not waived its sovereign immunity against civil rights conspiracy claims, such that this Court lacks subject matter jurisdiction over Claim 12.  [*Id.* at 20–21]; *see also Rural Water Sewer & Solid Waste Mgmt. v. City of Guthrie*, 654 F.3d 1058, 1069 n.9 (10th Cir. 2011) ("[A] dismissal on sovereign immunity grounds . . . must be without prejudice.").  Next, Judge Starnella recommends that Claims 37 and 38, to the extent they can be categorized as constitutional claims, be dismissed without prejudice because some of the

---

[6] Claim 38 actually names the United States Air Force, *see* [Doc. 45 at 127], which is not a named defendant in this action, *see* [*id.* at 1–3].  The Court thus construes this claim as asserted against the United States; Judge Starnella did the same, *see* [Doc. 115 at 25], and Plaintiff raised no objection to this construction, *see generally* [Doc. 118].

types of relief Plaintiff seeks—monetary damages and retrospective declaratory relief—are not available, [Doc. 115 at 21–23], and because Plaintiff's request for injunctive relief—simply requesting a Court order restraining the Federal Defendants from "continuing to violate Plaintiff's constitutional and statutory rights," *see* [Doc. 49 at 148], is too vague of a request, [Doc. 115 at 23–24]; *see also Shook v. Bd. of Cnty. Commissioners of Cnty. of El Paso*, 543 F.3d 597, 604 (10th Cir. 2008) ("[I]njunctions simply requiring the defendant to obey the law are too vague to satisfy Rule 65." (quotation omitted)).   Finally, to the extent Claims 37 and 38 could be construed as Federal Tort Claims Act ("FTCA") claims, Judge Starnella recommends that Claim 37 against Defendant Angel be dismissed with prejudice because 28 U.S.C. § 2679(b)(1) permits claims only against the United States, not against federal employees.  [Doc. 115 at 25].   Judge Starnella also recommends that Claim 38, asserted against the United States, be dismissed without prejudice for failure to plausibly allege FTCA liability (such that the United States retains sovereign immunity against this claim).  [*Id.* at 25–28].

Plaintiff does not raise specific objections to Judge Starnella's substantive conclusions.   *See generally* [Doc. 118].   At best, he asserts in a footnote that the "recommendation of dismissal of cause of action #12 constitutes clear error" because although "Plaintiff has implicated Air Force John Doe involvement [sic], Plaintiff did not formally named [sic], nor state any capacity, against Air Force John Doe as defendants in his 2nd amended complaint."  [*Id.* at 2 n.1].  It was not error for Judge Starnella to, in an abundance of caution, liberally construe Claim 12 as against the United States, *see Haines*, 404 U.S. at 520–21, but this Court will accept Plaintiff's representation that Claim 12 is not asserted against the United States.

Plaintiff further asserts that "dismissal against John Doe should not automatically trigger dismissal against defendants 'Defendants Moschetti, Bursek, Angel, and Townsend (in personal capacities),' nor has the magistrate [judge] provided any valid legal grounds for such dismissal."   [Doc. 118 at 2 n.1].   However, the Court does not construe the Recommendation as recommending dismissal of Claim 12 against these Defendants in their individual capacities.   In fact, Judge Starnella made clear that her references to the "Federal Defendants" included Defendants Angel and Townsend in their official capacities only, *see* [Doc. 115 at 19], and she did not address the claims raised against these Defendants in their individual capacities (including Claim 12), as these Defendants have not moved for dismissal in their individual capacities, *see* [*id.* at 20 n.14]. And in any event, Plaintiff's conclusory assertion that there are no "valid legal grounds" fails to identify any specific error in Judge Starnella's analysis on the claims against the Federal Defendants. *See Strepka v. Sailors*, 494 F. Supp. 2d 1209, 1230 (D. Colo. 2007) ("A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review."); *Jones v. United States*, No. 22-cv-02854-PAB-MDB, 2024 WL 358098, at *3 (D. Colo. Jan. 31, 2024) (concluding that an objection that "dispute[d] only the correctness of the recommendation" but did not "point to specific errors made by" the magistrate judge was insufficient).   In sum, Mr. Bryant has not raised an objection that is sufficient to trigger de novo review of this portion of the Recommendation.

In the absence of a timely and specific objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate.   *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474

U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a [magistrate judge's] factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.").

The Court has reviewed the Recommendation with respect to the claims against the Federal Defendants to satisfy itself that there is "no clear error on the face of the record."[7]  Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment.  Based on this review, the Court has concluded that this portion of the Recommendation is thorough, well-reasoned, and a correct application of the facts and the law.  Accordingly, this portion of the Recommendation is **ADOPTED**.  The Federal Defendants' Motion to Dismiss [Doc. 85] is **GRANTED**.   All claims against the Federal Defendants are **DISMISSED without prejudice**, except that Claim 37 is **DISMISSED <u>with</u> prejudice** to the extent it asserts an FTCA claim against Defendant Angel in her official capacity.

### B.    Claims Against the Jones Defendants and the State Defendants

As to Plaintiff's claims against the Jones Defendants and the State Defendants, Judge Starnella concluded that all of these claims are barred by the *Younger* abstention doctrine.  [Doc. 115 at 11–19].  For this reason, Judge Starnella recommends that the claims against the Jones Defendants and the State Defendants be dismissed without prejudice.  [*Id.* at 18–19].

#### 1.    *Younger* Abstention

While federal courts have a "virtually unflagging obligation" to exercise the jurisdiction given to them, *Colo. River Water Conservation Dist. v. United States*, 424 U.S.

---

[7] This standard of review is something less than a "clearly erroneous or . . . contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review. Fed. R. Civ. P. 72(b).

800, 817 (1976), the *Younger* abstention doctrine dictates that "a federal court must abstain from deciding a case otherwise within the scope of its jurisdiction in certain instances in which the prospect of undue interference with state proceedings counsels against federal relief," *Graff v. Aberdeen Enters., II, Inc.*, 65 F.4th 500, 522 (10th Cir. 2023) (cleaned up).

The Supreme Court has narrowed the application of the *Younger* doctrine to "three categories of state cases: (1) 'state criminal prosecutions,' (2) 'civil enforcement proceedings,' and (3) 'civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions.'" *Elna Sefcovic, LLC v. TEP Rocky Mountain, LLC*, 953 F.3d 660, 670 (10th Cir. 2020) (quoting *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 73 (2013)).  To decide whether *Younger* abstention is appropriate, courts consider whether the federal proceedings would "(1) interfere with an ongoing state judicial proceeding (2) that implicates important state interests and (3) that affords an adequate opportunity to raise the federal claims."  *J.B. ex rel. Hart v. Valdez*, 186 F.3d 1280, 1291 (10th Cir. 1999); *see also Sprint Commc'ns*, 571 U.S. at 81 (explaining that these three considerations are "not dispositive" but are instead "*additional* factors appropriately considered by the federal court before invoking *Younger*").

There are a limited number of exceptions to the *Younger* doctrine.  For example, *Younger* abstention does not apply if the Court "properly finds that the state proceeding is motivated by a desire to harass or is conducted in bad faith."  *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 611 (1975) (quotation omitted).  A plaintiff wishing to invoke the bad faith *Younger* exception bears a "heavy burden of proof," *Phelps v. Hamilton*, 59 F.3d 1058,

1066 (10th Cir. 1995) ("*Phelps I*"), and must "set[] forth more than mere allegations of bad faith or harassment," *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997) ("*Phelps II*"). "[T]he exceptions to *Younger* only provide for a 'very narrow gate for federal intervention.'" *Phelps I*, 59 F.3d at 1064 (quoting *Arkebauer v. Kiley*, 985 F.2d 1351, 1358 (7th Cir. 1993)).

### 2. Plaintiff's Objections

Plaintiff raises a few objections to Judge Starnella's application of the *Younger* abstention doctrine.  Mr. Bryant first argues that the Court need not abstain under *Younger* because his claims in this federal case do not stem directly from state court proceedings.  [Doc. 118 at 4–5].  He then attacks each of the three considerations relevant to *Younger* abstention and argues that none of them are satisfied here because there are no "ongoing" state court proceedings, [*id.* at 5–6], because the state court proceedings do not implicate important state interests, [*id.* at 6–8], and because he would not have an adequate opportunity to raise his constitutional claims in state court, [*id.* at 8–9].  Finally, he argues that the bad faith exception to *Younger* abstention applies here.  [*Id.* at 2–4].[8]

***The Nature of Plaintiff's Claims.***  Plaintiff takes issue with Judge Starnella's conclusion that his claims against the State Defendants and the Jones Defendants stem

---

[8] Plaintiff often refers to Judge Starnella as the "magistrate" assigned to this case.  *See, e.g.*, [Doc. 118 at 2].  In the federal court system, magistrate judges are federal judges, and their proper title is "magistrate judge."  *See* Judicial Improvements Act of 1990, Pub. L. No. 101-650, § 321, 104 Stat. 5089 (1990) ("After the enactment of this Act, each United States magistrate . . . shall be known as a United States magistrate judge."); *see also Stanley v. Wayne Cnty.*, No. 4:18-cv-012185-LVP-APP, 2021 WL 2646199, at *1 n.1 (E.D. Mich. June 28, 2021) ("Referring to a magistrate judge as 'magistrate' is the equivalent of calling a district judge 'district,' a bankruptcy judge 'bankruptcy,' a circuit judge 'circuit.'").  Thus, Judge Starnella should be referred to as "magistrate judge," "Magistrate Judge Starnella," or "Judge Starnella."

from his state court child custody proceedings.  *See* [Doc. 118 at 4]; *see also, e.g.*, [Doc. 115 at 15 (Judge Starnella stating that "Plaintiff's claims all stem from ongoing child custody proceedings in state court.")].  Plaintiff asserts that the fact that he disagrees with the state court's rulings does not automatically render *Younger* abstention applicable to his federal case.  [Doc. 118 at 4].  He insists that his claims stem not from the child custody proceedings, but from "a fraudulent procurement of personal and subject matter jurisdiction based upon lack service."  [*Id.*].

To determine whether *Younger* abstention applies, Judge Starnella discussed whether the underlying state proceedings fall within one of the three categories of cases discussed in *Sprint Communications*.  *See* [Doc. 115 at 15–17].  She recognized that cases adjudicating domestic matters, such as child custody or child support, are clearly within the category of cases that "are uniquely in furtherance of the state courts' ability to perform their judicial functions."  [*Id.* at 17].  And, she recognized, because Plaintiff's claims "all stem directly from child custody proceedings in state court," the underlying state court proceedings are of the type which might require *Younger* abstention.  [*Id.*].

Plaintiff's argument that his claims stem not from the underlying state proceedings but from the "fraudulent procurement of . . . jurisdiction" is without merit.  It is *in the underlying child custody proceedings* that Plaintiff claims jurisdiction was fraudulently procured.  *See, e.g.*, [Doc. 49 at ¶ 98].  *All* of his claims against the Jones Defendants and the State Defendants raise allegations about, and assert injuries arising out of, various acts in the state court proceedings.  *See generally* [*id.*].  Plaintiff's attempt to reframe these claims, which are clearly based on the state court proceedings, does not bar application of the *Younger* abstention doctrine.

Furthermore, Mr. Bryant contends that his claims of "fraudulent procurement" of jurisdiction "required the magistrate [judge] to inspect the state court record and find proof that service was perfected upon [Plaintiff], prior to, the magistrate [judge] proceeding on the merits of defendants [sic] *Younger* allegations," and "the magistrate [judge's] failure to determine whether service had been perfected upon Plaintiff prior to the state court proceeding in the state court case, effectively deprives Plaintiff of due process right to proof of service, which constitutes clear error." *See* [Doc. 118 at 5]. It is not entirely clear to the Court whether Mr. Bryant is attempting to identify an error in Judge Starnella's Recommendation or is describing an error made by Defendants Moschetti or Apostoli. But because he asserts that the magistrate judge should have assessed whether service was proper "prior to . . . proceeding on the merits of defendants [sic] *Younger* allegations," [*id.*], the Court assumes Plaintiff is arguing that Judge Starnella should have reviewed whether service on Plaintiff in the state court proceedings was proper prior to addressing other issues in her Recommendation. But it is not this Court's role (or Judge Starnella's role) to determine whether Plaintiff was properly served in a state court case in the context of the issues presented in this action.[9] To the extent Plaintiff sought to challenge service

---

[9] Plaintiff cites no authority for this proposition, and this Court respectfully disagrees with Plaintiff. Judge Starnella is permitted to take judicial notice of state court records, *see* Fed. R. Evid. 201; *St. Louis Baptist Temple v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979) (observing that "it has been held that federal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue"), without substantively considering the filings in that case. Indeed, when a court takes judicial notice of documents, it may do so only to "show their contents, not to prove the truth of the matters asserted therein." *Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006) (quotation omitted).

in the state court proceedings, his proper remedy would have been to seek relief in that forum.  Plaintiff's objections are respectfully **OVERRULED**.

    ***Ongoing Proceedings.***  Next, Plaintiff contends that Judge Starnella failed to consider "critical evidence" when she determined that the related state court proceedings are "ongoing."  [Doc. 118 at 5].  He argues that, "[b]ased upon the facts and evidence, a reasonable inference of conspiracy can be drawn that the state courts [sic] unlawful usurpation of jurisdiction appears to have been deliberately orchestrated to provide a false appearance to the federal court that 'state court proceedings are ongoing.'"  [*Id.* at 6].  However, Mr. Bryant does not identify any particular evidence that Judge Starnella purportedly failed to consider or meaningfully identify any particular error in Judge Starnella's analysis.  *See* [*id.* at 5–6].

    "[A] proceeding is considered to be pending if 'as of the filing of the federal complaint not all state appellate remedies have been exhausted.'"  *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1266 (D. Kan. 2008) (quoting *Mounkes v. Conklin*, 922 F. Supp. 1501, 1511 (D. Kan. 1996)); *see also Martinez v. Martinez*, No. 09-cv-00281-JB-LFG, 2010 WL 1608884, at *15 (D.N.M. Mar. 30, 2010) ("[A] state proceeding is 'pending' or 'ongoing' [for the purposes of *Younger* abstention] so long as the party has yet to exhaust state appellate remedies or the judgment has not yet been imposed.").  As Judge Starnella correctly recognized, the state court proceedings are still ongoing because "[a]s of February 15, 2024, the Arapahoe County District Court Case No. 2020DR000079 remains open and active."  [Doc. 115 at 17].  Plaintiff has not identified any error in this conclusion, and his objections are respectfully **OVERRULED**.

***Important State Interests.***   Plaintiff also raises a challenge with respect to whether the ongoing state proceedings implicate an important state interest.  He asserts:

> Plaintiff argues not a single defendant in this case set forth facts demonstrating how Plaintiffs [sic] fraudulent procurement of jurisdiction, denial of court access, and conspiracy allegation claims would interfere with defendant Angels [sic] Motion for Default judgement [sic] for money damages, nor has the magistrate [judge] entered any specific findings.
>
> Plaintiff argues the magistrate [judge] has failed to fully address whether the Motion for Default judgement [sic] implicates important state interest [sic] that warrant federal court abstention.

[Doc. 118 at 6–7].  He continues to contend that the state court lacks subject matter jurisdiction over his custody case and personal jurisdiction over him.  [*Id.* at 7].

In her Recommendation, Judge Starnella referenced a pending motion for default judgment filed in state court by Defendant Angel, *see* [Doc. 115 at 8, 17–18], and the Court assumes this is what Mr. Bryant references in his objections.  But Judge Starnella merely mentioned the pending motion for default judgment to support her conclusion that the state proceedings remain ongoing.  *See* [*id.*].  The relevant question in the *Younger* analysis is not whether singular, discrete aspects of the state court proceedings implicate state interests, but whether the state proceeding *as a whole* implicates state interests.  And the Tenth Circuit has instructed that "it is beyond dispute that [child custody] proceedings implicate important state interests."  *Wideman v. Colorado*, 242 F. App'x 611, 614 (10th Cir. 2007); *see also Hunt v. Lamb*, 427 F.3d 725, 727 (10th Cir. 2005) ("It is well-established that federal courts lack jurisdiction over the whole subject of the domestic relations of husband and wife, and parent and child.").  The Court finds no error in Judge Starnella's analysis, and these objections are respectfully **OVERRULED**.

***Opportunity to Raise Federal Claims in State Court.***  Plaintiff next argues that "*Younger* does not apply because Plaintiff would not have an adequate opportunity to argue numerous federal laws nor raise his constitutional claims in the state-court proceeding."  [Doc. 118 at 8 (capitals omitted)].  First, he notes that he raises a number of federal constitutional claims in this case, "all of which demonstrate a severe conflict of interest between Plaintiff and the State of Colorado," asserting that "state court proceedings will not provide adequate opportunity to litigate Plaintiffs [sic] complicated federal constitutional issues."  [*Id.*].  He also argues that he has been "denied . . . court access on his fraudulent procurement of jurisdiction claims at every level of the state judiciary."  [*Id.*].  For these reasons, he contends that the state court cannot provide him with an adequate forum to raise his constitutional arguments.  [*Id.* at 9].

Plaintiff's suggestion that the state court is not the proper forum to raise federal law issues is without merit.   "[S]tate courts are the proper forum for resolving federal issues which arise in those courts," *Marshall v. Dupree*, No. 08-cv-00561-LTB-KLM, 2008 WL 2751343, at *6 (D. Colo. July 11, 2008), and "it is beyond cavil that a state court *is* an adequate forum for the resolution of challenges to distinctly state prosecutorial or court procedures or processes," *Goings v. Sumner Cnty. Dist. Attorney's Off.*, 571 F. App'x 634, 638 (10th Cir. 2014); *see also Huffman*, 420 U.S. at 609 ("[W]e do not believe that a State's judicial system would be fairly accorded the opportunity to resolve federal issues arising in its courts if a federal district court were permitted to substitute itself for the State's appellate courts.").

As for whether Plaintiff has an adequate opportunity to raise those federal issues in state court, "[t]ypically, a plaintiff has an adequate opportunity to raise federal claims in

state court unless state law clearly bars the interposition of the federal statutory and constitutional claims." *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003) (cleaned up).  Although Plaintiff contends in his objections that he has been "denied . . . court access" on his federal claims in state court, *see* [Doc. 118 at 8], this cursory argument fails to demonstrate that Plaintiff has not had, or will not have, the opportunity to raise these issues in state court.  *See Aschenbrenner v. Ring*, No. 22-cv-02132-LTB-GPG, 2022 WL 21795927, at *3 (D. Colo. Nov. 16, 2022) (rejecting undeveloped argument that the plaintiff's attempts to raise issues in state court were "refused"), *report and recommendation adopted*, 2022 WL 21795923 (D. Colo. Dec. 15, 2022).  In fact, allegations in the Second Amended Complaint suggest that he raised at least some of his arguments in state court, but that the state court simply did not grant Plaintiff the relief he sought.  *See, e.g.*, [Doc. 49 at ¶ 52 (Plaintiff alleging that, "on May 25th, 2022, the Plaintiff file[d] an 'affidavit to dismiss', which went unanswered by the court"); *id.* at ¶ 221 ("[D]efendant McLean ignored the Plaintiff['s] lack of 'subject matter' jurisdiction challenge despite having a 'duty,' mandated by the U.S. Supreme Court to provide 'proof' of 'jurisdiction' from the record.")].  The fact that Plaintiff was denied the relief sought does not demonstrate a lack of an opportunity to raise his challenges in state court.  *See Andrew v. Plotz*, No. 20-cv-03240-LTB-GPG, 2020 WL 13832010, at *2 (D. Colo. Dec. 14, 2020) ("The fact that [the plaintiff's] claims [in state court] have not been successful does not demonstrate he lacks an adequate opportunity to present them."), *report and recommendation adopted*, WL 11664739 (D. Colo. Jan. 5, 2021).  For these reasons, Plaintiff's objections on this point are **OVERRULED**.

***Bad Faith Exception.***   Finally, Plaintiff argues that *Younger* abstention is not
applicable to his claims because his "claims allege fraud, irreparable harm, bad faith, an
invidious animus religion and Illustrate extraordinary circumstances, which require the
magistrate [judge] to analyze such claims independently of *Younger* and/or render
*Younger* abstention inapplicable." [Doc. 118 at 3].  He argues that Judge Starnella should
have made findings of fact "regarding the merits of [his] claims," and her failure to do so
requires the Court to reject her Recommendation.  [*Id.* at 4]; *see also* [*id.* at 2 (Plaintiff
invoking Rule 72(b) to argue that Judge Starnella should have made findings of fact)].

As a preliminary matter, it was not error for Judge Starnella to not make any
findings of fact in her Recommendation.  Although Rule 72 contemplates that a magistrate
judge may be empowered to issue findings of fact, *see* Fed. R. Civ. P. 72(b)(1) ("The
magistrate judge must enter a recommended disposition, including, if appropriate,
proposed findings of fact."), in almost all cases, it is the jury, not the judicial officer, that
is the appropriate factfinder.  This is particularly true in the context of a motion to dismiss,
which challenges only the sufficiency of the plaintiff's pleading.  *See New Mexico ex rel.
Balderas v. Tiny Lab Prods.*, 516 F. Supp. 3d 1293, 1302 (D.N.M. 2021) ("On a motion to
dismiss, it is not the job of the Court to find facts, but rather to determine whether the
Complaint is sufficient to state a claim.").  There was no occasion for Judge Starnella to
make proposed findings of fact in her Recommendation.

The remainder of Plaintiff's objection invokes the bad faith exception to *Younger*
abstention.  As mentioned above, "[t]he *Younger* abstention doctrine does not apply 'in
cases of proven harassment or prosecutions undertaken by state officials in bad faith
without hope of obtaining a valid conviction and perhaps in other extraordinary

circumstances where irreparable injury can be shown." *Amanatullah v. Colo. Bd. of Med. Examiners*, 187 F.3d 1160, 1165 (10th Cir. 1999).  In Plaintiff's response to the State Defendants' Motion to Dismiss, he asserted that

> facts in the complete state court record [and] demonstrated in Plaintiffs 2nd Amended complaint and Jones defendants appendix, demonstrate extraordinary circumstances and indisputably show the state court has ignored its duty to "prove jurisdiction" in the record and have refused to address Plaintiffs fraudulent procurement of jurisdiction claims, the facts show the state courts have taken extreme measures to conceal such facts from the record.  These facts demonstrate "bad faith, harassment, or other unusual circumstances that would call for equitable relief," and raise significant concern of state court corruption and the state courts ability to adjudicate the Plaintiffs claims fairly.

[Doc. 81 at 15 (sic)].  The State Defendants responded that Plaintiff "fail[s] to establish the presence of extraordinary circumstances barring the application of *Younger*" abstention.  [Doc. 84 at 5–6].[10]

The Court agrees with the State Defendants.  Plaintiff bears a "heavy burden" to overcome *Younger* abstention "by setting forth more than mere allegations of bad faith or harassment," *Phelps II*, 122 F.3d at 889 (quotation omitted), and the Court cannot conclude that Plaintiff has met that burden here.  Conclusory allegations of wrongdoing are insufficient to demonstrate bad faith.  *Wilson v. Morrissey*, 527 F. App'x 742, 744 (10th Cir. 2013).  Rather, Plaintiff must offer "sufficient evidence" demonstrating that the state court proceedings "were substantially motivated by a bad faith motive or were

---

[10] Plaintiff's response to the Jones Defendants' Motion to Dismiss does not clearly invoke the bad faith exception to *Younger* abstention.  *See generally* [Doc. 80].  Therefore, his arguments advocating for application of the bad faith exception to his claims against the Jones Defendants have been waived, and the Court does not address the exception with respect to the Jones Defendants.  *See United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.").

brought to harass." *Phelps I*, 59 F.3d at 1068.  Adverse judicial rulings do not demonstrate bad faith or harassing conduct.  As such, Plaintiff has not met his burden here, and his objections are **OVERRULED**.

*Stay of the Proceedings or Dismissal.*   Finally, Plaintiff requests a "stay of federal proceedings" if the Court finds that *Younger* abstention applies.  [Doc. 118 at 9]. Before Judge Starnella, Plaintiff advocated for a stay over a dismissal, asserting that "[t]he Sixth Circuit has held that when *Younger* abstention is proper and when the federal plaintiff is seeking damages, the district court should stay, not dismiss, the complaint." [Doc. 81 at 16].  Judge Starnella recommends that all of Plaintiffs' claims be dismissed. *See* [Doc. 115 at 29].

The Tenth Circuit has instructed that where *Younger* abstention applies, it is proper to dismiss claims for declaratory or injunctive relief without prejudice.  *See Chapman v. Barcus*, 372 F. App'x 899, 902 (10th Cir. 2010).  But where a plaintiff's claims seek money damages, the proper course of action is to stay those claims.  *Id.*; *see also D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004) ("The rationale for *Younger* abstention can be satisfied, however, by just staying proceedings on the federal damages claim until the state proceeding is final.").  Courts in this District thus elect to stay proceedings on federal claims for money damages pending the resolution of the state court case.  *See, e.g.*, *Robinson v. Gallegos*, No. 18-cv-00935-CMA-KLM, 2021 WL 5140296, at *6 (D. Colo. Nov. 4, 2021); *RMR Industrials, Inc. v. Garfield Cnty.*, No. 19-cv-01445-RBJ-GPG, 2019 WL 10250745, at *6 (D. Colo. Sept. 29, 2019), *report and recommendation adopted*, 2019 WL 10250744 (D. Colo. Nov. 29, 2019).

Plaintiff's Second Amended Complaint seeks, in addition to injunctive and declaratory relief, "compensatory and punitive damages against defendants on all claims allowed by law in an amount to be determined at trial."  [Doc. 49 at 148].  The Court finds a stay of the proceedings, but only with respect to the claims against the Jones Defendants and the State Defendants that seek money damages, is appropriate.  In sum, Plaintiff's objections are **OVERRULED** and the Recommendation is **ADOPTED in part**. Plaintiff's claims against the Jones Defendants and the State Defendants, to the extent they seek injunctive or declaratory relief, are **DISMISSED without prejudice**.  Plaintiff's claims against the Jones Defendants and the State Defendants, to the extent they seek money damages, are **STAYED** pending resolution of the state court proceedings.

## II.    The Minute Order

Plaintiff has also filed objections to a Minute Order issued by Judge Starnella on February 14, 2024.  *See* [Doc. 116].  In that Minute Order, Judge Starnella denied two motions filed by Plaintiff in which he sought to strike two reply briefs filed by Defendants, concluding that Defendants' replies did not raise new arguments that would require striking those briefs or permitting Plaintiff to file sur-replies.  *See* [Doc. 114 at 2].  Judge Starnella also denied Plaintiff's "Motion for Leave to Supplement 2nd Amended Complaint," wherein Plaintiff sought to supplement or amend his operative pleading, *see generally* [Doc. 101], reasoning that because none of Plaintiff's proposed amendments appeared to address the jurisdictional or abstention issues identified in the various Motions to Dismiss, it was in the interest of judicial economy and efficiency for Judge Starnella to first address the Motions to Dismiss.  [Doc. 114 at 1–2].  And finally, Judge

Starnella also granted Defendants' joint motion to stay discovery in this matter pending resolution of the Motions to Dismiss.  *See* [*id.* at 2].

### A.     Rule 72(a)

When a magistrate judge issues an order on a non-dispositive matter, "[a] party may serve and file objections to the order within 14 days after being served with a copy." Fed. R. Civ. P. 72(a).  "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.*  Under this standard of review, a magistrate judge's finding should not be rejected merely because the district court would have decided the matter differently.  *See Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985).  A district court must affirm a magistrate judge's decision unless "on the entire evidence," the district court "is left with the definite and firm conviction that a mistake has been committed."  *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quotation omitted).

### B.     Plaintiff's Objections

Plaintiff raises four objections to the February 14 Minute Order:  (1) after the case was reassigned to Judge Starnella following the retirement of former United States Magistrate Judge Kristen L. Mix, there was no order of reference entered specifically referring this case to Judge Starnella, [Doc. 116 at 5]; (2) Judge Starnella entered an order instead of a recommendation, [*id.* at 7]; (3) Judge Starnella's order fails to comply with Rule 58 because it does not contain a signature, [*id.* at 8]; and (4) Judge Starnella should not have granted a stay of discovery without first deciding "issues regarding jurisdiction," [*id.* at 9].  The Court addresses these arguments in turn.

***Order of Reference.***  This case was originally assigned to the Honorable Charlotte N. Sweeney and drawn to Judge Mix.  [Doc. 30].  Judge Sweeney subsequently referred this case to Judge Mix under 28 U.S.C. § 636(b)(1)(A)–(B) and Fed. R. Civ. P. 72(a)–(b) to, among other things, "hear and determine pretrial matters, including discovery and other non-dispositive motions, . . . and submit . . . and recommendations for rulings on dispositive motions."  [Doc. 31].  After Judge Mix retired and Judge Starnella was appointed as a United States Magistrate Judge, the case was reassigned to Judge Starnella in a referral capacity on August 7, 2023.  [Doc. 50].  Then, on October 17, 2023, Judge Sweeney recused herself from this case and the matter was reassigned to the undersigned United States District Judge.  [Doc. 90; Doc. 91].

Plaintiff argues that because there was no second order of reference entered after this case was reassigned to Judge Starnella, Judge Starnella had no statutory authority to enter her February 14 Minute Order and the Minute Order is thus "unconstitutional." [Doc. 116 at 5–7].  This argument is without merit.  "There is no requirement that the District Judge re-issue a[n] . . . order of referral[] when a case is reassigned to a different magistrate judge." *Yardi Sys., Inc. v. Prop. Sols. Int'l, Inc.*, No. 2:13-cv-07764-FMO-AGR, 2016 WL 11518612, at *5 (C.D. Cal. Nov. 1, 2016).  Civil cases are sometimes reassigned to a different district judge or magistrate judge due to a judge's recusal or retirement.  It is not this Court's practice to enter a second order of reference specifically naming that new magistrate judge; instead, the original order of reference continues on with full force and effect.  Indeed, Judge Sweeney's order of reference referred the case "to the assigned United States Magistrate Judge."  [Doc. 31].  After the case was reassigned to Judge Starnella, Judge Starnella was the assigned United States Magistrate Judge in this

case, and the original order of reference remained a valid order of reference.  Plaintiff's objections on this point are respectfully **OVERRULED**.

*Report and Recommendation.*  Next, Plaintiff argues that Judge Starnella should have issued a report and recommendation, not an order.  [Doc. 116 at 7].  He contends that because he did not consent to the jurisdiction of a magistrate judge, Judge Starnella lacked "final decision-making authority" and could only issue a recommendation, not a final order.  [*Id.* at 7-8].

However, Rule 72(a) specifically provides that when a non-dispositive motion is referred to a magistrate judge, "the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision."  Fed. R. Civ. P. 72(a) (emphasis added).  The February 14 Minute Order ruled on (1) two motions to strike; (2) a motion to stay discovery; and (3) a motion to amend or supplement the complaint.  Motions to strike and motions to stay discovery are non-dispositive motions. *See Witt v. Colorado*, No. 22-cv-02242-CNS-NRN, 2023 WL 345960, at *1 (D. Colo. Jan. 20, 2023); *PB Prop. Holdings, LLC v. Auto-Owners Ins. Co.*, No. 16-cv-01748-WJM-STV, 2017 WL 7726696, at *1 (D. Colo. Jan. 26, 2017); *see also Martinez v. Martinez*, No. 09-cv-00281-JB-LFG, 2013 WL 4446781, at *11 (D.N.M. July 13, 2013) (rejecting argument that magistrate judge could not enter order on motion to strike).  There was no error in Judge Starnella's decision to enter an order on those motions.

With respect to motions to amend, courts in this District typically consider these motions non-dispositive, "except where . . . the magistrate judge recommends that the motion for leave to amend be denied."  *Wilkins v. Palomino*, No. 20-cv-03495-PAB-STV, 2023 WL 6160736, at *2 (D. Colo. Sept. 21, 2023).  This is because the denial of a motion

to amend could theoretically preclude a party from bringing certain claims or defenses that are the subject of the motion to amend. *But see Fitzsimmons v. Routt Cnty.*, No. 22-cv-00834-DDD-GPG, 2023 WL 1934933, at *2 (D. Colo. Jan. 4, 2023) (finding denial of motion to amend, *without prejudice*, non-dispositive because it "[did] not remove any claim or defense from th[e] case"). Here, Plaintiff's motion to amend sought to add claims and defendants. *See generally* [Doc. 101]. With respect to the motion to amend, Judge Starnella's Minute Order could be considered dispositive because it denied the motion, *Wilkins*, 2023 WL 6160736, at *2, or it could be non-dispositive because the denial was without prejudice, *Fitzsimmons*, 2023 WL 1934933, at *2.

This Court need not decide whether the Minute Order as to Plaintiff's motion to amend is dispositive because it simply will review Judge Starnella's Recommendation as to the motion to amend de novo under Rule 72(b). After such de novo review, the Court finds no error in Judge Starnella's analysis. The Court explained above that Plaintiff's claims against the Jones Defendants and the State Defendants are subject to *Younger* abstention, and Plaintiff's claims against the Federal Defendants are not viable for lack of subject matter jurisdiction. Plaintiff's motion to amend did not purport to address any of these deficiencies. Accordingly, Plaintiff's objections are respectfully **OVERRULED**.

***Signature.*** Plaintiff also takes issue with the fact that the February 14 Minute Order does not have a signature[11] and does not "provide notice of final judgment," invoking Rule 58. [Doc. 116 at 8–9]. The provision from Rule 58 referenced by Plaintiff concerns the entry of a judgment by a clerk of court, not court orders. *See* Fed. R. Civ.

---

[11] The Court notes that the Minute Order states in conspicuous type that it is "entered by Magistrate Judge Kathryn A. Starnella," *see* [Doc. 114 at 1], which is consistent with the practices of the judges in this District.

P. 58(b)(1)(C) ("Subject to Rule 54(b) and unless the court orders otherwise, the clerk must, without awaiting the court's direction, promptly prepare, sign, and enter the judgment when . . . the court denies all relief."). Judge Starnella's Minute Order was not entered by the clerk of court, was not a judgment, and did not deny all relief. Plaintiff's objections are without merit and are respectfully **OVERRULED**.

*Jurisdictional Issues.* Finally, Plaintiff appears to take issue with Judge Starnella ruling on the motion to stay discovery before addressing "issues regarding jurisdiction." [Doc. 116 at 9]. While it is correct that a court must assure itself of its own subject matter jurisdiction before proceeding to the merits of a claim, *see Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002), a decision to stay discovery in a case does not touch on the merits of the proceedings. Rather, it requires a court to determine whether it makes sense to temporarily pause discovery in the matter pending a potentially dispositive determination on a motion, after considering the parties' interests in the case, the convenience to the court, non-party interests, and the public interest. *McGinn v. El Paso Cnty.*, 640 F. Supp. 3d 1070, 1074 (D. Colo. 2022). Judge Starnella, therefore, did not improperly rule on the merits of this case prior to a jurisdictional determination. Furthermore, Plaintiff's arguments about jurisdiction concern the *state court's* jurisdiction over the *state court* proceedings, not *this* Court's jurisdiction over *this federal* case. *See* [Doc. 116 at 10]. Plaintiff's objections are respectfully **OVERRULED**.

## CONCLUSION

For the above reasons, **IT IS ORDERED** that:

(1)    Plaintiffs [sic] Objection to Magistrate [sic] February 14th, 2024 Minute Order [Doc. 116] is **OVERRULED**;

(2)     Plaintiffs [sic] Objection to February 27th, 2024 Recommendation of United States Magistrate Judge [Doc. 118] is **OVERRULED**;

(3)     The Recommendation of United States Magistrate Judge [Doc. 115] is **ADOPTED in part**;

(4)     The Motion to Dismiss Pursuant to F.R.C.P. 12(b)(6) and F.R.C.P. 12(b)(1) [Doc. 67] is **GRANTED in part and DENIED in part**;

(5)     The Motion to Dismiss [Doc. 71] is **GRANTED in part and DENIED in part**;

(6)     The Motion to Dismiss the Second Amended Complaint [Doc. 85] is **GRANTED**;

(7)     Plaintiff's claims against the Jones Defendants and the State Defendants, to the extent they seek injunctive or declaratory relief, are **DISMISSED without prejudice**;

(8)     Plaintiff's claims against the Jones Defendants and the State Defendants, to the extent they seek monetary relief, are **STAYED**;

(9)     Plaintiff's claims against the Federal Defendants are **DISMISSED without prejudice**, except for Plaintiff's FTCA claim against Defendant Angel, which is **DISMISSED with prejudice**; and

(10)    This case is **ADMINISTRATIVELY CLOSED**[12] pending the resolution of the related state court action, subject to re-opening on motion from any Party for good cause shown, including but not limited to the resolution of all related state court actions.[13]

---

[12] The Local Rules provide that a court "may order the clerk to close a civil action administratively subject to reopening for good cause." D.C.COLO.LCivR 41.2. Administrative closure is "the practical equivalent of a stay," *Quinn v. CGR*, 828 F.2d 1463, 1465 n.2 (10th Cir. 1987), and is a way for the Court to manage its docket by "shelv[ing] pending, but dormant, cases" without a final adjudication, *Lehman v. Revolution Portfolio LLC*, 166 F.3d 389, 392 (1st Cir. 1999). Demonstrating good cause to reopen an administratively closed matter is not onerous; rather, "good cause to reopen a case exists where the parties wish to litigate the remaining issues that have become ripe for review." *Patterson v. Santini*, 631 F. App'x 531, 534 (10th Cir. 2015) (quotation omitted).

[13] Rule 4 of the Federal Rules of Civil Procedure sets out the various permissible methods of serving parties to a case. An individual may be served via delivery of the complaint and summons to (1) the individual to be served; (2) the residence of that individual, if the documents are left with a person over the age of 18 who resides there; or (3) the individual's agent. Fed. R. Civ. P. 4(e)(2). In the alternative, an individual may be served through means permitted by Colorado law. Fed. R. Civ. P. 4(e)(1). In addition to the

DATED:  March 20, 2024               BY THE COURT:

Nina Y. Wang
United States District Judge

---

methods permitted by federal law, Colorado law also permits personal service on an individual by delivering a copy of the complaint and summons to the individual's usual workplace, if the documents are left with person's supervisor, secretary, administrative assistant, bookkeeper, human resources representative or managing agent.  Colo. R. Civ. P. 4(e)(1).  It is not clear from the docket whether all of the remaining Defendants have been properly served in this case, but this Court defers consideration of the service issue until the re-opening of this case.